**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| RAYMING CHANG et al., | ) | |
| Plaintiff, | ) | |
| vs. | ) | Civil Action No. 1:02cv2010 (EGS) |
| UNITED STATES OF AMERICA et al., | ) | |
| | ) | Next Event: Status Hearing -- |
| Defendant. | ) | December 11, 2003 |

**CHANG PLAINTIFFS' MOTION FOR DISCOVERY AND TO STAY THE TIME FOR PLAINTIFFS' RESPONSE TO THE FEDERAL DEFENDANTS' MOTION FOR DISMISSAL OR SUMMARY JUDGMENT**

Jonathan Turley (D.C. Bar No. 417674)
2000 H Street, N.W.
Washington, D.C. 20052
(202) 994-7001

Daniel C. Schwartz (D.C. Bar No. 017749)
Scott M. Badami (D.C. Bar No. 435375)
Bryan Cave LLP
700 Thirteenth Street, N.W., Suite 700
Washington, D.C. 20005
(202) 508-6000

Counsel for the Chang Plaintiffs

TABLE OF CONTENTS

Table of Contents ..........i

Table of Authorities ..........ii

Chang Plaintiffs' Motion for Discovery and Motion to Stay the Time for Plaintiff's Response to the Federal Defendants' Motion for Dismissal or Summary Judgment .....iii

Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Discovery and Motion to Stay the Time for Plaintiffs' Response to the Federal Defendants' Motion for Dismissal or Summary Judgment ..........1

I. Summary ..........1

II. Introduction ..........2

III. Plaintiffs Are Entitled to Discovery Before Responding to either the Rule 12(b) or the Rule 56 Motion ..........3

IV. Discovery Would Expedite the Resolution of the Case ..........6

V. Conclusion ..........8

Order ..........9

Certificate of Service ..........11

Exhibit A "Declaration of Scott M. Badami" ..........12

# TABLE OF AUTHORITIES

**Cases**

Air Line Pilots Ass'n., Int'l v. Pension Benefit Guar. Corp., 193 F. Supp. 2d 209 (D.D.C. 2002) ....................................4

Althridge v. Iglesias, 141 F.3d 357 (D.C. Cir. 1998) ....................................6

Anderson v. Liberty Lobby, Inc. 477 U.S. 242 (1986) ....................................6

Celotex Corp. v. Catrett, 477 U.S. 317 (1986) ....................................4,5

Hicks v. United States, 382 F.2d 158, 161 (D.C. Cir. 1967) ....................................7

Marshall County Health Care Auth. v. Shalala, 988 F.2d 1221 (D.C. Cir. 1993) ..........4

Ruffin v. United States, 524 A.2d 685, 699 (D.C. 1987) ....................................7

Young v. Equifax Credit Info. Serv. Inc. , 294 F.3d 631 (5th Cir. 2002) ......................3

**Rules**

Fed. R. Civ. P. 12(b) .................................... passim

Fed. R. Civ. P. 56 .................................... passim

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| RAYMING CHANG et al., | ) | |
| Plaintiff, | ) | |
| vs. | ) | Civil Action No. 1:02cv2010 (EGS) |
| UNITED STATES OF AMERICA et al., | ) | |
| Defendant. | ) | Next Event: Status Hearing -- December 11, 2003 |

**CHANG PLAINTIFFS' MOTION FOR DISCOVERY AND MOTION TO STAY THE TIME FOR PLAINTIFFS' RESPONSE TO THE FEDERAL DEFENDANTS' MOTION FOR DISMISSAL OR SUMMARY JUDGMENT**

Pursuant to Federal Rules of Civil Procedure 12(b) and 56, plaintiffs RayMing Chang, et al.[1] (hereinafter "the Chang Plaintiffs") respectfully move this Court for discovery to respond to the Motion to Dismiss and, alternatively, the Motion for Summary Judgment, filed by the United States et al.[2] (hereinafter "the Federal Defendants"). The Chang Plaintiffs also move, with the consent of the Federal Defendants, for a stay of the time within which they must respond to the Federal Defendants' motion until the discovery issue is resolved. Both orders are needed to properly resolve allegations raised by the Federal Defendants.

Discovery is required to allow the Chang Plaintiffs to respond to the motion of the Federal Defendants. Since the Federal Defendants have chosen to move

[1] The designated "Chang Plaintiffs" are RayMing Chang, Amy Chastain, Young Choi, Meaghan Enright, LeAnne Lee, Elizabeth Young, and Christopher Zarconi pursuant to this Court's order of September 19, 2003, the Chang case (identified as Civil Action No. 02-0210) was consolidated with Jones v. District of Columbia, (Civil Action No. 02-2310).

[2] The federal defendants include the United States of America, the National Park Service, Richard Murphy, U.S. Park Police, and John or Jane Does 1-20.

for summary judgment and to rely on information outside of the Complaint, Federal Rule of Civil Procedure 56 contemplates a full opportunity for the adverse party to seek discovery. The Plaintiffs have been given no formal discovery in this case and have not been able to secure the documentary or depositional evidence necessary to establish what issues remain in dispute in the litigation.

With the consent of the Federal Defendants, the Chang Plaintiffs also request that the Court stay the time for a response to the motion of the Federal Defendants until the discovery issue is resolved.

Pursuant to Local Rule 7.1(m), Plaintiffs' counsel has conferred in good faith by telephone with Counsel for the Federal Defendants, who indicated their opposition to discovery and their consent to a stay pending resolution of the question of discovery. Counsel for Jones et al. could not be reached to confer on this motion.

Respectfully Submitted,

Jonathan Turley (D.C. Bar No. 417674)
2000 H Street, N.W. Washington, D.C. 20052
(202) 994-7001

Daniel C. Schwartz (D.C. Bar No. 017749)
Scott M. Badami (D.C. Bar No. 435375)
BRYAN CAVE LLP
700 Thirteenth Street, N.W., Suite 700
Washington, D.C. 20005
(202) 508-6000

Counsel for the Chang Plaintiffs

October 31, 2003

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| RAYMING CHANG et al., | ) | |
| Plaintiff, | ) | |
| vs. | ) | Civil Action No. 1:02cv2010 (EGS) |
| UNITED STATES OF AMERICA et al., | ) | |
| | ) | Next Event: Status Hearing -- |
| Defendant. | ) | December 11, 2003 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR DISCOVERY AND MOTION TO STAY THE TIME FOR PLAINTIFFS' RESPONSE TO THE FEDERAL DEFENDANTS' MOTION FOR DISMISSAL OR SUMMARY JUDGMENT**

Pursuant to Federal Rules 12(b) and 56, plaintiffs RayMing Chang et al. (hereinafter "Chang Plaintiffs")[1] respectfully submit this memorandum of points and authorities in support of their motion for discovery and with the consent of the Federal Defendants, for a stay of the time for Plaintiffs to respond to the Motion to Dismiss and, alternatively, the Motion for Summary Judgment, filed by the United States et al.[2] (hereinafter "Federal Defendants").

## I. Summary

In filing a motion for dismissal or, in the alternative, for summary judgment, the Federal Defendants rely on evidence outside of the complaint. This evidence includes, but is not limited to, a declaration of Richard Murphy, United States

[1] The designated "Chang Plaintiffs" are RayMing Chang, Amy Chastain, Young Choi, Meaghan Enright, LeAnne Lee, Elizabeth Young, and Christopher Zarconi pursuant to this Court's order of September 19, 2003, the Chang case (identified as Civil Action No. 02-0210) was consolidated with Jones v. District of Columbia, (Civil Action No. 02-2310).

Park Police. The Federal Rules of Civil Procedure contemplate an opportunity for the non-moving party to seek discovery in response to such a motion. Allowing discovery enables the non-moving party to identify facts in dispute and to establish why the moving party is not entitled to judgment as a matter of law. As stated in the attached declaration of the Chang Plaintiffs' Counsel, the Chang Plaintiffs have had no access to discovery other than the delayed release of reports related to the arrests. (See Ex. A "Declaration of Scott M. Badami.") Thus, the Chang Plaintiffs have not had an opportunity commensurate with that of the Federal Defendants to consider information beyond that contained in the Consolidated Complaint. (Id.) Absent such opportunity, the Federal Defendants would secure summary judgment based on their own unilateral declaration as to the facts in this case. In addition, discovery will expedite the case since, in establishing the basic facts in dispute, the parties could potentially resolve the case with the submission of cross-motions for summary judgment.

## II. Introduction

The Chang Plaintiffs are seven students at the George Washington University who filed suit to prevent the District Defendants from continuing to use "trap and arrest" procedures for the mass sweeping of observers, press, and innocent by-standers from the streets of Washington, D.C. during public protests or demonstrations. Additionally, the Chang Plaintiffs challenge the restraints placed on them and others following their detention during these "trap and arrest" procedures, as well as the unlawful coercion of those who were wrongfully arrested during the events of September 27-29, 2002. The District filed a separate Motion to Dismiss. Previously, the Federal

[2] The federal defendants include the United States of America, the National Park Service, Richard Murphy, U.S. Park Police, and John or Jane Does 1-20.

Defendants filed a Motion to Dismiss that relied on information outside of the pleadings. The Chang Plaintiffs sought discovery on the grounds that the reliance on such information constituted a conversion of the Motion to Dismiss into a Motion for Summary Judgment. The Federal Defendants opposed this motion and denied that a conversion occurred. Now, however, the Federal Defendants have formally moved for summary judgment, removing any question that they are proceeding under Federal Rule of Civil Procedure 56. In so moving, the Federal Defendants have triggered the discovery provisions of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). In consultation before the filing of the instant motion, counsel for the Federal Defendants opposed the motion for discovery but consented to a stay of the time for Plaintiffs to answer their motion until the discovery question was resolved. Thus, the instant motion for discovery is opposed; the instant motion for a stay is unopposed pending resolution of the question of discovery. The Chang Plaintiffs attempted but could not reach counsel for Jones et al. for conferral on this motion.

## III. The Chang Plaintiffs Are Entitled to Discovery Before Responding to Either the Rule 12(b) or the Rule 56 Motion.

The acknowledgment by the Federal Defendants that they are seeking summary judgment should remove any question of the Chang Plaintiffs' right to seek discovery before being required to answer a motion for summary judgment. Summary judgment is only proper "if, *after adequate opportunity for discovery*, the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Young v. Equifax Credit Info. Serv. Inc., 294 F.3d 631, 635 (5th Cir. 2002) (emphasis added).

To the extent that the Federal Defendants still claim a 12(b) motion, it was converted by their reliance on extrinsic evidence such as the Murphy declaration. Rule 12(b) states that if "matters outside the pleading are presented to, and not excluded by, the court the motion shall be treated as one for summary judgment and disposed of as provided for in Rule 56 . . . ." Fed. R. Civ. P. 12(b); Marshall County Health Care Auth. v. Shalala, 988 F.2d 1221, 1226 (D.C. Cir. 1993) (stating that "when a district court is not sitting as an appellate court and the district judge looks outside the complaint to factual matters, he or she must convert a motion to dismiss into a motion for summary judgment"). Such conversions are common when motions are made in the alternative with both Rule 12(b) and Rule 56 claims relying on evidence outside of the complaint. See, e.g., Air Line Pilots Ass'n., Int'l v. Pension Benefit Guar. Corp., 193 F. Supp. 2d 209, 215 (D.D.C. 2002) (holding that in light of alternative motion, "the course of action for a court, when materials outside the complaint are considered, is to convert the motion to dismiss to a motion for summary judgment"). In the instant motion, the Federal Defendants submitted evidence outside of the complaint as part of a unified motion raising both Rule 12(b) and Rule 56 claims. As such, the evidence outside of the Complaint has been introduced for the purpose of Rule 12(b) and serves as a conversion of that portion of the motion into a summary judgment motion. Thus, while the motion is offered in the alternative, the use of a unified motion for both purposes means that it must be construed as simply a motion for summary judgment.

In bringing a Rule 56 motion, discovery is essential for a ruling on the merits. Rule 56 requires the adverse party to present evidence to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56 (e). Celotex Corp. v.

Catrett, 477 U.S. 317, 324 (1986) ("Rule 56 of the Federal Rules of Civil Procedure requires that 'a nonmoving party go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts that there is a genuine issue for trial."). For this reason, Congress specifically allowed for the court to "order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Fed. R. Civ. P. 56 (f).

The arguments of the Federal Defendants show why such a rule is necessary for the fair administration of this case. The Federal Defendants rely throughout their filing on the declaration of Richard Murphy, presenting the unilateral assertions of this defendant as uncontested material facts. Obviously, absent discovery, the Chang Plaintiffs have no ability to contest such statements since they do not have access to the underlying material on which Mr. Murphy relied, nor do they have access to Mr. Murphy himself. Under the Federal Defendants' interpretation, the government is allowed to oppose discovery, submit a declaration as to the material facts in the case, and demand summary judgment on the basis of their own unilateral assertions. Such an interpretation would make a mockery of the process and turn the standard for summary judgment on its head. The Plaintiffs cannot be required under Rule 56 to "go beyond the pleadings" if they are denied the discovery necessary to do so. Celotex, 477 U.S. at 324.

Instead of viewing all facts in the light most favorable to the Chang Plaintiffs — the nonmoving party — the Federal Defendants would have this Court view any facts alleged by them — the moving party — as uncontested. This is obviously what Congress sought to avoid in drafting Rule 56 and its provision for discovery. Rule 56

presupposes a full opportunity for the nonmoving, or adverse, party to conduct discovery before the merits of a Summary Judgment Motion are reached. See Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 257 (1986) (holding that Rule 56 requires that the adverse party be given both notice and a full opportunity to conduct discovery); Althridge v. Iglesias, 141 F.3d 357, 362 (D.C. Cir. 1998) (reversing summary judgment decision due to the failure to give an adverse party "a full opportunity to conduct discovery"). The Chang Plaintiffs seek discovery to rebut the unilateral declarations of Mr. Murphy, and other evidence submitted in support of summary judgment.

**IV. Discovery Will Expedite the Resolution of this Case**

Granting discovery will facilitate efficient and orderly resolution of this case. There is a relatively modest amount of discovery to be made. Once completed, cross motions for summary judgment may be put before the Court, and the merits of this case can be resolved in a final order.

The Chang Plaintiffs believe that there is already considerable support for their claims in the Metropolitan Police Department's internal investigation report and the admissions made in court filings by both the District and Federal Defendants. (See Final Report Relative to Complaints of Alleged Misconduct Made at the October 24, 2002 Hearing of the Committee on the Judiciary of the Council of the District of Columbia Concerning the IMF/World Bank Protests, hereinafter "the Report".) With the opportunity to conduct standard discovery, the documentary and depositional evidence supporting these claims may be presented to this Court. Otherwise, the parties will be forced to litigate the question of summary judgment on a premature basis. There is no reason to compel written and oral argument before the facts have been established and

presented to this Court. On the basis of the Report alone, the allegations of unlawful practices in the arrests at Pershing Park have merit. According to the Report, Mr. Murphy confirmed that those present in Pershing Park on September 27, 2002 were not given a warning to disperse, nor were they granted the opportunity to leave. Despite his admitted knowledge of these deficiencies, Mr. Murphy also confirms that he proceeded to assist the District. It is uncontested that the Federal Defendants were involved in the counter-demonstration efforts at Pershing Park.

Even if the "limited partial static line" was the only role played by the Federal Defendants at Pershing Park, they still participated in what the Chang Plaintiffs contend were illegal arrests. Contrary to the argument of the Federal Defendants, the Chang Plaintiffs do not claim that they were first arrested when they were flexi-cuffed by the police. (See Chang Pls.' Consolidated Compl. ¶¶ 50-57, 62.) The Complaint alleges that the Chang Plaintiffs and many others were "under arrest," illegally and contrary to all pertinent regulations, when they were prohibited from leaving the Freedom Plaza/Pershing Park area by police lines including (the Federal Defendants admit) a "limited partial static line" formed by U.S. Park Police officers. See Hicks v. United States, 382 F.2d 158, 161 (D.C. Cir. 1967) (holding that the relevant inquiry is whether a reasonable person would believe that his detention constitutes an arrest); see also Ruffin v. United States, 524 A.2d 685, 699 (D.C. 1987) (holding that for the purposes of both the 4th and 5th Amendments, an arrest takes place when the police "have manifested to a suspect that he or she is not free to leave"). While the Federal Defendants insist that they played a minor or even reluctant role, it is clear that they played *some* role. The scope and significance of their involvement is a classic question of discovery. Discovery is also

needed to confirm the statements reportedly made by Mr. Murphy and others to the Office of Professional Responsibility.

Once in discovery, the parties should be able to agree to a series of basic stipulations that narrow the issues in dispute and further isolate the legal questions for the Court. Absent such discovery, the instant motion is little more than a "Hail Mary" play seeking to avoid the normal development of an evidentiary foundation for final judgment.

## V. **Conclusion**

For the foregoing reasons, the Chang Plaintiffs respectfully request that the Court grant discovery and stay the time to respond to the motion of the Federal Defendants for dismissal or summary judgment.

Respectfully submitted,

Jonathan Turley (D.C. Bar No. 417674)
2000 H Street, N.W.
Washington, D.C. 20052
(202) 994-7001

Daniel C. Schwartz (D.C. Bar No. 17749)
Scott M. Badami (D.C. Bar No. 435375)
Bryan Cave LLP
700 Thirteenth Street, N.W., Suite 700
Washington, D.C. 20005
(202) 508-6000

Counsel for the Chang Plaintiffs

Dated: October 31, 2003.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| RAYMING CHANG et al., | ) | |
| Plaintiff, | ) | |
| vs. | ) | Civil Action No. 1:02cv2010 (EGS) |
| UNITED STATES OF AMERICA et al., | ) | |
| | ) | Next Event: Status Hearing -- |
| Defendant. | ) | December 11, 2003 |

**ORDER**

Upon consideration of the Chang Plaintiffs' Motion for Discovery and to Stay the Time for the Chang Plaintiffs' Response to the Federal Defendants' Motion for Dismissal or Summary Judgment, the Federal Defendants' opposition, and the Chang Plaintiffs' Reply, it is hereby **ORDERED** that the Chang Plaintiffs' motion be, and hereby is, **GRANTED**.

______________________ ______________________________

Date

The Honorable Emmett G. Sullivan
United States District Judge

Copies to:

Scott M. Badami, Esq.
Bryan Cave LLP
700 Thirteenth Street, NW
Suite 700
Washington, D.C. 20005

Counsel for the Chang Plaintiffs

Laurie Weinstein, Esq.
Assistant United States Attorney
555 Fourth Street, NW
Tenth Floor
Washington, D.C. 20530

Counsel for the Federal Defendants

Brian C. Malone, Esq.
Mooers & Associates
1730 M Street, N.W.
Suite 905
Washington, D.C. 20036

Counsel for the Jones Plaintiffs

Thomas Koger, Esq.
Office of the Corporation Counsel
441 Fourth Street, N.W.
Sixth Floor
Washington, D.C. 20001

Counsel for the District Defendants

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Motion for Discovery and to Stay the Time for Plaintiffs' Response to the Federal Defendants' Motion for Dismissal or Summary Judgment and Memorandum of Points and Authorities were served, via electronic filing, this 31 day of October 2003 to:

Laurie Weinstein
Assistant United States Attorney
Office of the U.S. Attorney for the District of Columbia
555 4th Street, N.W., -- 10th Floor
Washington, D.C. 20530

Counsel for the Federal Defendants

Thomas Koger
Office of the Corporation Counsel
441 4th Street, N.W. – 6th Floor
Washington, D.C. 20001

Counsel for the District Defendants

Brian C. Malone
Mooers & Associates
1730 M Street, N.W.
Suite 905
Washington, D.C. 20036

Counsel for the Jones Plaintiffs

Scott M. Badami

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| RAYMING CHANG et al., | ) | |
| Plaintiff, | ) | |
| vs. | ) | Civil Action No. 1:02cv2010 (EGS) |
| UNITED STATES OF AMERICA et al., | ) | |
| | ) | Next Event: Status Hearing -- |
| Defendant. | ) | December 11, 2003 |

**DECLARATION OF SCOTT M. BADAMI**

I, Scott M. Badami, assert the following facts as true and correct to the best of my knowledge and belief.

1. I am a lawyer at Bryan Cave LLP, located at 700 13th Street, Washington, D.C. 20005, and I am one of the attorneys representing Plaintiffs RayMing Chang et al. (hereinafter "the Chang Plaintiffs").

2. The Chang Plaintiffs have filed a Consolidated Complaint in the above captioned case that includes factual accounts of the counter-demonstration efforts, arrests, and detentions by both the District and Federal governments.

3. The Chang Plaintiffs have access to eyewitness, photographic, and media accounts related to the protests. However, without discovery, the Chang Plaintiffs do not have access to information and witnesses under the control or employ of the District or Federal governments except for a recent limited release of internal reports from the District.

4. Specifically, without discovery, the Chang Plaintiffs have no access to the information or witnesses identified in the report of the Office of Professional Responsibility of the Civil Rights & Force Investigations Division of the Metropolitan Police Department.

5. The report and final decision of Chief of Police Charles Ramsey were only provided to the Chang Plaintiffs after months of delay and are not the product of either discovery or stipulations as to their authenticity or meaning vis-à-vis the District and Federal Defendants.

6. Without discovery, the Chang Plaintiffs also have no access to Richard Murphy of the United States Park Police or the documents that he relied upon for his declaration to this Court.

7. Given the absence of discovery, the Chang Plaintiffs currently have no ability to go outside of the Complaint to reach these witnesses and sources, as contemplated under Rule 56 of the Federal Rules of Civil Procedure.

8. As such, it is not reasonably possible for the Chang Plaintiffs to fully establish those facts in dispute with reference to the record in the case. Indeed, the record is currently limited to the initial filings, the Consolidated Complaint, early procedural filings, informal copies of internal police reports, and the unilateral factual assertions of the various defendants.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on October 31, 2003, in Washington, D.C.

10/31/03
Date

Scott M. Badami