# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMING CHANG, *et al.*, | : |
| Plaintiffs | : |
| v. | : No. 02 CV 2010 (EGS)(AK) |
| UNITED STATES, *et al.*, | : |
| Defendants. | : |

### RESPONSE OF OAG-REPRESENTED DEFENDANTS TO CHANG COUNSELS' MOTION TO WITHDRAW AS COUNSEL FOR SOME OF THEIR CLIENTS BASED UPON THEIR RECOGNITION OF A "POTENTIAL" CONFLICT OF INTEREST

In response to Chang Counsel's Motion To Withdraw As Counsel For Plaintiffs Amy Chastain, Elizabeth Young, and Meaghan Enright ("W/D Mot"), the OAG-Represented Defendants, by and through undersigned counsel, respectfully submit that it is both necessary and inadequate that they withdraw as counsel to these three Plaintiffs.

*Chang* Counsel represent that they seek leave to withdraw from representing Chastain, Young, and Enright because they have "recently become aware of the potential for conflicts of interest to arise if they continue to represent Mmes. Chastain, Young, and Enright," based upon the District's motion for declaratory judgment filed earlier today.  To the extent that a conflict of interests exists because the seven Plaintiffs must advance antagonistic positions in responding to the District's declaratory judgment motion, these circumstances reflect an unwaiveable conflict pursuant to D.C. Rule of Professional Conduct ("D.C. Rule") 1.7(a) requiring that Chang Counsel not further represent any party in this matter.  Such a conflict did not arise with the District's motion.  If that is the nature of conflict, it arose no later than October 7, 2005, when

*Chang* Counsel transmitted Chastain's and Young's written acceptances of Rule 68 Offers; advanced the "*Chang* Plaintiffs' position that the provision on the fee waiver in this (and prior offers) is legally invalid and unenforceable;" and filed a Notice Of Acceptance With Offer Of Judgment Pursuant to Rule 68 on behalf of Chastain and Young.  (*See* October 7, 2005 letter from Jacob Kramer, Esq. to Thomas Koger (Exh. 1) and ECF Docket Entries #190; #144.)

By filing the Chastain/Young Acceptance, like their May 5, 2005 of the Enright Acceptance, *Chang* Counsel represented that the Offers were valid and enforceable. [1]  That representation was contradicted by the position *Chang* Counsel advanced on behalf of *Chang* Plaintiffs through the October 7, 2005 letter.  The District believed that *Chang* Counsel had disclaimed the Offers' validity as a negotiating ploy.  (*See* Opposition Of Defendants Represented By The Office Of The Attorney General To Plaintiffs' Motion To Stay The Time For Plaintiffs' Responses To Motions For Summary Judgment Filed By The District And Defendants DiGirolamo, Harrison, And Smith, ECF Docket Entry # 213, at 17 n.2.)  Plaintiffs responded that "there was no conflict of interest in *Chang* Plaintiffs notifying the District that one of the provisions in the settlement (sic) is facially invalid and unenforceable."  (*See* Plaintiffs' Reply In Further Support Of Motion To Stay The Time For Plaintiffs' Responses To Motions For Summary Judgment Filed By The District And Defendants DiGirolamo, Harrison, And Smith, ECF Docket Entry # 215, at 11 n.5).  However, their motion for leave to withdraw seems to reflect that *Chang* Counsel recognize that the three clients' acceptances and the other four clients' rejections of the Offers' validity are in irreconcilable conflict.

---

[1]   This filing was followed by Enright's joint motion with the District.  The joint-movants asked this Court to retain jurisdiction to enforce the Offer Enright had accepted.  *Chang* Counsel now assert that terms of that Rule 68 offer and invalid and unenforceable.  In contrast the District has moved for declaratory judgment that the Chastain, Enright, and Young accepted Offers are fully enforceable.  (ECF Docket Entry # 263.)

Whether *Chang* Counsel have violated Rule 1.7, as they recognize they may have, may only be ascertainable by exploring the advice they provided their jointly-represented clients regarding the District's Rule 68 Offers. The Court has the authority to do so in performing its supervision of the counsel litigating before it. *Groper v. Taff*, 230 U.S. App. D.C. 358, 717 F.2d 1415, 1418 (D.C. Cir. 1983).

In any event, the seven plaintiffs should not be harmed by virtue of the possible misconduct of their attorneys. To the extent that an unwaiveable conflict exists, *Chang* Counsel may not represent any of the Plaintiffs. *Grivia v. Dawson*, 637 A.2d 830, 834 (D.C. 1994). *Chang* Counsel have finally acknowledged at least a potential conflict. If they are not precluded by Rule 1.7(a) from representing all Plaintiffs, they are required to demonstrate their compliance with Rule 1.7(c).

The OAG-Represented Defendants do not object to *Chang* Counsel's withdrawal, *per se*. However, they respectfully submit that the Court's should ascertain whether a Rule 1.7(a) conflict exists, and if not, whether Rules 1.7(b) and 1.7(c) permit *Chang* Counsels' continued representation of any of the Plaintiffs. This measure is necessary to protect Chastain, Enright, and Young, and the judicial process. *See Koller v. Richardson-Merrill, Inc.*, 737 F.2d 1038, 1050, 1053 (D.C. Cir. 1984) (disqualification appropriate where counsel's conduct tends to taint disposition on merits), *rev'd on other rounds by Richardson-Merrill v. Koller*, 472 U.S. 424 (1985)**.**

    Respectfully submitted,

    ROBERT J. SPAGNOLETTI
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division

       s:/ Richard S. Love
       RICHARD S. LOVE [340455
       Chief, Equity I

       s:/ Thomas L. Koger
       THOMAS L. KOGER [427921]
       Assistant Attorney General
       441 Fourth Street, NW, 6th Floor South
       Washington, DC 20001
       (202) 724-6610
       (202) 727-3625 (fax)
       E-mail:  Thomas.Koger@dg.gov

Attorneys for Defendants Bryan DiGirolamo, Andre Harrison, and Michael Smith, Assistant Chief Brian K. Jordan, Executive Assistant Chief Michael J. Fitzgerald, Chief Charles H. Ramsey in his Official Capacity, and the District of Columbia