**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| RAYMING CHANG et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action No. 1:02cv2010 (EGS) |
| ) | |
| UNITED STATES OF AMERICA ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

---

## REPLY IN FURTHER SUPPORT OF MOTION TO WITHDRAW

On April 4, 2006, the undersigned filed a Motion to Withdraw their appearances as counsel for Plaintiffs Amy Chastain, Elizabeth Young, and Meaghan Enright pursuant to Local Civil Rule 83.6(c).  It is clear from the Response of the OAG-Represented Defendants (Docket No. 266) that they do not object to the Motion to Withdraw.  Since the Federal Defendants and the Fairfax County Sheriff's Department[1] – the only defendants against whom Mmes. Chastain, Young and Enright continue to have claims in this litigation – also consent, the Motion to Withdraw should be granted.[2]

The OAG, however, goes on to raise a red herring issue, which is nothing more than tit-for-tat retribution for Plaintiffs' legitimate concerns about both the enforceability of provisions in

---

[1]    After the Motion to Withdraw was filed, the Fairfax County Sheriff's Department communicated its consent through counsel.

[2]    Assistant Chief Newsham takes no position on the Motion to Withdraw.

the Rule 68 offers of judgment and the OAG's unethical joint representation of clients despite clear conflicts of interest.

The belated objection from the OAG stems from the inclusion of a legally invalid provision in its earlier settlement offers.  On October 7, 2005, counsel for the *Chang* Plaintiffs transmitted a letter to the OAG, communicating that Mmes. Young and Chastain had accepted Rule 68 offers of judgment tendered by the District of Columbia (the "District").  *See* Exhibit 1 to Response of OAG-Represented Defendants (Docket No. 266).   In that letter, counsel articulated the *Chang* Plaintiffs' position on the legal effect of fee-waiver provisions contained in the offers of judgment.  *Id.*  There was no disagreement among any Plaintiffs that the Rule 68 settlements were binding as between the District and the three settling Plaintiffs.  All Plaintiffs also agreed (and communicated, through counsel, to the District) that the OAG had erred by drafting terms in those settlements that purport to affect the rights of Plaintiffs not bound by the settlement agreements.  As a matter of law, the OAG could not require the settling Plaintiffs to bind other Plaintiffs, nor could the settling Plaintiffs waive any rights or interests of other Plaintiffs in order to secure a settlement.  The OAG accepted and finalized the settlements despite the Plaintiffs' express reservation as to the invalid provision.  Indeed, it has been months since the acceptance of the settlements, and the OAG recently sought entry of judgment as to the settling Plaintiffs (Docket No. 262).

A potential for conflict between two groups of *Chang* Plaintiffs only arose because, after the Plaintiffs filed their Motion to Disqualify, the OAG stated that the District may "move to have these judgments vacated under Fed. R. Civ. P. 60(b)."  Letter from Koger to Turley, Schwartz, and Kramer at 4 (Mar. 3, 2006) (Exhibit A).  Counsel responded on behalf of the non-settling Plaintiffs, noting that the threat to vacate the settlements was frivolous.  *See, e.g.*,

*Laskowski v. Buhay*, 192 F.R.D. 480, 482-84 (M.D. Pa. 2000) (holding that letter explaining plaintiff's belief about the legal effect of an accepted Rule 68 offer did not justify vacating settlement under Rule 60, despite defense counsel's mistaken understanding of the legal effect of the settlement). Counsel further informed the defendants that counsel would move to withdraw from representation of the three settling Plaintiffs because of the potential for a conflict of interest. While the OAG understood that this motion was about to be filed, it elected to withhold its consent and then, on April 4, 2006, filed its Motion for Declaratory Judgment (Docket No. 263) before counsel could complete their withdrawal.

That motion was nothing more than a further attempt to manufacture a conflict between the two groups of *Chang* Plaintiffs before the Motion to Withdraw was granted. In a particularly vexatious move, the OAG's Motion for Declaratory Judgment went so far as to threaten massive financial sanctions in the form of indemnification from the settling Plaintiffs (Mmes. Chastain, Young, and Enright) if it is unable to enforce the terms of their settlements against the non-settling Plaintiffs.[3]

Plaintiffs' counsel has elected to avoid even the appearance or the possibility of a conflict of interest by filing its Motion to Withdraw. This was done out of an abundance of caution when it became clear that the OAG was intent on creating potential conflicts of interest by threatening financial sanctions against some, but not all, Plaintiffs. Despite the District's unfounded suggestion, there is no current, actual conflict of interest between the *Chang* Plaintiffs: the Motion for Declaratory Judgment is frivolous and vexatious, and, notably, there is no pending or actual effort either to vacate the judgment as to the settling Plaintiffs or to seek damages from

---

[3]     Because it would be inappropriate for Plaintiffs' counsel to represent both the settling and the non-settling Plaintiffs, Plaintiffs' counsel filed the present Motion to Withdraw. Plaintiffs have also filed a motion to extend the time in which to file a response to the Motion for Declaratory Judgment until thirty (30) days after the present Motion to Withdraw is decided (Docket No. 267).

them.[4/]  Threats of financial penalties against some, but not all Plaintiffs, however, are sufficient to force ethical lawyers to withdraw to avoid any potential conflict of interest – counsel must act to fulfill their obligations to protect the interests of both the settled and non-settling Plaintiffs.[5/]

Accordingly, the undersigned respectfully request that the Court grant them leave to withdraw from representing Mmes. Chastain, Young, and Enright.

Respectfully submitted,


_____/s/_____
Jonathan Turley (D.C. Bar No. 417674)
2000 H Street, N.W. Washington, D.C. 20052
(202) 994-7001


_____/s/_____
Daniel C. Schwartz (D.C. Bar No. 017749)
Jacob A. Kramer (D.C. Bar No. 494050)
Nikki A. Ott (D.C. Bar No. 495047)
David Alan Zetoony (D.C. Bar No. 486456)
Scott M. Badami (D.C. Bar No. 435375)
BRYAN CAVE LLP
700 Thirteenth Street, N.W., Suite 700
Washington, D.C. 20005
(202) 508-6000

Counsel for the *Chang* Plaintiffs

Dated: April 5, 2006

---

[4/]     Indeed, such an effort would only be ripe once the non-settling Plaintiffs are awarded attorney's fees.

[5/]     As explained in *Chang* Plaintiffs' pending Motion to Disqualify (Docket No. 234), this is precisely what the OAG should have done with respect to several of the clients the OAG continues to represent, including Defendant MPD Officers Digirolamo, Smith, and Harrison.

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2006 I caused copies of the foregoing Reply in Further Support of Motion to Withdraw to be served via electronic mail and first class mail, postage prepaid, upon the following:

Amy Chastain
709 Fillmore Street, Apt. 4
San Francisco, CA  94117

Elizabeth Young
542 Linden Street, No. 3
San Francisco, CA  94102

Meaghan Enright
5000-4A Enighed #217
St John, VI  00830

I further certify that on April 5, 2006, I caused copies of the foregoing Motion to Withdraw be served by electronic means, upon the following:

Counsel for the Federal Defendants

Marina Braswell
Assistant United States Attorney
Office of the U.S. Attorney
For the District of Columbia
555 4th Street, N.W., Room 10-413

Washington, D.C. 20530

Counsel for the District Defendants

Thomas Koger
Lori S. Parris
Office of the Corporation Counsel
441 4th Street, N.W. – 6th Floor
Washington, D.C. 20001

Counsel for Defendant Peter J. Newsham

Robert E. Deso, Esq.
1828 L Street, N.W., Suite 600
Washington, D.C. 20004

Counsel for Defendant Charles H. Ramsey

Mark H. Tuohey III
John M. Faust
Justin M. Shellaway
Vinson & Elkins LLP
The Willard Officer Building
1455 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-1008

Counsel for Defendant Fairfax County Sheriff's Department

Kevin J. O'Connell
Alex Francuzenko
O'Connell, O'Connell & Sarsfield
401 East Jefferson Street
Suite 204
Rockville, MD  20850

_____/s/_____
Jacob A. Kramer