UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMING CHANG, *et al.*, | : |
| Plaintiffs, | : |
| v. | : Civ. Action No. 02-02010 (EGS)(AK) |
| UNITED STATES OF AMERICA, *et al.*, | : |
| Defendants. | : |
| JEFFREY BARHAM, *et al.*, | : |
| Plaintiffs, | : |
| v. | : Civ. Action No. 02-02283 (EGS)(AK) |
| CHARLES RAMSEY, *et al.*, | : |
| Defendants | : |

**MOTION OF DEFENDANT DISTRICT OF COLUMBIA
FOR AN ORDER PROVIDING EXPUNGEMENT OF PLAINTIFFS' ARREST
RECORDS AND PRECLUDING DISTRICT DEFENDANTS FROM OPPOSING
PLAINTIFFS' MOTIONS FOR ORDERS PERMITTING PLAINTIFFS TO DENY
HAVING BEEN ARRESTED AND/OR FOR THE SEALING OF THEIR D.C.
<u>SUPERIOR COURT ARREST RECORDS</u>**

Defendants, District of Columbia ("District"), by and through counsel, respectfully move this Court for an order, pursuant to Fed. R. Civ. P. Rule 1 and the inherent powers of the Court, including the power to control and manage its docket, regarding the arrest records of persons arrested on September 27, 2002, in the context of mass demonstrations in Washington, D.C. (the "Arrestees"). The District seeks an order that provides the following relief:

(1)    the September 27, 2002 arrest records maintained by the District of Columbia

Executive Branch regarding any person arrested in an incident that is the

subject of *Chang v. United States*, Civ. Action No. 02-2010, and/or *Barham v. Ramsey*, Civ. Action No. 02-2283 (EGS)(AK) (collectively, the "Pershing Park Cases") are to be expunged within 10 days of the entry of this Order, except for copies of such records maintained by the litigants for the prosecution or defense of these two related cases and/or claims pursued by persons who may opt out of the *Barham* class;

(2) the District will employ best efforts to procure the expungement of the September 27, 2002 arrest records regarding any Pershing Park Case plaintiff in the possession of the United States Government (including, but not limited to, the Federal Bureau of Investigation) any state or local government, except for copies of such records maintained by the litigants for the prosecution of defense of these two related cases;

(3) the District will either (a) procure the expungement of or delivery to plaintiffs' counsel of all records in the possession of the United States Government (including, but not limited to, the Federal Bureau of Investigation) and any state and local government to the arrest on September 27, 2002 or resulting detention or charge of all plaintiffs; or (b) if the District is unable to procure this relief, inform, through counsel, such plaintiffs for whom such relief is not obtained in writing of the specific steps, and the results thereof, taken by the District to procure it;

(4) the District, Charles Ramsey, Michael Fitzgerald, Peter Newsham, Bryan DiGirolamo, Andre Harrison, and Michael Smith will not oppose a motion, pursuant to District of Columbia Superior Court Rule of Criminal Procedure

        Rule 118, seeking the sealing of the records pertaining to his or her arrest at Pershing Park on September 27, 2002 of any plaintiff;

(5)    the District of Columbia, Charles Ramsey, Michael Fitzgerald, Peter Newsham, Bryan DiGirolamo, Andre Harrison, and Michael Smith will not oppose any motion by any Pershing Park Case plaintiff to the United States District Court for the District of Columbia in these above-captioned cases seeking an order declaring his or her arrest at Pershing Park on September 27, 2002 to be a nullity and/or seeking an order allowing him or her to deny the occurrence of his or her arrest at Pershing Park on September 27, 2002, without being subject to any penalty of perjury, fraud or other offense premised upon misrepresentation or deception, in response to any query, whether posed orally or in writing; and

(6)    the copies of the September 27, 2002 arrest records maintained by the litigants for the prosecution of defense of these two related cases are to be expunged within ten days of the last of these events: entry of final judgment by this Court regarding all of plaintiffs' claims herein; disposition of all appeals; denial of any appeals or petitions for writ of *certiorari* to the Supreme Court of the United States, such final disposition of the claims of any plaintiff who may opt out of the *Barham* class.

In accordance with LCvR 7(m), counsel for the District has sought the consent of counsel for all parties to determine whether this motion will be opposed. Counsel for Charles Ramsey and Assistant Chief Peter Newsham have advised that the consent to the motion. Counsel for the

Fairfax County Sheriff's Department ("FCSD") will not oppose. As of this filing, the *Barham* Plaintiffs, the *Chang* plaintiffs, and the Federal Defendants had not provided positions..

For these reasons, and to facilitate the resolution of these cases, the District respectfully submits that this motion should be granted and the requested relief ordered.

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        s/ Ellen A. Efros
        ELLEN EFROS
        Chief, Equity Section I

        s/ Thomas L. Koger
        THOMAS L. KOGER [427921]
        Senior Assistant Attorney General

        s/ Chad Copeland
        CHAD COPELAND
        Assistant Attorney General
        Equity Section I
        441 Fourth Street, NW, Sixth Floor South
        Washington, D.C. 20001
        (202) 724-6610

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMING CHANG, *et al.*, | : |
| Plaintiffs, | : |
| v. | : Civ. Action No. 02-02010 (EGS)(AK) |
| UNITED STATES OF AMERICA, *et al.*, | : |
| Defendants. | : |
| JEFFREYBARHAM, *et al.*, | : |
| Plaintiffs, | : |
| vi. | : Civ. Action No. 02-02283 (EGS)(AK) |
| CHARLES RAMSEY, *et al.*, | : |
| Defendants | : |

**<u>ORDER</u>**

Upon due consideration of the Consent Motion Of Defendant District of Columbia For An Order Providing For Expungement Of Plaintiffs' Arrest Records And Precluding Defendants From Opposing Plaintiff's Motions For Orders Permitting Plaintiffs To Deny Having Been Arrested And/Or For The Sealing Of Their D.C. Superior Court Arrest Records, it is this _____ day of _____,

ORDERED that the motion is GRANTED: and it is further

ORDERED that:

(1) the September 27, 2002 arrest records maintained by the District of Columbia Executive Branch regarding any person arrested in an incident that is the subject

5

of *Chang v. United States*, Civ. Action No. 02-2010, and/or *Barham v. Ramsey*, Civ. Action No. 02-2283 (EGS)(AK) (collectively, the "Pershing Park Cases") are to be expunged within 10 days of the entry of this Order, except for copies of such records maintained by the litigants for the prosecution or defense of these two related cases and/or claims pursued by persons who may opt out of the *Barham* class;

(2) the District will employ best efforts to procure the expungement of the September 27, 2002 arrest records regarding any Pershing Park Case plaintiff in the possession of the United States Government (including, but not limited to, the Federal Bureau of Investigation) any state or local government, except for copies of such records maintained by the litigants for the prosecution of defense of these two related cases;

(3) the District will either (a) procure the expungement of or delivery to plaintiffs' counsel of all records in the possession of the United States Government (including, but not limited to, the Federal Bureau of Investigation) and any state and local government to the arrest on September 27, 2002 or resulting detention or charge of all plaintiffs; or (b) if the District is unable to procure this relief, inform, through counsel, such plaintiffs for whom such relief is not obtained in writing of the specific steps, and the results thereof, taken by the District to procure it;

(4) the District, Charles Ramsey, Michael Fitzgerald, Peter Newsham, Bryan DiGirolamo, Andre Harrison, and Michael Smith will not oppose a motion, pursuant to District of Columbia Superior Court Rule of Criminal Procedure Rule

118, seeking the sealing of the records pertaining to his or her arrest at Pershing Park on September 27, 2002 of any plaintiff;

(5) the District of Columbia, Charles Ramsey, Michael Fitzgerald, Peter Newsham, Bryan DiGirolamo, Andre Harrison, and Michael Smith will not oppose any motion by any Pershing Park Case plaintiff to the United States District Court for the District of Columbia in these above-captioned cases seeking an order declaring his or her arrest at Pershing Park on September 27, 2002 to be a nullity and/or seeking an order allowing him or her to deny the occurrence of his or her arrest at Pershing Park on September 27, 2002, without being subject to any penalty of perjury, fraud or other offense premised upon misrepresentation or deception, in response to any query, whether posed orally or in writing; and

(6) the copies of the September 27, 2002 arrest records maintained by the litigants for the prosecution of defense of these two related cases are to be expunged within ten days of the last of these events: entry of final judgment by this Court regarding all of plaintiffs' claims herein; disposition of all appeals; denial of any appeals or petitions for writ of *certiorari* to the Supreme Court of the United States, such final disposition of the claims of any plaintiff who may opt out of the *Barham* class.

                                                                           _____
                                                             EMMET G. SULLIVAN
                                                             United States District Judge

<u>Serve upon:</u>
All Counsel of Record

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMING CHANG, *et al.*, | : |
| Plaintiffs, | : |
| v. | : Civ. Action No. 02-02010 (EGS)(AK) |
| UNITED STATES OF AMERICA, *et al.*, | : |
| Defendants. | : |
| JEFFREYBARHAM, *et al.*, | : |
| Plaintiffs, | : |
| vii. | : Civ. Action No. 02-02283 (EGS)(AK) |
| CHARLES RAMSEY, *et al.*, | : |
| Defendants | : |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION OF DEFENDANT DISTRICT OF COLUMBIA
FOR AN ORDER PROVIDING EXPUNGEMENT OF PLAINTIFFS' ARREST
RECORDS AND PRECLUDING DISTRICT DEFENDANTS FROM OPPOSING
PLAINTIFFS' MOTIONS FOR ORDERS PERMITTING PLAINTIFFS TO DENY
HAVING BEEN ARRESTED AND/OR FOR THE SEALING OF THEIR D.C.
<u>SUPERIOR COURT ARREST RECORDS</u>**

Defendant, District of Columbia ("District"), by and through counsel, respectfully moves this Court for an order, pursuant to Fed. R. Civ. P. 1 and the inherent powers of the Court, including the power to control and manage its docket, intended to provide plaintiffs in these cases much of the nonmonetary relief they seek through this litigation. The District seeks this relief to simplify and facilitate the resolution of these matters.

8

Their Third Amended Complaint ("TAC") reflects that the four remaining *Chang* plaintiffs seek an order compelling the District of Columbia authorities to expunge the September 27, 2002 arrest records of plaintiffs and any other persons subject to the Pershing Park mass arrest.[1]  TAC Relief Requested, ¶¶ c, d.  The *Barham* class seeks entry of an order that all arrest records, including all photographs, fingerprints and other identification or descriptive information regarding plaintiffs be sealed.  *Barham* TAC Prayer For Relief, ¶ 213.F. record regarding the arrest records of persons having been arrested on September 27, 2002, in the context of mass demonstrations in Washington, D.C.

On July 16, 2004, the District and Charles Ramsey filed their Consent Motion For An Order Exempting Arrest Records From Disclosure To Non-Parties.  *Abbate* Doc. 83; *Burgin* Doc. 26.  Specifically, the District sought to be

> ORDERED, pursuant to Fed. R. Civ. P. 1 and 26(c)(5), defendants District of Columbia and Chief Charles H. Ramsey shall withhold from disclosure to any person other than (1) persons having been arrested on September 27, 2002 in the context of an incident that is the subject of *Abbate v. Ramsey*, Civ. Action No. 03-00767 (EGS)(AK); *Burgin v. District of Columbia*, Civ. Action No. 03-02005 (EGS)(AK); *Chang v. United States*, Civ. Action No. 02-02010 (EGS)(AK); and *Barham v. Ramsey*, Civ. Action No. 02-2283 (EGS)(AK) (the cases collectively hereinafter, the "Sept. 27 Cases," the persons arrested in the subject incidents hereinafter, the "Arrestees") ; (20 counsel to the Arrestees, and the defendants in any of the Sept. 27 Cases and their counsel, all arrest records of Arrestees pertaining to their September 27 arrests and all information derived from those arrest records pending further order of this Court, and it is
>
> FURTHER ORDERED that such material and information be disclosed only to the extent reasonably necessary to the prosecution or defense of these matters or the prosecution administrative disciplinary charges arising from the actions complained of in these matters.

---

[1] The District observes that the *Chang* Plaintiffs lack standing to pursue such relief as to other persons, especially because this Court certified *Barham v. Ramsey*, 02cv2283 (EGS) as a class action.

This Court granted this District-Ramsey motion by Minute Orders, dated July 19, 2004.[2]

The District provided for greater relief for the members of the Burgin subclasses through the District's Offer of Judgment accepted by the *Burgin* class representatives, which provided the basis for the settlement of that class action approved by this Court on August 4, 2007. (*Burgin* Doc.s 59-60, 62,64-67. In addition to the expungement of the records of the accepting class members, the Rule 68 Offer and class action settlement provided the District would not oppose a motion by any accepting class member for the sealing of his or her arrest records pursuant to Sup. Ct. Crim. R. 118. The Rule 68 Offer and the class action settlement also provided that the District would not oppose any motion by a *Burgin* accepting class member seeking an order declaring his or her arrest on September 27, 2002 to be a nullity and/or seeking an order allowing him or her to deny the occurrence of his or her arrest on September 27, 2002, without being subject to any penalty of perjury, fraud or other offense premised upon misrepresentation or deception, in response to any query, whether posed orally or in writing. *Burgin* Doc.s. 59-60, 62, 64-67.

This District believes that extending such relief to the *Chang* and *Barham* plaintiffs is an appropriate measure in its continued efforts to resolve these matters, and is relief that will not prejudice any party or person. Accordingly, the District moves this Court to enter in these two related cases an order that provides the following relief:

---

[2]  The District and the Federal Government provided the *Abbate* plaintiffs expungement of their arrest records pursuant to the January 24, 2005 *Abbate* settlement. *Abbate* Doc. 99. The District and the Federal Government provided three *Chang* Plaintiffs the protection of the expungement of their arrest records through the Offers of Judgment accepted by Meaghan Enright, Amy Chastain, and Elizabeth Young (*Chang* Doc.s 144-2, 190-2). The District and the Federal Government also provided the four *Barham* non-class member plaintiffs the protection of the expungement of their arrest records through the Offers of Judgment accepted by Jeffrey Barham, Brian McAteer, Laury Saligman, and Miles Swanson (*Barham* Doc.s 302, 307).

(1) the September 27, 2002 arrest records maintained by the District of Columbia Executive Branch regarding any person arrested in an incident that is the subject of *Chang v. United States*, Civ. Action No. 02-2010, and/or *Barham v. Ramsey*, Civ. Action No. 02-2283 (EGS)(AK) (collectively, the "Pershing Park Cases") are to be expunged within 10 days of the entry of this Order, except for copies of such records maintained by the litigants for the prosecution or defense of these two related cases and/or claims pursued by persons who may opt out of the *Barham* class;

(2) the District will employ best efforts to procure the expungement of the September 27, 2002 arrest records regarding any Pershing Park Case plaintiff in the possession of the United States Government (including, but not limited to, the Federal Bureau of Investigation) any state or local government, except for copies of such records maintained by the litigants for the prosecution of defense of these two related cases;

(3) the District will either (a) procure the expungement of or delivery to plaintiffs' counsel of all records in the possession of the United States Government (including, but not limited to, the Federal Bureau of Investigation) and any state and local government to the arrest on September 27, 2002 or resulting detention or charge of all plaintiffs; or (b) if the District is unable to procure this relief, inform, through counsel, such plaintiffs for whom such relief is not obtained in writing of the specific steps, and the results thereof, taken by the District to procure it;

(4) the District, Charles Ramsey, Michael Fitzgerald, Peter Newsham, Bryan DiGirolamo, Andre Harrison, and Michael Smith will not oppose a motion, pursuant to District of Columbia Superior Court Rule of Criminal Procedure Rule 118, seeking

the sealing of the records pertaining to his or her arrest at Pershing Park on September 27, 2002 of any plaintiff;

(5) the District of Columbia, Charles Ramsey, Michael Fitzgerald, Peter Newsham, Bryan DiGirolamo, Andre Harrison, and Michael Smith will not oppose any motion by any Pershing Park Case plaintiff to the United States District Court for the District of Columbia in these above-captioned cases seeking an order declaring his or her arrest at Pershing Park on September 27, 2002 to be a nullity and/or seeking an order allowing him or her to deny the occurrence of his or her arrest at Pershing Park on September 27, 2002, without being subject to any penalty of perjury, fraud or other offense premised upon misrepresentation or deception, in response to any query, whether posed orally or in writing; and

(6) the copies of the September 27, 2002 arrest records maintained by the litigants for the prosecution of defense of these two related cases are to be expunged within ten days of the last of these events: entry of final judgment by this Court regarding all of plaintiffs' claims herein; disposition of all appeals; denial of any appeals or petitions for writ of *certiorari* to the Supreme Court of the United States, such final disposition of the claims of any plaintiff who may opt out of the *Barham* class.

## CONCLUSION

For these reasons, and to facilitate the resolution of these cases, the District respectfully submits that this motion should be granted and the requested relief ordered.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

s/ Ellen Efros
ELLEN EFROS
Chief, Equity Section I

s/ Thomas L. Koger
THOMAS L. KOGER [427921]
Senior Litigation Counsel

s/ Chad Copeland
CHAD COPELAND
Assistant Attorney General
Equity Section I
441 Fourth Street, NW, Sixth Floor South
Washington, D.C. 20001
(202) 724-6610
Fax: (202) 727-3625