UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMING CHANG, *et al.*, | : |
| Plaintiffs, | : |
| v. | : CIVIL ACTION NO. 02-02010 (EGS) |
| UNITED STATES OF AMERICA, *et al.*, | : |
| Defendants. | : |

**DEFENDANTS' MOTION TO QUASH THE SUBPOENA SERVED ON ASSISTANT ATTORNEY GENERAL STACY ANDERSON, AND FOR A PROTECTIVE ORDER**

Defendants District of Columbia, Michael J. Fitzgerald, Brian K. Jordan, Bryan DiGirolamo, Andre Harrison, and Michael Smith, and Chief of Police Cathy Lanier and Assistant Chief of Police Peter J. Newsham, in their official capacities, (hereafter "the District"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 45 and 26(c), respectfully move this Honorable Court to quash the subpoena served upon Stacy Anderson, Assistant Attorney General for the District of Columbia, for deposition on November 5, 2009, and for a protective order because Ms. Anderson served as an attorney in the Criminal Division, a prosecutor, with respect to all facts related to the instant matter and any information or knowledge she has related to this case is protected by prosecutorial immunity.

                                                   Respectfully submitted,

                                                   PETER J. NICKLES
                                                   Attorney General for the District of Columbia

                                                   GEORGE C. VALENTINE
                                                   Deputy Attorney General
                                                   Civil Litigation Division

                                                   /s/ Ellen A. Efros_____
                                                   ELLEN A. EFROS [250746]

Assistant Deputy Attorney General
Civil Litigation Division

/s/Monique A. Pressley_____
MONIQUE A. PRESSLEY [464432]
Senior Assistant Attorney General
Equity Section I
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6610
Fax: (202) 741-0424
monique.pressley@dc.gov

/s/  Shana L. Frost_____
SHANA L. FROST [458021]
Assistant Attorney General

/s/ Chad Copeland_____
CHAD COPELAND [982119]
Assistant Attorney General
Equity Section I

*Attorneys for Defendants District of Columbia, Michael Fitzgerald, Brian Jordan, Bryan DiGirolamo, Andre Harrison, and Michael Smith and official capacity defendants Chief of Police Cathy Lanier and Assistant Chief of Police Peter J. Newsham*

## CERTIFICATE PURSUANT TO RULE 7(m)

On November 2, 2009, undersigned counsel conferred with counsel for the *Chang* Plaintiffs regarding the relief sought in this motion. The *Chang* Plaintiffs do not consent.

/s/Monique Daniel Pressley_____
MONIQUE DANIEL PRESSLEY
Senior Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RAYMING CHANG,** *et al.*, : | |
| Plaintiffs, : | |
| v. : | CIVIL ACTION NO. 02-02010 (EGS) |
| **UNITED STATES OF AMERICA,** *et al.*, : | |
| Defendants. : | |

**MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING DEFENDANTS' MOTION TO QUASH THE SUBPOENA SERVED ON ASSISTANT ATTORNEY GENERAL STACY ANDERSON, AND FOR A PROTECTIVE ORDER**

In support of its Motion to Quash the Subpoena served on Stacy Anderson, Assistant Attorney General, and for a Protective Order, the District submits the following:

**BACKGROUND**

*Chang* Plaintiffs have issued a subpoena and noted the deposition of Stacy Anderson, an Assistant Attorney General in the Office of the Attorney General for the District of Columbia. Ms. Anderson, currently with the Solicitor General's Office, was a prosecutor in the Criminal Division during the time surrounding the events which gave rise to *Chang* Plaintiffs lawsuit. (*See* Subpoena and Notice of Deposition, at Exhibit 1).  After Ms. Anderson's deposition was noted, undersigned counsel conferred with counsel for Chang Plaintiff's with respect to the deposition and the District's position, which was that taking the deposition of a former prosecutor with respect to the underlying facts of this case was not proper because her job duties in the Criminal Division of the Office of Attorney General with respect to any arrests attendant to the mass demonstration protests, and assisting the DC Metropolitan Police Department with the same were subject to attorney-client and attorney work-product privileges and were protected

3

by prosecutorial immunity. *Chang* Plaintiffs have refused to quash the subpoena of Assistant Attorney General Stacy Anderson, stating that any privilege related to the documents has been waived and that prosecutorial immunity does not apply.[1]

## STANDARD OF REVIEW

FED.R.CIV.P. 45(c)(3)(A)(iii) provides that on a timely motion, the issuing court must quash or modify a subpoena that: "…(iii)) requires disclosure of privileged or other protected matter, if no exception or waiver applies…" Federal courts have broad authority to limit discovery as necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED.R.CIV.P.26(c).

## ARGUMENT

A.  <u>Ms. Anderson is entitled to prosecutorial immunity</u>.

Even though the Court, in its Minute Order of November 3, 2009, has determined that the District has waived privileges with respect to the <u>documents</u> giving rise to Ms. Anderson's deposition being noted, the subpoena should be quashed and a protective order entered, as Ms. Anderson's testimony is subject to prosecutorial immunity.

Ms. Anderson is an Assistant Attorney General for Officer of the Attorney General for the District of Columbia. At the time of the incidents of September 2002 giving rise to *Chang* Plaintiffs' complaint, Ms. Anderson was an Acting Assistant Section Chief in the Criminal Division of the then Office of the Corporation Counsel for the District of Columbia, and, as such,

---

[1] It was not the District's intent to file the instant motion two days before the deposition is scheduled. However, it was not until undersigned counsel made a third attempt to confer with counsel four days ago regarding this deposition that undersigned counsel learned the underlying basis for *Chang* Plaintiffs noting the deposition, which led to the District's request for return of the documents and the Court's ruling with respect to the waiver of privilege.

provided legal advice, guidance, and representation on behalf of the District of Columbia. In her capacity as Acting Assistant Section Chief in the Criminal Division, she made decisions with respect to the prosecution of cases, discussed litigation strategy with supervisors in the Office of the Corporation Counsel and with other prosecutors, and provided legal advice and guidance to members of the Metropolitan Police Department. *Chang* Plaintiffs noted Ms. Anderson's deposition for Thursday, November 5, 2009. Ms. Anderson, who is neither a party to this litigation nor the subject of an allegation of prosecutorial misconduct, is entitled to protection from the noted deposition.

In initiating a prosecution and in presenting the State's case, prosecutors are absolutely immune from civil suits for damages. *Imbler v. Patchman*, 424 U.S. 409, 431 (1976). To hold otherwise would "prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system." *Id*. at 427-28. "The purpose of conferring absolute immunity is to protect officials not only from ultimate liability but also from all the time-consuming, distracting, and unpleasant aspects of a lawsuit, including discovery." *District of Columbia v. Jones*, 919 A.2d 604, 611 (D.C. 2007). In *Van de Kamp v. Goldstein*, 129 S. Ct. 855 (2009), the Supreme Court extended the application of absolute prosecutorial immunity to a variety of administrative tasks, including supervision and training of other attorneys, and the management of information systems within the District Attorney's office. The Court's understanding of immune administrative functions included those that would require legal knowledge and the exercise of related discretion. *Id*. at 861-62.

Ms. Anderson's subpoena is not *Chang* Plaintiffs' first attempt to pierce

prosecutorial immunity. In this court's Memorandum Opinion filed November 21, 2007 (*See* Dkt. No. 352 in *Chang*), granting the District's motion for protective order, it rejected plaintiffs overly narrow view of the absolute immunity conferred on prosecutors performing advocacy functions, stating

> "[t]he reason absolute immunity defeats a case at the outset, as opposed to after trial, is in part to spare the official the tribulation and expense of defending the suit at all. Requiring prosecutors to defend their prosecutorial discretion in a litigation setting, regardless of whether they are the named defendants, implicates the same concerns articulated in *Imbler*. Namely, the Court feared that "harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." *Id*. at 423.

This court found that the principles of prosecutorial immunity are meant to ensure that the prosecutor's ability to make vigorous decision-making is not weakened by litigation. Plaintiff now attempts to inquire directly into immunized decisions and privileged communications. It is important to note that although Ms. Anderson is no longer a part of the Criminal Division of the Attorney General's office, many of the fellow line attorneys and supervisors with whom she sought counsel or for whom she provided legal advice in her correspondence are still serving in that division. If *Chang* Plaintiffs are permitted to depose Ms. Anderson, where will the line be drawn? How many Assistant Attorneys General will plaintiffs seek to depose, and to what end? It is the District's position that the office and function of the prosecutor is due protection by the courts.

B. <u>The Defendants Are Entitled to a Protective Order</u>

FED.R.CIV.P.26(c) provides that "[a] party … from whom discovery is sought

6

may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken…The court may, for good cause, issue an order to protect a party…from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery…" The District of Columbia herein seeks an order of protection that the deposition of Stacy Anderson not be taken in this case.  As discussed above, Ms. Anderson is an attorney in the Office of the Attorney General and was a prosecutor at the time of the incidents giving rise to *Chang* Plaintiffs' Complaint.  In addition to the protected administrative decisions she made which required legal knowledge and exercise of discretion, she made decisions similar to that of other prosecutors generally such as "[w]hether to present a case to a grand jury, whether to file an information, whether and when to prosecute, whether to dismiss an indictment against particular defendants, which witnesses to call, and what other evidence to present.  These were advocatory decisions and thus absolutely immunized." *See Moore v. Valder*, 65 F.3d 189, 193 (D.C. Cir. 1995), citing *Imbler*, 424 U.S. at 431 n. 33.

## CONCLUSION

For the foregoing reasons, this Court should quash the subpoena served on Stacy Anderson and preclude *Chang* Plaintiffs from taking her deposition.

        Respectfully submitted,

        PETER J. NICKLES
        Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Ellen A. Efros_____
ELLEN A. EFROS [250746]
Assistant Deputy Attorney General
Civil Litigation Division

/s/Monique A. Pressley_____
MONIQUE A. PRESSLEY [464432]
Senior Assistant Attorney General
Equity Section I
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6610
Fax: (202) 741-0424
monique.pressley@dc.gov

/s/  Shana L. Frost_____
SHANA L. FROST [458021]
Assistant Attorney General

/s/ Chad Copeland_____
CHAD COPELAND [982119]
Assistant Attorney General
Equity Section I

*Attorneys for Defendants District of Columbia, Michael Fitzgerald, Brian Jordan, Bryan DiGirolamo, Andre Harrison, and Michael Smith and official capacity defendants Chief of Police Cathy Lanier and Assistant Chief of Police Peter J. Newsham*