IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMING CHANG, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civ. Action No. 02-2010 (EGS) |
| ) | |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

*CHANG* PLAINTIFFS' OPPOSITION TO DISTRICT OF COLUMBIA'S
MOTION TO QUASH THE SUBPOENA SERVED ON ASSISTANT ATTORNEY
GENERAL STACY ANDERSON AND FOR A PROTECTIVE ORDER;
AND REQUEST FOR EXPEDITED CONSIDERATION

In a thinly veiled motion for reconsideration of the Court's Minute Order of 7:09 pm last night, November 3, 2009, the District filed a Motion to Quash the Subpoena Served on Assistant Attorney General Stacy Anderson, and For a Protective Order. (Dkt. No. 534.) ("District Motion") The new motion seeking to reverse the Court's Order of 7:09 pm was filed just four hours later at 11:15 pm and roughly a day before a long-scheduled deposition of Ms. Anderson.

The District appears to have abandoned even the pretense of cooperating with the resumption of discovery and, from the very first deposition, has engaged in continued objections and litigation to forestall questioning of government witnesses or the use of documents. The District Motion is consistent with that effort at delay and with the District's dilatory tactics to harass and hamper any discovery in the case. The District moves to prevent a deposition that was noticed *twenty days* before the District filed its eleventh-hour motion and which is scheduled

for tomorrow, November 5, 2009. (*See* Deposition Notice, attached as Exhibit 1.)[1] Despite its late filing, the District did not ask for expedited consideration of its Motion, apparently hoping the Court would not act quickly enough to rule definitively on its Motion before tomorrow. Presumably, the District then would rely on the filing of its Motion either simply to not appear at tomorrow's deposition or to refuse to answer questions once there. Such gamesmanship continues to waste the time of both this Court and counsel – the very conduct that is at the heart of the pending Sanctions Motion. *Chang* Plaintiffs respectfully request that the Court order the District to submit expeditiously its Reply to this Opposition and further request that the Court rule on the District Motion in time to allow the scheduled deposition to proceed tomorrow. Ms. Anderson should not only be required to appear but also to answer questions about these documents and their origins, meaning, and content. When the District waived privilege to these documents, it also exposed itself to discovery on the substance of the information that they contain.

The District, however, simply cannot take "no" for an answer.[2] The District Motion comes after the Court ruled that the District had waived "any asserted attorney-client, work product, and deliberative process privileges as to the documents Bates labeled Prosec 00001-00168 and 2009.1 Supp 00358-00400 and any copies thereof." The so-called "prosec" documents therein identified are ones that the District has identified as being from Ms.

---

[1] The District suggests that it waited to file the motion until the day before the scheduled deposition because it did not learn *Chang* Plaintiffs' underlying basis for noting the deposition until some mythical "third call" with Plaintiffs' counsel. This is incorrect. *Chang* Plaintiffs have made no secret of the reasons for the deposition. In fact, *Chang* counsel urged District counsel more than a week ago to file any planned motion for a protective order in time to permit the deposition to go forward as scheduled. (*See* Email, attached as Exhibit 2.)

[2] The District's persistence calls to mind that old adage found on so many government office walls around Washington: "Just what is it about 'NO' that you don't understand?"

Anderson's files, and would be a basis for some of the deposition inquiry scheduled for tomorrow. In the course of briefing that issue, the District also requested a protective order limiting the Plaintiffs from "fact-find[ing] through additional discovery with respect to matters beyond the documents themselves," or from disclosing the documents to the public. (Dkt. No. 532 at 7-8.) Last night, the Court denied the District's Motion for a Protective Order, which is substantively the same as the protective order sought in the District Motion. (*See* Minute Order, dated November 3, 2009, stating "it is further ordered that [532] defendants' motion for protective order is DENIED.")

Seeking a second bite at the apple, the District now argues that the subpoena should be quashed and a protective order entered because Ms. Anderson's testimony is subject to prosecutorial immunity. (District Motion at 4.) The District suggests that because Ms. Anderson provided "legal advice, guidance, and representation on behalf of the District," she is entitled to absolute immunity "from civil suits for damages." (District Motion at 5.) *Chang* Plaintiffs do not challenge the concept of prosecutorial immunity, which is no more at issue in this instance than is the law of relativity. Neither Ms. Anderson nor any other person acting as an attorney for the District of Columbia is a named defendant in this case. The District has waived any privilege as to evidence from Ms. Anderson that directly relates to the claims in this case. The proposed protective order is an effort to regain the ground lost by the District's waiver of privilege.

Next, the District argues that prosecutorial immunity, which protects Ms. Anderson from a civil suit, also makes it unnecessary for her to answer questions during a deposition regarding non-privileged documents she authored, conversations she had, and communications she may have had with named defendants. The District relies on this Court's previous November 21,

3

2007 Order as precedent for this argument. (*See* District Motion at 6.) The November 21, 2007 Order, however, addressed very different circumstances.

First, it is now clear, as *Chang* Plaintiffs have alleged, that the purpose for the mass arrests at Pershing Park was not to prosecute the arrestees – which would have been impossible in any case in light of the falsified arrest forms attached to each individual arrested (*see* Dkt. No. 458 at 6-25) – but, rather, in the words of Assistant Chief Newsham, so that the "police would [not have to] be chasing demonstrators through the streets in order to arrest them . . . ," (*see* Dkt. No. 515 at 3). Indeed, one of the "prosec" documents supposedly produced from Ms. Anderson's files is a "Stay Away Request" instructing recipients to "request a stay away from the IMF/World Bank complex as a condition of the defendant's release" and setting forth various arguments to support such a request. (Exhibit 3.) The attorneys in the OAG who participated in the decision not to prosecute the persons arrested at Pershing Park have knowledge that Plaintiffs should be permitted to explore.

Second, the November 21, 2007 Order arose in the context of *Chang* Plaintiffs' request for institutional testimony from the OAG pursuant to Rule 30(b)(6) on the OAG's decision whether to prosecute. In contrast, the deposition of Ms. Anderson will be as a fact witness to explore matters raised by specific documents produced by the District, including documents the District produced from Ms. Andersons' files and emails she sent or received. Those documents were purposefully produced and put at issue in this litigation by the District, injecting these issues into the case and leading inexorably toward Ms. Anderson's deposition.

By way of example, one of such documents is an email from Chief Ramsey that contains the following statement, which can only be described as a smoking gun:

> I also do not feel that adverse action is appropriate in this case. Some warnings were given but not in a manner in which they could be heard by all. In the future

4

> we will use bullhorns to do so when practical. KP by releasing the findings did far more damage to the City. These events are extremely difficult to handle. I have personally spoken to Newsham about this and other command officials and everyone else is clear as to the guidelines. I think that is sufficient.

(Exhibit 4.) The other documents – the vast majority of which were created either prior to the mass arrest or months or years afterward – relate to a wide variety of subjects, including pre-demonstration planning; statements of fact authored by MPD command officials shortly after the arrests; a MPD internal affairs investigation in December 2002; Ms. Anderson's participation in obtaining statements from MPD personnel in connection with the Council's investigation of the arrests; documents containing Ms. Anderson's extensive handwritten notes about facts relevant to this litigation; memoranda regarding motions to set aside forfeitures filed by various individuals, including *Chang* Plaintiffs; a December 2003 inquiry regarding the arrests; responses to media inquiries at various points in time; and various other documents that do not bear directly on the decision to prosecute and thus do not implicate prosecutorial immunity. If these documents are no longer subject to any privilege as a result of waiver, then Plaintiffs can surely ask questions about the author or recipient, as well as any other subjects covered by the documents.

      Third, the Court has now ruled that any attorney-client, work product, or deliberative process privileges that previously could have been asserted over such documents have been waived. As a result of the District's waiver of any applicable privileges, *Chang* Plaintiffs are entitled to inquire about the documents and their contents. "The doctrine of subject matter waiver dictates that once a party waives privilege over a document, an adverse party may discover all documents and communications arising out of the same transaction." *Navajo Nation v. Peabody Holding Co., Inc.*, 255 F.R.D. 37, 47 (D.D.C. 2009). Indeed, courts have denied motions to quash and have permitted plaintiffs to depose prosecutors when the documents and

5

communications to be explored during the deposition are not protected by a privilege. *See, e.g.*, *Sampson v. Schenck*, -- F.3d --, 2009 WL 484224, at *2, 6-8 (D. Neb. Feb. 23, 2009) (denying County Attorney's motion to quash deposition subpoena, premised in part on assertion that County Attorney "enjoys absolute prosecutorial immunity," after finding that attorney-client privilege either did not apply or had been waived as to the relevant subject matter of the deposition).

Almost three weeks ago and months after receiving documents produced from her files, *Chang* Plaintiffs issued a subpoena for the deposition of Stacey Anderson. *Chang* Plaintiffs are entitled to discovery exploring the obviously relevant and non-privileged information contained in documents produced by the District, including documents from Ms. Anderson's files and emails that she sent or received. The only way to obtain such discovery is by deposition. The District Motion, literally filed at the eleventh hour, is a transparent effort by the District to seek the Court's reconsideration of its Order yesterday by barring the Plaintiffs from meaningful use of the documents to which privilege has been waived, and it should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the District Motion, and further request that the Court act expeditiously to permit the deposition of Ms. Anderson, scheduled to occur tomorrow, be permitted to go forward.

Respectfully submitted,

/s/ Daniel C. Schwartz
Daniel C. Schwartz (D.C. Bar No. 017749)
Jacob A. Kramer (D.C. Bar No. 494050)
BRYAN CAVE LLP
1155 F Street, N.W., Suite 700
Washington, D.C. 20004
(202) 508-6000

/s/ Jonathan Turley
Jonathan Turley (D.C. Bar No. 417674)
2000 H Street, N.W.
Washington, D.C. 20052
(202) 994-7001

Counsel for the *Chang* Plaintiffs

Dated: November 4, 2009

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2009, I caused copies of the foregoing to be served by electronic means, upon the following:

>Counsel for the District and OAG Individual Defendants and Assistant Chief Newsham in his Official Capacity

Ellen Efros
Assistant Deputy Attorney General
Office of the Attorney General
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001

Chad Copeland
Office of the Attorney General
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001

Monique Pressley
Office of the Attorney General
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001

Shana Frost
Office of the Attorney General
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001

>Counsel for the Federal Defendants

Marina Braswell
Brian Hudak
Office of the U.S. Attorney
For the District of Columbia
555 4th Street, N.W., Room 10-413
Washington, D.C. 20530

>Counsel for Defendant Peter J. Newsham

Robert E. Deso, Esq.
1828 L Street, N.W., Suite 600
Washington, D.C. 20004

Counsel for Defendant Charles H. Ramsey

Mark H. Tuohey III
John M. Faust
Vinson & Elkins LLP
The Willard Office Building
1455 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-1008


Counsel for Defendant Fairfax County Sheriff's Department

Alex Francuzenko
Cook, Kitts & Francuzenko, PLLC
3554 Chain Bridge Road
Suite 402
Fairfax, VA 22030



/s/ Jacob A. Kramer

BRYAN CAVE LLP
1155 F Street, N.W., Suite 700
Washington, D.C. 20004
(202) 508-6043

Counsel for the *Chang* Plaintiffs

9