UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMING CHANG, *et al.*, | : |
| Plaintiffs, | : |
| v. | : Civ. Action No. 02-02010 (EGS) |
| UNITED STATES OF AMERICA, *et al.*, | : |
| Defendants. | : |

**REPLY TO DEFENDANT DISTRICT OF COLUMBIA'S MOTION FOR A PROTECTIVE ORDER**

The *Chang* Plaintiffs' opposition to the District of Columbia's motion for a protective order simply misses the point of the doctrine of prosecutorial immunity. More importantly, it purposefully ignores this Court's previous ruling that "[r]equiring prosecutors to defend their prosecutorial discretion, regardless of whether they are the named defendants, implicates the same concerns the Supreme Court articulated in *Imbler* [*v. Patchman*, 424 U.S. 409, 431 (1976)]." Mem. Op. (Dkt. # 352) at 5. While the *Chang* Plaintiffs accuse the District of attempting "a second bite of the apple;" the record demonstrates that it is, actually, the *Chang* Plaintiffs that are seeking – two years after the Court issued an opinion on this issue – another bite.

For example, the *Chang* Plaintiffs claim that "[t]he attorneys in the OAG who participated in the decision not to prosecute the persons arrested at Pershing park have knowledge that Plaintiffs should be permitted to explore." Opp. at 4. This falls squarely within the parameters of decision-making that the doctrine of absolute prosecutorial immunity encompasses. *See, e.g., See Moore v. Valder*, 65 F.3d 189, 193 (D.C. Cir.

1995) (listing "whether and when to prosecute" as among the discretionary decisions encompassed by prosecutorial immunity).

The *Chang* Plaintiffs attempt to distinguish – with no actual distinction – their previous attempt to depose an OAG prosecutor from their present attempt to depose an OAG prosecutor. Plaintiff claims that "the November 21, 2007 Order arose in the context of *Chang* Plaintiffs' request for institutional testimony from the OAG pursuant to Rule 30(b)(6) on the OAG's decision whether to prosecute," while the present attempt to pierce the protection of prosecutorial immunity is to depose AAG Stacy Anderson "as a fact witness to explore matters raised by specific documents produced by the District, including documents the District produced from Ms. Andersons' [sic] files and emails she sent or received." Opp. at 4. The information the *Chang* Plaintiffs seek is exactly the same: rather than obtaining the "District's" corporate knowledge through a Rule 30(b)(6) deposition, the *Chang* Plaintiffs are focusing their inquiry to one of the individuals that is the keeper of the District's knowledge. Any information that the District has regarding the decisions of whether to prosecute is rooted in those that actually made the decisions. . . Thus, the *Chang* Plaintiffs' assertion in that regard are disingenuous. Moreover, the *Chang* Plaintiffs have been provided any emails or documents contained within AAG Anderson's files; AAG Anderson should not in addition be called upon to testify to or defend her decisions as a prosecutor.

The *Chang* Plaintiffs also seek to rest their argument on the Court's Order finding certain privilege claims have been waived. Opp. at 4-5. Any waiver of privileges has no bearing on the issue of immunity granted to the office of the prosecutor, and the *Chang* Plaintiffs have cited no contrary authority. Moreover, the laundry list of documents that

2

the *Chang* Plaintiffs cite that they claim "relate to a wide variety of subjects" in fact relate solely to the functioning of the prosecutorial arm of OAG and the prosecutorial decisions made. Opp. at 5. For example, *Chang* Plaintiffs cite to the same information that the *Moore* Court found to be "absolutely immunized," such as *Jencks* materials and witnesses statements provided to prosecutors (which would bear on a prosecutor's decision as to "which witnesses to call"), memoranda regarding motions to set aside forfeitures (information that would bear on a prosecutorial decision related to the forfeiture, akin to a decision of "whether to dismiss an indictment against particular defendants"), and "facts relevant to this litigation" (which can only relate to the arrests and the decisions to prosecute the arrests). Thus, regardless of any waiver as to the content of these documents, the immunity still applies to the prosecutorial and advocacy decisions of AAG Anderson in her role as a prosecutor, including her mental impressions and thought processes.

Finally, the one unreported case (from the federal district court in Nebraska) that the *Chang* Plaintiffs cite for the premise that "*courts* have denied motions to quash and have permitted plaintiffs to depose prosecutors when the documents and communications to be explored during the deposition are not protected by a privilege," Opp. at 5-6, citing *Sampson v. Schenck,* 2009 WL 484224 (D. Neb. Feb. 23, 2009) (emphasis added), does not offer the broad legal authority that the *Chang* Plaintiffs would like. In fact, the judge granted in part and denied in part the protective order motion, and did not reach the absolute prosecutorial immunity argument. Instead, the judge limited the scope of the deposition to permit an inquiry only as to when the police officers (defendants to the civil suit) presented certain evidence to the prosecutors. In all other respects, the judge

3

granted the motion for a protective order, expressly stating that "the plaintiff may not inquire into other areas." *Id.* at *28. Here, the *Chang* Plaintiffs want to "explore" "the decision not to prosecute the persons arrested at Pershing park." Opp. at 4.

At bottom, the effort to depose AAG Anderson appears to be an attempt by the *Chang* Plaintiffs to impose liability on the District based on the decisions of its prosecutors. Their concession that they do not "challenge the concept of prosecutorial immunity," thus precludes the *Chang* Plaintiffs' entire argument. The *Chang* Plaintiffs now have access to and use of information to which the Court has deemed privileges to be waived. The documents speak for themselves and the *Chang* Plaintiffs have four and one-half months remaining in which they intend to confront all of the named Defendants in this case, as well as other possible deponents who may have information with respect to the documents at issue. The District recognizes Plaintiffs' right to utilize the information for that purpose; however, and any waiver of privileges to those documents should not be deemed a waiver of the absolute immunity afforded to the District's prosecutors. Thus, the District respectfully requests that the Court grant its motion for a protective order and quash the subpoena served on AAG Anderson.

    Respectfully submitted,

    PETER J. NICKLES
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division

    /s/Monique A. Pressley
    MONIQUE A. PRESSLEY [464432]
    Senior Assistant Attorney General
    Equity Section I
    441 4th Street, NW, 6th Floor South

Washington, DC 20001
(202) 724-6610
Fax: (202) 741-0424
monique.pressley@dc.gov

/s/  Shana L. Frost_____
SHANA L. FROST [458021]
Assistant Attorney General

/s/ Chad Copeland_____
CHAD COPELAND [982119]
Assistant Attorney General
Equity Section I

*Attorneys for Defendants District of Columbia, Michael Fitzgerald, Brian Jordan, Bryan DiGirolamo, Andre Harrison, and Michael Smith and official capacity defendants Chief of Police Cathy Lanier and Assistant Chief of Police Peter J. Newsham*