UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RAYMING CHANG, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 02-2010 (EGS) |
| v. | ) ) ) | |
| UNITED STATES OF AMERICA, *et al.* | ) ) | |
| Defendants. | ) ) | |

**DISTRICT OF COLUMBIA'S REPLY TO *CHANG* PLAINTIFFS' OPPOSITION TO MOTION FOR GENERAL PROTECTIVE ORDER**

In their opposition to the District of Columbia's motion for a general protective order, the *Chang* Plaintiffs assert, without merit, that the District seeks to "claim the unilateral power to prevent the use or disclosure of any document the District would find to be embarrassing or harmful to its defense, even though no recognizable privilege would attach." Opp. at 1. Essentially, the *Chang* Plaintiffs assert throughout their brief that the District's request that a standard protective order be entered is an attempt to reclaim privileges deemed waived or to assert privileges that do not otherwise exist. As the plain language of the proposed protective order demonstrates, and as explained herein and in the District's opening brief, the protective order simply seeks to protect the confidential nature of non-public information, including personal/personnel information and law enforcement methodologies. As good cause exists to maintain the confidentiality of such materials, the District of Columbia's motion should be granted.

First, the *Chang* Plaintiffs' assertion that the District seeks to "prevent the use" of certain documents is incorrect. As the protective order makes clear, the parties may use confidential information for any purpose in litigation – it just must be used in a manner to protect the

confidentiality of the information and cannot be disclosed outside of the litigation. Thus, pursuant to the proposed protective order's provisions, there is nothing to "prevent the use" of certain documents.

Second, the *Chang* Plaintiffs' claim that the District seeks to have "unilateral power" to prevent the disclosure of certain confidential information. As with any standard confidentiality order, the producing party is obviously the party to characterize its own documents as "confidential." The District's proposed protective order contains provisions to challenge confidentiality designations. While the *Chang* Plaintiffs complain that the procedure shifts the burden to them challenge the designations, *Chang* Plaintiffs appear to overlook the fact that they will have the entire, unredacted[1] confidential document in their possession for use in the litigation, and need only challenge the designation if they want to make the document public. Thus, the protective order in no way confers upon the District "unilateral power" and, instead, provides broad access to the Plaintiffs for legitimate use in litigation.

Third, the *Chang* Plaintiffs accuse the District of trying to conceal its "true purpose" in seeking a confidentiality order by not stating all the categories of information covered by the protective order in the text of the motion. Opp. at 2, 7. The categories of information the District requests the protective order cover are clearly set forth in the protective order itself, as well as in the memorandum in support of the motion for a protective order. Any assertion of ulterior motive or attempt to "camouflage" the provisions of the proposed order is simply absurd.

Fourth, the *Chang* Plaintiffs accuse the District of attempting to seek the same relief sought by prior briefing on privilege issues. Opp. at 4-5. The *Chang* Plaintiffs confuse "privilege" with "confidential." The District does not seek to claim a privilege to the material

---

[1] Assuming no portion of the confidential document is also privileged.

that would be covered by the protective order and instead seeks to *share the information* with the Plaintiffs. Unlike confidential information, which is provided to the other side with assurances of protection, privileged information is withheld.[2] In inappropriately focusing on "privilege," the *Chang* Plaintiffs likewise overlook that certain information produced by the District contains sensitive law enforcement information, including the manner in which large-scale demonstrations are staffed by the police, the equipment provided to the officers for their safety, and civil disturbance training provided to officers. Courts have recognized that sensitive law enforcement information, not generally publicly available is entitled to protection pursuant to a confidentiality order. *See, e.g., G-69 v. Degnan*, 130 F.R.D. 326 (D.N.J. 1990). The justification is obvious: If law enforcement methodologies are inappropriately publicized, it will create serious and palpable public safety concerns. First, there is the obvious safety to law enforcement officers. If information pertaining to the types of equipment provided and methods used were made public, efforts would be made to thwart the gear and methods used. Second, it creates a threat to the public in general. If officers are unable to control civil disturbances and a riot would develop, the health and safety of citizens of and visitors to this city will be at risk.

In the end, the District only seeks to ensure that sensitive, non-public information that is shared with the Plaintiffs in this case remains non-public. The *Chang* Plaintiffs' attempt to minimize the District's concern is troubling. While *Chang* counsel assert that a protective order is unnecessary because the Local Rules already require them to redact personal information before filing documents containing the same, they disregard the fact the Local Rules do not require that personal information – or other information the District seeks to have covered by the

---

[2] In their confusion between "privilege" and "confidential," the *Chang* Plaintiffs assert that some of the District's prior assertions of deliberative process and law enforcement privileges have been overturned by the Court. Their claim that Judge Kay recently "stated that some of the District's assertions of the law enforcement privilege were "at best marginal" is disingenuous in light of the fact that Judge Kay found that 36 pages of the 44 pages withheld were appropriately privileged. Judge Kay only ordered that only 7 pages need be produced as he determined that one of the withheld pages was irrelevant. *See* Dkt. 538, Appendix I (Nov. 5, 2009).

protective order – be redacted from a document received in litigation before it is shared with the public. The District's concerns in this regard are legitimate as documents produced in this case have been publicly released and posted on the Internet.[3]

In sum, the protective order that the District requests seeks to give the Plaintiffs the information to which they are entitled, as well as complete use of the information in this litigation, and asks that the legitimate concerns of the government and the individuals' whose information may be at issue be respected. The *Chang* Plaintiffs' concerns are without merit, and the District respectfully requests that the proposed protective order be entered.

                              Respectfully submitted,

                              PETER J. NICKLES
                              Attorney General for the District of Columbia

                              /s/ George C. Valentine_____
                              GEORGE C. VALENTINE
                              Deputy Attorney General
                              Civil Litigation Division

                              /s/Monique A. Pressley_____
                              MONIQUE A. PRESSLEY [464432]
                              Senior Assistant Attorney General
                              Equity Section I
                              441 4th Street, NW, 6th Floor South
                              Washington, DC 20001
                              (202) 724-6610
                              Fax: (202) 741-0424
                              monique.pressley@dc.gov

                              /s/ Shana L. Frost_____
                              SHANA L. FROST [458021]
                              Assistant Attorney General
                              441 Fourth Street, NW, 6th Floor South
                              Washington, DC 20001
                              (202) 724-6534
                              Fax: 741-8934
                              shana.frost@dc.gov

---

[3] Indeed, within hours after the Court determined that the District had waived its privileges to certain documents previously produced, one such document was accessible on the internet through a blog on the *City Paper's* website.

/s/ Chad Copeland
CHAD COPELAND [982119]
Assistant Attorney General
Equity Section I
441 Fourth Street, NW
Suite 600 South
Washington , DC 20001
(202) 724-6623
Email: chad.copeland@dc.gov

*Attorneys for Defendants District of Columbia, Michael Fitzgerald, Brian Jordan, Bryan DiGirolamo, Andre Harrison, and Michael Smith and official capacity defendants Chief of Police Cathy Lanier and Assistant Chief of Police Peter J. Newsham*