UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RAYMING CHANG** *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **THE UNITED STATES OF AMERICA** *et al.*, <br><br> **Defendants.** | Civil No. 02-2010 (EGS/JMF) |

**MEMORANDUM OPINION**

There remain for resolution three matters: (1) Defendant District of Columbia's Motion for a Protective Order [#530]; (2) Defendants' Motion to Quash the Subpoena Served on Assistant Attorney General Stacy Anderson, and for a Protective Order [#534]; and (3) the District's Motion for General Protective Order [# 539]. The issues raised by these Motions were discussed at a recent status hearing, and I issue this Order to memorialize my intentions as to each of them and to provide the parties with my rulings.

I.      Defendant District of Columbia's Motion for a Protective Order [#530]

The two interrogatories at issue, numbers 7 and 8, demand that the District provide a detailed explanation of the whereabouts of certain documents that should have been produced earlier than they were. The District claims that discovery about the whereabouts of these documents exceeds the scope of the supplemental discovery that Judge Sullivan has ordered and objects to their overly burdensome nature, insisting that they will require the District to speak to every one who might have ever had the documents.

I have reviewed the portions of the transcript of the hearing to which the District points. Judge Sullivan did not speak specifically to whether discovery about the whereabouts of these documents was prohibited in the period of supplemental discovery that he ordered because of the belated production of documents by the District. The portions of the transcript of the hearing on September 29, 2009 did not deal with that issue at all. Instead, the judge, while initially questioning the need for any additional discovery, then indicated that the District would have to pay for all additional discovery that was required, to the last penny. This statement was a reference to the need articulated by plaintiffs' counsel to re-take depositions that had already been taken before plaintiffs had the newly-produced documents. The other statements upon which the District relies articulate the judge's concern that the discovery he was permitting be reasonable. There is certainly nothing in those statements from which one could possibly infer his precluding discovery into the issue of how it happened that the documents produced in 2009 were not produced earlier.

Judge Sullivan did not preclude such discovery and, as plaintiffs correctly point out, the Federal Rules of Civil Procedure expressly permit discovery about the location of documents. *Chang* Plaintiffs' Opposition to Defendant District of Columbia's Motion for a Protective Order [#548] at 4 (quoting Federal Rule of Civil Procedure 26(b)(1) (discovery permitted into the location of documents)). Moreover, the District's claim in a footnote, without citation of any authority, that discovery pertaining to sanctions is inappropriate[1] because sanctions and discovery are separate issues is *non sequitur*. While

---

[1] Memorandum of Points and Authorities in Support of Defendant District of Columbia's Motion for a Protective Order at 5 n.2

they may be separate, discovery may unquestionably be used to flesh out whether sanctions are appropriate and which one should be imposed. There is certainly no impediment in the discovery provisions of the Federal Rules to their use to inform the court's exercise of discretion in choosing the sanction to be imposed. Thus, in two particularly famous electronic discovery cases, Judge Scheindlin permitted discovery and then calibrated the sanction she imposed on what the discovery established as to the mental element that attended the loss of information–whether it was negligence, gross negligence, or a purposeful destruction of information. <u>Zubulake v. UBS Warburg LLC</u>, 229 F.R.D. 422 (S.D.N.Y. 2004); <u>Zubulake v. UBS Warburg LLC.</u>, 220 F.R.D. 212 (S.D.N.Y. 2003). Plaintiffs should be permitted to do the same thing here. In fact, the District has an equal interest in making sure that Judge Sullivan's decision on what sanction to impose is as well informed as possible. The District's motion will have to be denied.

To meet the District's claim of burdensomeness, I will only permit plaintiffs to propound Interrogatories 7 and 8, as plaintiffs have agreed to narrow them. Once we have the District's answers, I intend to consider any objection by plaintiffs that they may not have answered them sufficiently. I expect the District to make a conscientious effort to supplement what we know about the locations of these documents from the earlier declarations of Mr. Nickles and Mr. Koger by answering these interrogatories as narrowed.

II.     <u>Defendants' Motion to Quash the Subpoena Served on Assistant Attorney General Stacy Anderson, and for a Protective Order</u> [#534]

It is my intention to supervise the deposition of Ms. Anderson on (if necessary) a question-by-question basis to insure that the plaintiffs secure from her the information to which they are entitled without invading any legitimate privilege or other inhibition the District will claim. It is impossible and useless to predict how I will rule until I hear the questions, and I may call for supplemental briefing before I rule on particular questions.

III.    Motion for General Protective Order [# 539]

The status hearing revealed to me that the parties and their counsel share my view that all information produced in discovery does not thereby become public. See Anderson v. Ramsey, No. 04-CV-56, 2005 WL 475141, at * 2 (D.D.C. Mar. 1, 2005). Lest there be any doubt, I express my expectation that the parties to this case and their counsel will not disseminate, transmit to another person, or disclose to any one who is not a party to this lawsuit documents, electronically stored information and all other information that has been produced in discovery by any party to this lawsuit. To express my concern, I will set forth that understanding and expectation in an Order that I now issue. Violations of that Order will be considered a contempt and will be referred to Judge Sullivan.

An Order accompanies this Memorandum Opinion.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE