**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                                )
RAYMING CHANG, et al.,          )
                                )
          Plaintiffs,           )
                                )
     v.                         )    Civ. Action No. 02-2010 (EGS)
                                )
UNITED STATES, et al.,          )
                                )
          Defendants.           )
_____)
                                )
                                )
JEFFREY BARHAM, et al.,         )
                                )
          Plaintiffs,           )
                                )
     v.                         )    Civ. Action No. 02-2283 (EGS)
                                )
CHARLES H. RAMSEY, et al.,      )
                                )
          Defendants.           )
_____)
```

**ORDER APPOINTING SPECIAL MASTER**

Upon consideration of the parties' proposals and recommendations regarding the appointment of a Special Master in these cases pursuant to Rule 53 of the Federal Rules of Civil Procedure, the affidavit of the Special Master submitted in compliance with Federal Rule of Civil Procedure 53(b)(3)(A) disclosing no reason for disqualification under 28 U.S.C. § 455, and upon consent of all responding parties,[1] it is hereby

---

[1] Defendant Charles H. Ramsey has indicated that he takes no position on the Court's appointment of a Special Master.

**ORDERED** that United States Magistrate Judge John M. Facciola is appointed Special Master in these cases.  The Special Master shall prepare and file a Report and Recommendation containing findings of fact and conclusions of law regarding the alleged destruction of certain evidence in these cases.  Upon filing of his Report and Recommendation, the Special Master shall promptly serve a copy on each party.  The Special Master is further directed to proceed with all reasonable diligence to perform the duties set forth herein, as well as any additional duties which the Court, in its discretion, may direct from time to time as necessary.

## I.      SPECIAL MASTER DUTIES

The Special Master is hereby granted the full panoply of powers and authority provided for under Federal Rule of Civil Procedure 53 including, but not limited to: 1) holding evidentiary proceedings; 2) making recommendations of findings of fact and conclusions of law; 3) compelling, taking, and recording evidence and sworn testimony; 4) hiring and utilizing experts; 5) issuing orders; 6) imposing any noncontempt sanction on parties provided for by Federal Rule of Civil Procedure 37 or 45 or recommending a contempt sanction against a party; and 7) recommending any sanction against a nonparty.  Specifically, the Special Master shall investigate, examine, and report on the potential destruction of evidence regarding:

   A.   the International Monetary Fund ("IMF") September 27,
        2002 JOCC Running Resume;

   B.   the IMF September 27, 2002 Recordings of Radio Runs;
        and

   C.   the IMF September 27, 2002 Video Recordings.[2]

## II.   COST TO THE PARTIES

   Because the Special Master also serves as a Magistrate Judge
of this Court, he shall not be compensated further for his work
performed as Special Master.  Before incurring any costs,
including any costs incurred by agents, experts, or other third-
parties that the Special Master chooses to employ for the purpose
of carrying out his duties, the Special Master shall prepare a
budget of estimated fees and costs and then file that budget on
the docket by means of the Court's Electronic Case Filing System.
Any objections to the Special Master's budget must be made within
five (5) days of its submission and will be resolved by the
Special Master.  After resolution of any objections, invoices
shall be paid by defendant District of Columbia.  In accordance

_____

   [2] The Court notes *Chang* plaintiffs' request that the scope
of Judge Facciola's duties as Special Master also include: 1)
failure to preserve evidence; 2) loss and destruction of relevant
evidence other than that listed above; 3) tampering with evidence
other than that listed above; 4) solicitation, preparation, and
submission of false or misleading testimony/affidavits; 5)
withholding and late production of evidence; and 6) misleading
statements by District Counsel.  *See* Pls.' Resp. to Court Order
Regarding Appointment of Magistrate Judge Facciola as Special
Master, 02-cv-2010, Dkt. No. 636 at 3.  The Court declines to
expand the scope of Judge Facciola's duties at this time.

with Federal Rule of Civil Procedure 53(g)(3), after ruling on any Report and Recommendation of the Special Master, the Court will consider on a motion of a party whether to amend this interim allocation of costs.

### III.   EX PARTE COMMUNICATIONS BETWEEN THE COURT AND SPECIAL MASTER AND BETWEEN THE PARTIES AND SPECIAL MASTER

The Special Master is empowered to communicate on an ex parte basis with a party or the Court for routine scheduling or other administrative matters.

The Special Master may communicate ex parte with the Court on matters as to which the Special Master has been empowered to act only upon advance notice to the parties.

### IV.   STANDARD OF REVIEW FOR SPECIAL MASTER'S DECISIONS

The parties shall be provided twenty-one (21) days from the filing of any Report and Recommendation in which to file objections.  The Special Master's findings of fact and conclusions of law will be reviewed de novo.  The Special Master's procedural rulings may be set aside only for an abuse of discretion.

### V.   NATURE OF MATERIALS TO BE PRESERVED AND FILED AS THE RECORD OF THE SPECIAL MASTER'S ACTIVITIES

The Special Master shall preserve and file, as an appendix to his Report and Recommendation, all materials reviewed by the Special Master, expressly identifying all evidence considered in making his recommendations.  The Special Master shall file the

Report and Recommendation and accompanying appendix on the docket by means of the Court's Electronic Case Filing System.

## VI.    TIME LIMITS

The Special Master shall proceed with all reasonable diligence.  The appointment of the Special Master shall not interfere with ongoing discovery or with the scheduling of or preparation for pre-trial and trial proceedings.

## VII.    AMENDMENT OF APPOINTMENT ORDER

This Order may be amended at any time by the Court after reasonable notice and an opportunity to be heard is provided to all parties.

## VIII.  DESIGNEES

The parties shall designate the following persons as their primary contacts for the Special Master:

For *Chang* plaintiffs: Jonathan Turley, George Washington Law School, 2000 H Street, N.W., Room E305, Washington, DC, 20052, Phone: 202/994-7001, E-mail: jturley@law.gwu.edu.

For *Barham* plaintiffs: Carl L. Messineo, Partnership for Civil Justice, 617 Florida Avenue, N.W., Washington, DC, 20001, Phone: 202/232-1180, E-mail: cm@JusticeOnline.org.

For District of Columbia defendants: Monique A. Pressley, Senior Assistant Attorney General for the District of Columbia, 441 4th Street, N.W., 6th Floor South, Washington, DC, 20001, Phone: 202/724-6610, E-mail: monique.pressley@dc.gov.

For Federal defendants: Marina U. Braswell, U.S. Attorneys Office for the District of Columbia, 555 Fourth Street, N.W., Room 10-413, Washington, DC 20530, Phone: 202/514-7226, E-mail: Marina.Braswell@usdoj.gov.

For defendant former Chief of Police Charles H. Ramsey: Mark H. Tuohey, III, Vinson & Elkins, LLP, 1455 Pennsylvania Avenue, N.W., Suite 600, Washington, DC, 20004, Phone: 202/639-6660, E-mail: mtuohey@velaw.com.

For defendant Assistant Chief of Police Peter Newsham: Robert E. Deso, Deso & Buckley, P.C., 1828 L Street, N.W., Suite 270, Washington, DC, 20036, Phone: 202/822-6333, E-mail: redeso@dtswlaw.com.

For defendant Fairfax County Sheriff's Department: Alexander Francuzenko, Cook, Kitts, & Francuzenko, PLLC, 3554 Chain Bridge Road, Suite 402, Fairfax, VA, 22030, Phone: 703/865-7480, E-mail: alex@cookkitts.com.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**United States District Judge**
**May 5, 2010**