UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **RAYMING CHANG,** *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 02-2010 (EGS/JMF) |
| v. | ) ) | |
| **UNITED STATES OF AMERICA,** *et al.* | ) ) | |
| Defendants. | ) ) ) | |

## DISTRICT OF COLUMBIA'S OBJECTIONS TO THE JULY 29, 2010 SPECIAL MASTER ORDER

Defendant District of Columbia respectfully submits objections to the July 29, 2010 Order of Special Master John M. Facciola. In pertinent part, the Order states that Special Master Facciola "intend[s] to take testimony under oath from several persons employed, in various capacities, by the District of Columbia. Order at 1. Further, the Special Master states "there is a possibility that the completion of my responsibilities will lead to a referral to the United States Attorney's Office for possible prosecution" and the Order expresses his concern that "the persons who will testify be advised of their constitutional right not to incriminate themselves." Order at 1. The Special Master publishes on the public docket of this Court, as a part of this Order, a list of the names of fourteen current and former employees and officials of the District of Columbia, directing the Attorney General make the Memorandum Order available to them, and directing them, their attorneys, and counsel for the parties to appear before him in a hearing to be held on Monday, August 16, 2010, at which the Special Master intends to advise the witnesses of their constitutional rights.

At the outset, the District emphasizes that it does not object to what it understands to be the underlying, sensible goals of this order: *i.e.*, (1) clarifying the representational status of the individuals from whom the Special Master intends to take testimony and (2) ensuring that witnesses are advised of at least the possibility of a criminal referral and that they are not required to answer questions if there is a reasonable risk that their testimony would incriminate them. It also is helpful to provide the witnesses who likely will be called with advance notice so as to give them sufficient time to consult counsel if they choose to do so. Instead, the District objects to the unnecessarily intimidating, prejudicial, and public approach that the Order adopts for accomplishing these goals. Therefore, the District moves this Court, through the instant motion, to amend and/or strike the Order.

## BACKGROUND

A Special Master was appointed in this case pursuant to Fed. R. Civ. P. 53 by this Court's Order of May 5, 2010. As is required by Rule 53, the Court sought responses from the parties prior to making the appointment. As the District stated in its response, the District's consent to Magistrate Judge Facciola's appointment as special master was limited to his performance of duties consented to by the parties. Because the Special Master would not be a trial master (a jury trial has been requested by the parties) and the Special Master would not be a pretrial master exclusively (the investigation extends beyond matters that must be resolved in order for Plaintiffs to try the case on its merits), the only applicable provision of the rule which would authorize the appointment was Fed. R. Civ. P. 53 (a)(1)(A) which authorizes a court to appoint a master only to "perform duties consented to by the parties." In the appointment ordered issued by this Court, the three matters which the Special Master was tasked with investigating were those to which both parties agreed. Where, as in this case, the Special Master's duties are beyond those

specifically delineated in Rule 53, the Court's inherent power to appoint a special master is not without limits.  *See Cobell v. Norton,* 334 F.3d 1128, 1142 (D.C. Cir. 2003) (stating that in the absence of consent by the parties, the inherent authority of the court does not extend to allow appointment of a special master to exercise "wide-ranging extrajudicial duties" such as "investigative, quasi-inquisitorial, quasi-prosecutorial role[s]").

To the extent that this first order of the Special Master is a foreshadowing of things to come, the District objects to the process and requests that this Court amend its appointing order to direct the manner in which hearings should proceed and the types of information that should and should not be disclosed in the public record while the Special Master's investigation is being conducted.

## **OBJECTIONS**

**I.     REQUIRING THE ATTENDANCE OF ALL FOURTEEN WITNESSES COLLECTIVELY AT AN OPEN HEARING TO BE ADVISED OF THEIR RIGHTS IS UNFAIRLY PREJUDICIAL AND IMPROPER.**

The first order issued by the Special Master publicly identifies the witnesses and is focused almost entirely upon the potential for criminal prosecution and the need to inform individuals who are only witnesses of their rights.  The Special Master even reasons that the District of Columbia Office of the Attorney General may not be able to represent these individuals because of Department of Justice ("DOJ") regulations that generally preclude representation of employees in criminal investigations.  *See* Special Master Order at 1.  Such focus on the potential criminal implications of this investigation is not justified.

### A.  THE SPECIAL MASTER'S INVESTIGATION IS NOT CRIMINAL.

In his order, the Special Master states "[t]here is a possibility that the completion of my responsibilities will lead to a referral to the United States Attorney's Office for possible

3

prosecution." If the basis for this belief is statements previously made by this Court with respect to the issues which led to this investigation, then this statement is accurate but not complete. The order which appointed the Special Master does not state what, if any, action will be taken by this Court after the completion of the Special Master's responsibilities. The Master has been tasked with investigating, examining and reporting on the potential destruction of certain evidence. Appointment Order at 2. Any factual findings and/or recommendations made by the Special Master will be reviewed *de novo* following objections by the parties. While there is a possibility that a referral to the Department of Justice may follow, there is also the possibility that this Court will determine such referral inappropriate, and there are any number of possibilities of other actions in between those two actions which may be taken by the Court. Even if the completion of the Special Master's investigation leads to a referral by this Court, this does not mean that a criminal investigation will ensue. The Department of Justice does not have to accept the referral. At this juncture, the only investigation is that of the Special Master appointed in a civil lawsuit.

The District does not quarrel, necessarily, with the Special Master's concern that persons testifying be advised of their constitutional rights against self-incrimination, no matter how attenuated the possibility of criminal liability may be. However, stating that these individuals' situation "raises the question of whether the Attorney General can represent them or whether they should have their own counsel" is not correct. The Special Master cites two provisions of the Department of Justice Regulations stating in parentheses that the "Department of Justice will not ordinarily represent employees in criminal matters, to include investigations." Order at 1. As the Special Master acknowledges by the use of the designation "Cf," Department of Justice Regulations governing the representation of federal employees do not govern the Office of the

Attorney General for the District of Columbia. However, even if they did, they would be inapplicable in this case.

The first sentence of 28 C.F.R. 50.15 (4) states that "representation generally is not available in federal criminal proceedings." This is not a federal criminal proceeding. This is not a criminal proceeding at all. Therefore, there is no need for further analysis of the applicability of this provision. The other provision referenced, 28 C.F.R. 501.15(7), states "if the prosecuting division indicates that the employee is the subject of a federal criminal investigation concerning the act or acts for which he seeks representation, the litigating division shall inform the employee that no representation by Justice Department attorneys will be provided in that federal criminal proceeding or any related civil, congressional, or state criminal proceeding." As is explicitly stated in the rule, the Justice Department only refuses to represent the employee in a civil context where the prosecuting division has confirmed that the employee is the subject of a federal criminal investigation concerning the same acts for which the employee seeks representation. Since there is no federal criminal investigation (hence, the appointment of the Special Master to assist this Court in determining if a referral for such investigation is even appropriate), it is an impossibility for any of the fourteen current and former employees listed to be the subject of a federal criminal investigation concerning the acts being investigated by the Special Master in this case.

Finally, 28 C.F.R. 50.15 (6), which was not cited in the Special Master's Order, states "if a prosecuting division of the Department indicates that the employee is not the subject of a criminal investigation concerning the act or acts for which he seeks representation, then representation may be provided if otherwise permissible under the provisions of this section. Similarly, if the prosecuting division indicates that there is an ongoing investigation, but into a

5

matter unrelated to that for which representation has been requested, then representation may be provided." In sum, the Office of the Attorney General is well within its authority to either represent or provide representation for the fourteen employees listed.

### B. PUBLISHING THE NAMES OF THE WITNESSES IN THE ORDER WAS IMPROPER.

The fourteen witnesses listed have not been charged with a crime. They are not the subject of a criminal investigation. This is not an arraignment.

Though perhaps unintentionally, the inclusion in an Order filed in the public record of: (1) the characterization of the Special Master's investigation as criminal, (2) the concern for each individual being advised of his or her 5th Amendment rights, (3) the need for resolution of representation issues, and (4) the intention to advise all fourteen witnesses of their right against self-incrimination in a public hearing, paints a picture of the fourteen <u>witnesses</u> as *co-conspirators.* This is unfairly prejudicial as it places the good names and reputations of innocent persons in a harmful light without serving any purpose of justice in this investigation. There was no need for the fourteen names to be included in the Order. Though the Special Master is authorized to issue orders, this is not the only manner in which he is permitted to communicate with the parties. If the Master did not want to communicate with the parties outside of issuing order, the names could have been attached to the Order under seal.

In addition to the prejudice to the individuals, there is prejudice to the District—the Order treats the likelihood of criminal conduct by District employees as a foregone conclusion. Even if this was the opinion of the Special Master, the need for both neutrality and confidentiality would lend toward such opinions not being made public until such time as the investigation is complete. In their most recent handbook, The Academy of Court Appointed Masters cautions "[f]or better or for worse, the conduct of a special master (or other judicial adjunct) reflects significantly on

the judge. Regardless of restrictions on *ex parte* conversations between the judge and the master, the parties (and the world) will likely believe that, to some extent, the master is able to speak for the judge and is informed by the judge's thinking. Parties read volumes into what the master says, does, and even hints at. In high-profile litigation, even the master's political, social, and religious activity might come under scrutiny. The press, legislative entities, and regulatory entities that cannot contact the judge about the case may try to contact the master about the case, hoping that the master will answer questions the judge will not answer." *Appointing Special Masters and other Judicial Adjuncts: A Handbook for Judges and Lawyers*, 2nd Ed. 2009.

Further, to highlight and isolate witnesses in this manner serves to stymie the legitimate purpose of the Special Master's investigation: to investigate, examine and report on the potential destruction of evidence. If witnesses, upon reading the order, react with fear as to potential ramifications (no matter how unlikely those ramifications may be), they are unlikely to offer any real assistance to the Special Master in his fact-finding efforts. The District notes that in an earlier Order in this case, the Special Master (acting in his capacity as Magistrate Judge) prohibited the parties from releasing discovery materials into the public domain. *See* Memorandum Opinion, Doc. No. [604] ("Lest there be any doubt, I express my opinion that the parties to this case and their counsel will not disseminate, transmit to another person, or disclose to any person who is not a party to this lawsuit documents, electronically stored information and all other information that has been produced in discovery by any party to this lawsuit"). With this Order, the Special Master properly recognized that the goal of this proceeding is the pursuit of truth, not the public embarrassment of individuals who have not been adjudicated as having committed any wrongdoing. The same should be true of this investigation.

### C. COLLECTIVELY ADVISING THE WITNESSES OF THEIR RIGHTS IS UNNECESSARY AND PREJUDICIAL.

In addition to the problems with the tone and focus of the Order, under the current approach, all fourteen of these publicly identified witnesses will be brought to a single (apparently public) hearing where they will, in effect, be "read their rights" as an assembled group. While it is unclear from the Order the precise way that this hearing would be conducted and proceed, under any circumstances, this proceeding would exacerbate the unjustified impression created by this Order that these fourteen individuals are criminal co-conspirators even though there has been no finding of probable cause that any of them (let alone all of them) has committed a crime. This is unfairly prejudicial. As is stated above, there are other means to accomplish the same ends, such as the Special Master requiring the District to clarify the representational status of the witnesses identified under seal. This could be accomplished in writing (or at a hearing) by a date certain. Counsel would then have advised the witness of the possibility of a criminal referral and the witness' right against self-incrimination, and the Special Master could have ensured that the witness had been so advised prior to the commencement of the testimony. For example, the Court could have required witnesses, through counsel where appropriate, to confirm in writing that they have been advised of their rights.

## II.     OTHER THAN THOSE WHO ARE INDIVIDUAL DEFENDANTS IN THIS CASE, THE SPECIAL MASTER LACKS JURISDICTION TO DIRECT THE WITNESSES, THROUGH HIS ORDER, TO APPEAR AT THE HEARING.

This Court appointed Magistrate Judge Facciola as Special Master in the *Chang* and *Barham* cases. See Appointment Order at 2. Therefore, the Special Master's orders are binding upon the parties (individual plaintiffs and defendants, and the governmental entities which are defendants) and counsel. Of the fourteen witnesses listed in the Order, two of them are individual defendants under the jurisdiction of this Court and the Special Master. Because the District of Columbia is a party, and the Office of the Attorney General has committed itself to

8

assist in the Special Master's investigation, employees of the District of Columbia are under the control of the District Defendant, and the District will ensure the attendance of its employees.[3] Five additional witnesses on the list are current District of Columbia Government employees.

While the Office of the Attorney General has complied with the directive of the Special Master by making the Memorandum Order available to each person listed and is currently in the process of determining which, if any, of its employees it will represent directly and for which, if any, of its employees it will provide representation, the District has no control over former employees' attendance at the hearing.

### III. THE SPECIAL MASTER ORDER SHOULD BE AMENDED AND THE HEARING DATE CANCELED.

The District requests this Court amend and/or modify the Special Master Order as follows:

a. The upcoming hearing should be canceled, and the District should instead be required to clarify the representational status of these individuals in writing.

b. The attorneys of those witnesses who are represented by counsel, which the District anticipates will be the majority of those listed, should be required to confirm for the Special Master in writing that their respective clients have been advised of their rights.

c. The Order should state plainly that the Special Master's investigation is civil, not criminal, in nature, and references to the Department of Justice regulations for employees under criminal investigation should be stricken for lack of relevance.

---

[3] However, due to the nature of the Order issued, the District can no longer ensure the cooperation of those employees in hearings in this matter, to the extent that such cooperation is against the advice of their personal counsel.

  d.  In the event that the filings of the District and counsel for the witnesses do not fully resolve the Special Master's concerns, then a hearing should be scheduled to address those concerns. However, the Special Master should not require the attendance of represented individuals and non-party former District employees, and any hearing should be closed to the public.

## IV. THE ORDER APPONTING SPECIAL MASTER SHOULD BE AMENDED TO INCLUDE PROCEDURAL SPECIFICATIONS.[4]

Because this investigation is not meant to be a trial within a trial, and because the "appointment of the Special Master shall not interfere with ongoing discovery or with the scheduling of or preparation for pre-trial and trial proceedings" (*see* Appointment Order at 5), it is critical for procedures to be in place which protect the advancement of the investigation and prevent prejudice to any party as the case on the merits advances toward trial. As was stated in the District's response regarding appointment of a Special Master, if the Special Master had been able to make findings of fact, there would have been prejudice to the parties at trial, because he would have done so absent confrontation through cross-examination of witnesses by the parties to the litigation. This Court did not authorize the Special Master to make findings of fact. Instead, he may make *recommendations* of findings of fact and conclusions of law. *See* Appointment Order at 2 (emphasis added). However, for the Special Master to be able to take sworn testimony in a public proceeding has the same effect, if not worse. If the hearing or proceeding is not closed, then every other witness would have advance knowledge of what other witnesses have said, the testimony is available to opposing parties, and is also available to the

---

[4] The District proposes the following amendments contemporaneously with its objections as the proposed changes relate to the instant filing. However, should a separate motion be required in order for the Court to rule, the District will file the same.

press.[5] Therefore, this sworn testimony becomes potential impeachment evidence at the trial in this case and also would be made available to potential jurors, whether or not it is ultimately considered by the Special Master in making the recommendations and report he submits to this Court.

Therefore, pursuant to Section VII of this Court's Order Appointing Special Master, which states that the Order "may be amended at any time by the Court after reasonable notice and an opportunity to be heard is provided to all parties" (*see* Appointment Order at 5), the District requests this Court to amend its Order Appointing Special Master to:

a.  Require sworn testimony proceedings and evidentiary hearings be closed proceedings in which only the witness and the parties be permitted to be present.

b.  Require the parties be afforded the opportunity for cross-examination for any witness offering sworn testimony, as this testimony may ultimately be made public as an appendix to the report filed by the Special Master at the conclusion of his investigation.

c.  Limit the information that may be disclosed on the public record to administrative matters until such time as the Special Master's final report and recommendations are submitted.

>Respectfully submitted,
>
>PETER J. NICKLES
>Attorney General for the District of Columbia
>
>/s/George C. Valentine_____
>GEORGE C. VALENTINE
>Deputy Attorney General
>Civil Litigation Division

---

[5] At this point, the Special Master has not indicated to the District whether or not he intends to hold open hearings beyond the hearing scheduled for August 16th.

/s/ Monique A. Pressley
MONIQUE A. PRESSLEY [464432]
Senior Assistant Attorney General
Equity Section I
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6610
Fax: (202) 741-0424
monique.pressley@dc.gov

/s/  Shana L. Frost
SHANA L. FROST [458021]
Assistant Attorney General

*Attorneys for Defendants District of Columbia, Michael Fitzgerald, Brian Jordan, Bryan DiGirolamo, Andre Harrison, and Michael Smith and official capacity defendants Chief of Police Cathy Lanier and Assistant Chief of Police Peter J. Newsham*