**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

———————————————————

RAYMING CHANG, *et al.*,       )

                     )

          Plaintiffs,     )

                     )

vs.                   )    Civ. Action No. 02-2010 (EGS/JMF)

                     )

UNITED STATES OF AMERICA, *et al.*,  )

                     )

          Defendants.   )

———————————————————)

### *CHANG* PLAINTIFFS' SUPPLEMENTAL SUBMISSION REGARDING STANDING TO SEEK EQUITABLE RELIEF <u>AND REQUEST TO RESCHEDULE TIME OF HEARING</u>

      *Chang* Plaintiffs, through counsel, hereby respond to the August 21, 2010 Minute Order "[r]ecognizing the dearth of authority from this Circuit cited by either party relating to the standing issue" and directing *Chang* Plaintiffs to submit "points and authorities of law to support the award of equitable relief to individuals, as distinguished from classes or putative classes, notwithstanding challenges under Article III."[1]   This submission supplements the points and authorities already set forth in *Chang* Plaintiffs' January 8, 2010 Opposition ("*Chang* Opposition") (Dkt. No. 585) to the District's Motion for Summary Judgment on the *Chang* Plaintiffs' Claim for Equitable Relief ("District's Motion") (Dkt. No. 574).

---

[1]     The Minute Order also scheduled a hearing on *Chang* Plaintiffs' claims for equitable relief on September 8, 2010 at 12:45 p.m.  Jonathan Turley, co-lead counsel for *Chang* Plaintiffs, is scheduled to teach a class that day from 12:05 p.m. to 1:20 p.m.  Accordingly, *Chang* Plaintiffs respectfully request that the Court reschedule the hearing for any other time that day that is convenient for the Court.

**INTRODUCTION**

*Chang* Plaintiffs' status as individual plaintiffs does not preclude them from obtaining equitable relief.  While the fact that the *Chang* Plaintiffs are not members of a class may conceivably bear on the scope of equitable relief they receive, courts routinely grant individual plaintiffs equitable relief and this Court, following applicable precedent, has the power to grant equitable relief to the individual *Chang* Plaintiffs, even if such relief necessarily benefits others.

An explanation for a "dearth of authority" governing the standing determination in this case, which the Court referred in its August 21, 2010 Minute Order, may be that the Courts in this District simply have not had the opportunity to apply the *Lyons* standard to the extraordinary circumstances found here.  Here, the *Chang* Plaintiffs not only were subject to the most recent in a decades-long series of unconstitutional searches and seizures, but named Defendants themselves have made clear that they either believed they acted in the best interests of the District in making the illegal mass arrests at Pershing Park or would do nothing different if faced again with same situation.[2]  As set forth below, the District's Motion audaciously invites the Court to make a premature factual determination that there is no longer a risk of unlawful mass arrest in the District, despite a highly conflicting record and a genuine dispute of material fact that precludes summary judgment.

**I.     Individual Plaintiffs May Obtain Equitable Relief.**

The fact that *Chang* Plaintiffs are not members of a class is of no moment to the standing inquiry and does not preclude them from obtaining the equitable relief they seek.  It is beyond

---

[2]     Assistant Chief Peter Newsham has repeatedly stated that he still believes that what he did was in the best interests of the District and that, if there were not a mass arrest, the streets may have overrun by protestors.  (*See Chang* Opposition at 16.)  Individual named officers testified that they not only believe that what they did was correct but that they would do it again. (*Id.* at 16-17.)

dispute that an individual plaintiff or a group of individual plaintiffs may obtain an injunction, *i.e.*, that equitable relief is available outside of class actions.  *E.g.*, *Sherley v. Sebelius*, 610 F.3d 69, 72-75 (D.C. Cir. 2010) (holding that individual plaintiffs had standing to seek injunctive relief).

*Chang* Plaintiffs' status as individual plaintiffs may have an impact on the scope of the equitable relief the Court deems appropriate after considering the testimony and evidence presented at trial.  *Chang* Plaintiffs seek declaratory and injunctive relief in their Third Amended Complaint.  (*See* Dkt. No. 133-1.)  As a practical matter, if it is granted, such relief would benefit others.   While an injunction must be narrowly tailored, the Court has the power to grant individual plaintiffs equitable relief, even if doing so will benefit others who are not parties to the action, though it cannot bind others who are not party to the action.

The decisions of this Court recognize that individual plaintiffs may obtain injunctions that benefit others.  In *Gray v. International Bhd. of Elec. Workers*, 73 F.R.D. 638 (D.D.C. 1977), this Court found no need to certify a class where individual plaintiffs sought injunctive relief that, if granted, would necessarily benefit others similarly situated:

> The relief sought by the plaintiffs is for the most part in the nature of declaratory and injunctive relief.  They seek this Court's determination that the defendants have engaged in and continue to engage in certain discriminatory practices in connection with which they are personally aggrieved.  If they are successful in their suit, this Court must fashion an appropriate equitable decree.  Such a decree would of course be directed toward the discriminatory practices alleged and would thus afford injunctive relief to all victims of such discrimination, not merely to the plaintiffs bringing this action.
>
> Insofar as this aspect of the plaintiffs' suit is concerned, then, there exists no need for this case to be certified as a class action.  This Court has consistently and emphatically adhered to the view that when, as here, "the relief being sought can be fashioned in such a way that it will have the same purpose and effect as a class action," the certification of a class action is unnecessary and inappropriate. . . . This view, although supported by limited (yet prevailing) precedent when first articulated by this Court, has now become a well-settled rule employed by numerous district courts, discussed by at least one commentator, and recognized

by several circuit courts of appeal.  Accordingly, the Court finds that with respect to the predominant part of plaintiffs' prayer seeking declaratory and injunctive relief, "(n)o useful purpose would be served by permitting this case to proceed as a class action."

*Id.* at 640 (citations omitted).  *See also Love v. Veneman*, 224 F.R.D. 240, 245 (D.D.C. 2004) ("If declaratory and injunctive relief were all that plaintiffs sought in this case, class certification would be unnecessary anyway" because a claim "brought by one or more individual plaintiffs could yield the injunctive relief these plaintiffs have prayed for . . . without class certification"); *Lobue v. Christopher*, 893 F. Supp. 65 (D.D.C. 1995) (following *Gray* by declining to certify class and granting individual plaintiffs' request for an injunction imposing a general restraint on government conduct), *vacated on other grounds*, 82 F.3d 1081 (D.C. Cir. 1996).

The law is similar in other Circuits.  In *Thomas v. Washington County School Bd.*, 915 F.2d 922 (4th Cir. 1990), an individual plaintiff sued a school board seeking to enjoin discriminatory hiring practices.  Concluding that the district court should issue an injunction against the school board, the Fourth Circuit stated that "[t]he fact that [the individual plaintiff] did not bring a class action is of no moment."  According to the court, "'[t]his is so because the settled rule is that '[w]hether plaintiff proceeds as an individual or on a class suit basis, the requested [injunctive] relief generally will benefit not only the claimant but all other persons subject to the practice or the rule under attack.'" *Id.*  at 925-26 (quoting *Sanford v. R.L. Coleman Realty Co.*, 573 F.2d 173 (4th Cir. 1978)).  *See also Washington v. Reno*, 35 F.3d 1093, 1103-04 (6th Cir. 1994) (upholding nationwide injunction obtained by several inmates prior to class certification, "[b]ecause relief for the named plaintiffs in this case would also necessarily extend to all federal inmates").

In *International Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547 (9th Cir. 1986), the Ninth Circuit upheld a preliminary injunction limiting the circumstances

under which federal agents could conduct factory searches targeting illegal immigrants.  The Government argued that the injunction should only benefit employers who were individual plaintiffs in the action, but the court found "[a]n injunction benefiting nonparties is permissible 'if such breadth is necessary to give prevailing parties the relief to which they [individually] are entitled.'"  *Id.* at 554 (quoting *Zepeda v. INS*, 753 F.2d 719, 729 n.1 (9th Cir. 1983)).[3] Accordingly, "[a]n injunction is not necessarily made over-broad by extending benefit or protection to persons other than prevailing parties in the lawsuit – even if it is not a class action – *if such breadth is necessary to give prevailing parties the relief to which they are entitled.*" *Bresgal v. Brock*, 843 F.2d 1163, 1170-71 (9th Cir. 1987) (emphasis original).

*Chang* Plaintiffs seek a declaratory judgment and an injunction that protects their civil and constitutional rights by banning the use of the trap-and-arrest technique by the law enforcement agencies and personnel who are defendants in this action.  A broad order preventing any defendant from engaging in such activities in the District is necessary to extend this protection to the *Chang* Plaintiffs.

At a minimum, the Court could grant an injunction that protects only the *Chang* Plaintiffs from unconstitutional mass arrests in the District.  As a practical matter, however, even an injunction protecting only the *Chang* Plaintiffs would necessarily benefit others.  It would be Defendants' burden to comply with such an injunction, on penalty of contempt, and Defendants

---

[3]      In *Zepeda*, the Ninth Circuit vacated a preliminary injunction, finding that it was too broad because it benefitted non-parties, and its benefits should have been limited to the individual plaintiffs in the absence of class certification.  753 F.2d at 729.  The Ninth Circuit, however, later retreated from this decision and limited the precedential value of *Zepeda* to cases involving preliminary injunctions.  *Bresgal v. Brock*, 843 F.2d 1163, 1169 (9th Cir. 1987) ("*Zepeda* . . . concerned a preliminary injunction, and is limited to that situation").  The Ninth Circuit also clarified that "[t]he import of the rule underlying *Zepeda* is that an injunction cannot issue against an entity that is not a party to the suit." *Id.* at 1170.  Unlike in *Zepeda*, *Chang* Plaintiffs seek a permanent injunction that binds only the parties to this action.

would have little choice but to abstain from carrying out illegal mass arrests on the chance that

one of the *Chang* Plaintiffs is present.  *See Zepeda*, 753 F.2d at 728 n.1 ("The individual

plaintiffs need not take any action to identify themselves to make it easy for the INS to comply

with the injunction.  Rather, the burden is on the INS to comply; as a *practical* (but not legal)

matter, the INS may have to end its challenged practices entirely to avoid the possibility of

violating the injunction and being sanctioned for contempt.").

In any event, the mere fact that the *Chang* Plaintiffs are not members of a class does not

preclude them from obtaining the equitable relief they seek – it merely impacts the scope of any

equitable relief the Court chooses to grant after trial.  It is beyond doubt that equitable relief is

available to individual plaintiffs, and the foregoing authorities establish that, if necessary, the

Court has the power to enter an injunction for the benefit of those plaintiffs as well as others

similarly situated.   Accordingly, *Chang* Plaintiffs cannot be denied equitable relief merely

because they are not part of a class or putative class.

## II.     The Facts Of This Case Are Unique.

To the extent that there is any "dearth" of authority from this jurisdiction regarding

standing in a case such as this one, it may be due to the fact that there are seldom cases such as

this one, which involves a long history of bad faith and continuing unconstitutional mass arrests

by the District, followed by settlements to avoid accountability for District officials or truly

meaningful relief to prevent continued illegal mass arrests in the future.[4]  The parties agree that

the legal standard governing *Chang* Plaintiffs' standing to seek equitable relief is set forth in *City*

*of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) ("[T]he injury or threat of injury must be both

---

[4]      *Chang* Plaintiffs believe that the authority from other jurisdictions that is cited in their
Opposition is compelling and on-point precedent that can guide the Court in considering the
District's Motion.

'real and immediate,' not 'conjectural' or 'hypothetical.'"). The *Lyons* standard has been applied many times by many courts, but *Chang* Plaintiffs are not aware of it being applied to facts like these, perhaps because the governments involved in other cases have seldom been so brazen in their legal tactics. In *Lyons*, the plaintiff lacked standing to obtain equitable relief because it was too speculative to suggest that he would again experience the improbable sequence of events that led him to be arrested and choked by police. *Id.* at 108. This case is very different.

As a threshold matter, to establish standing to pursue equitable relief, *Chang* Plaintiffs need only show that one of them faces a real and immediate threat of future harm of the type they seek to enjoin. *Mountain States Legal Found. v. Glickman*, 92 F.3d 1228, 1232 (D.C. Cir. 1996) ("[I]f constitutional and prudential standing can be shown for at least one plaintiff, [the court] need not consider the standing of the other plaintiffs to raise that claim."); *Animal Legal Defense Fund, Inc. v. Glickman*, 154 F.3d 426, 429 (D.C. Cir. 1998) (en banc) (same); *Iyengar v. Barnhart*, 233 F. Supp. 2d 5, 11 (D.D.C. 2002) ("It is well-settled that if a single plaintiff has standing to sue, the Court may proceed to the merits without passing on the standing of the other individual plaintiffs.").

Accordingly, to find that *Chang* Plaintiffs cannot obtain equitable relief, the Court must consider the facts in a light most favorable to the *Chang* Plaintiffs and conclude that there is no "real and immediate" risk that the Defendants will carry out yet another unconstitutional mass arrest in the District of Columbia at an event attended by any of the *Chang* Plaintiffs. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("In response to a summary judgment motion" challenging standing, plaintiff seeking equitable relief "must 'set forth' by affidavit or other evidence 'specific facts,' . . . which for purposes of the summary judgment motion will be taken to be true").

Whether there exists such a "real and immediate" risk is a hotly disputed question of fact that cannot be resolved at the summary judgment stage. *See, e.g.*, *Natural Resources Defense Council, Inc. v. Watkins*, 954 F.2d 974, 981 (4th Cir. 1992) (reversing summary judgment on standing where trial court discounted affidavits supporting plaintiffs' claim for equitable relief and remanding for a factual hearing that would "enable the finder of fact to evaluate the credibility of the testimony and the relative weight that should be accorded to the conflicting scientific conclusions"); *Vestcom Int'l, Inc. v. Chopra*, 114 F. Supp. 2d 292, 302 (D.N.J. 2000) (applying *Lyons* standard and concluding that "whether defendants intend a business combination . . . is a question of fact material to the issue of standing and precludes summary judgment.").

*Chang* Plaintiffs have already set forth the 40-year history of trap-and-arrest in the District, spanning from the May Day arrests in 1971 through the most recent mass arrests in April 2000, April 2002, September 2002, and January 2005.   (*Chang* Opposition at 12-15.) *Chang* Plaintiffs have also provided the Court with testimony from MPD officials and officers who have expressed no regrets and suffered no reprisals for their participation in a mass arrest maneuver that was prohibited by MPD policy and declared unconstitutional by the D.C. Circuit more than 30 years ago in *Cullinane* and *Dellums*.  (*Id.* at 15-21.)  To the contrary, MPD officials and officers have testified that they would do nothing differently if they found themselves in the same situation today.  (*Id.*)  In addition, *Chang* Plaintiffs have submitted an affidavit establishing that, despite his experiences at Pershing Park in 2002, Plaintiff Christopher Zarconi continues to

attend and photograph demonstrations in the District of Columbia, and he thus faces a real and immediate risk of once again being trapped and arrested.[5]

In support of its Motion, despite its long and checkered history of unconstitutional conduct that includes several mass arrests in the last decade, the District trumpets the fact that it has avoided being caught carrying out any unconstitutional mass arrests in the last few years – although not since the inception of this litigation – and points to the enactment of the First Amendment Rights and Police Standards Act of 2004, D.C. Code § 5-331.05 *et seq.*, a toothless statute that prescribes no penalties, creates no cause of action, and contains no enforcement mechanism.  This is not sufficient.  Indeed, the District has returned to the very same pattern from earlier cases – securing settlements with payments to litigants and lawyers and promising again to comply with standards that were already binding before the arrests, while declining to agree to observe the most basic and simple requirement that it make no more illegal mass arrests.

The unique facts of this case, taken in a light most favorable to *Chang* Plaintiffs, reveal a very real and immediate chance that at least one of the *Chang* Plaintiffs will again be trapped and arrested by law enforcement in the District in the absence of effective equitable relief.  At the very least, there is a genuine dispute about this central question that precludes summary judgment.

## CONCLUSION

For all of the foregoing reasons and those stated in the *Chang* Opposition, the District's Motion should be denied.

---

[5]    While *Chang* Plaintiffs do not concede that any of them lack standing, a finding that Plaintiff Zarconi's affidavit establishes his standing to pursue equitable relief is sufficient to defeat the District's Motion.

Respectfully submitted,

/s/ Daniel C. Schwartz
Daniel C. Schwartz (D.C. Bar No. 017749)
Jacob A. Kramer (D.C. Bar No. 494050)
P.J. Meitl (D.C. Bar No. 502391)
BRYAN CAVE LLP
1155 F Street, N.W., Suite 700
Washington, D.C. 20004
(202) 508-6000

/s/ Jonathan Turley
Jonathan Turley (D.C. Bar No. 417674)
2000 H Street, N.W.
Washington, D.C. 20052
(202) 994-7001

Counsel for the *Chang* Plaintiffs

Dated:  August 26, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2010, I caused copies of the foregoing to be served by

electronic means, upon the following:

Counsel for the District and OAG Individual Defendants and Assistant
Chief Newsham in his Official Capacity

Ellen Efros
Assistant Deputy Attorney General
Office of the Attorney General
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001
(202) 442-9886
Fax: (202) 727-3625
ellen.efros@dc.gov

Monique Pressley
(also serving as personal counsel for Thomas L. Koger and Terrence D. Ryan)
Office of the Attorney General
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6594
Fax: (202) 727-0431
monique.pressley@dc.gov

Shana Frost
Office of the Attorney General
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax: (202) 741-8934
shana.frost@dc.gov

Counsel for the Federal Defendants

Marina Braswell
Brian Hudak
Office of the U.S. Attorney
For the District of Columbia
555 4th Street, N.W., Room 10-413
Washington, D.C. 20530
marina.Braswell@usdoj.gov
brian.hudak@usdoj.gov
(202) 514-7226 (Braswell)

Fax: (202) 514-8780 (Braswell)
(202) 514-7143 (Hudak)

      Counsel for Defendant Peter J. Newsham

Robert E. Deso, Esq.
David Buckley, Esq.
DESO & BUCKLEY, P.C.
1828 L Street, NW
Suite 660
Washington, DC 20036
(202) 822-6333
Fax: (202) 822-6665
RDeso@DTSWLaw.com
dwbuckley@dtswlaw.com

      Counsel for Defendant Charles H. Ramsey

Mark H. Tuohey III
601 Thirteenth Street, N.W.
Suite 600
Washington, DC 20005
(202) 536-1700
mtuohey@brownrudnick.com

      Counsel for Defendant Fairfax County Sheriff's Department

Alex Francuzenko
Cook, Kitts & Francuzenko, PLLC
3554 Chain Bridge Road
Suite 402
Fairfax, VA 22030
(703) 865-7480
Fax: (703) 434-3510
afrancuzenko@cookkitts.com

      Counsel for James Crane and George Crawford

Roger E. Zuckerman
Alexandra W. Miller
Zuckerman Spaeder LLP
1800 M St., N.W., Suite 1000
Washington, D.C. 20036

(202) 778-1802
rzuckerman@zuckerman.com

       Counsel for Ronald Harris

Jennifer M. Blunt
Kutak Rock LLP
1101 Connecticutt Ave., N.W. Suite 1000
Washington, D.C.  20036
(202) 828-2400
Jennifer.blunt@kutakrock.com

       Counsel for Neil Trugman

David Schertler
Danny Onorato
Schertler & Onorato, LLP
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, DC 20004
(202) 628-4199
dschertler@schertlerlaw.com
donorato@schertlerlaw.com

       Counsel for Alfred Broadbent

Robert S. Bennett
Hogan Lovells US LLP
555 Thirteenth Street, N.W.
Washington, DC 20004
robert.bennett@hoganlovells.com
(202) 637-6464

       Counsel for Cecilia M. Tilghman

Jeanett P. Henry
8701 Georgia Avenue; Suite 403
Silver Spring, MD 20910
(301) 562-1340
JHenry2085@aol.com

/s/ P.J. Meitl

BRYAN CAVE LLP
1155 F Street, N.W., Suite 700
Washington, D.C. 20004
(202) 508-6043

Counsel for the *Chang* Plaintiffs