UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMING CHANG, *et al.*, | : |
| Plaintiffs, | : |
| v. | : Civ. Action No. 02-02010 (EGS) |
| UNITED STATES OF AMERICA, *et al.*, | : |
| Defendants. | : |

**DISTRICT OF COLUMBIA DEFENDANTS' SUPPLEMENTAL SUBMISSION IN RESPONSE TO THE COURT'S MINUTE ORDER OF AUGUST 21, 2010**

The District of Columbia hereby responds to the Court's order of August 21, 2010. The Court's order directed plaintiffs "to provide the Court with points and authorities of law to support the award of equitable relief to individuals, as distinguished from classes or putative classes, notwithstanding challenges under Article III." The Court further directed the District defendants to "respond with points and authorities that arguably do not support such an award by no later than September 1, 2010." The Court also expressly instructed the parties "not to repeat any arguments previously made."

As an initial matter, there are a number of cases from this jurisdiction that, based on Article III and the absence of a real and immediate threat of injury, have rejected individuals' claims for injunctive or declaratory relief against assertedly unconstitutional law-enforcement practices. Just last year, for example, Chief Judge Lamberth found that an individual subject to an allegedly unlawful seizure based on an anonymous tip could not obtain a declaratory judgment concerning the unconstitutionality of the asserted practice because of the absence of any immediate threat that the individual would again be subject to the assertedly unlawful

conduct.  *See Johnson v. Williams*, *et al.*, 2009 WL 6810187 (D.D.C. August 25, 2009).  Specifically, the Court rejected the proposed relief because the individual could not establish that "*he himself* would again be subjected to such a stop (based on an anonymous tip in a non-emergency situation)." *Id*. at *2 (emphasis in original).  *See also Hedgepeth v. WMATA*, 386 F.3d 1148, 1152 (D.C. Cir. 2004) (finding individual lacked standing to obtain prospective relief against zero-tolerance policy requiring that juveniles be taken into custody for such offenses as eating on the Metro); *Johnson v. District of Columbia*, 248 F.R.D. 46, 56 (D.D.C. 2008) (concluding that individuals lacked standing to obtain prospective relief against search policies of the United States Marshal Service); *Alliance for Global Justice v. District of Columbia*, C.A. No. 01-811, 2006 U.S. Dist. LEXIS 55019, 6-10 (D.D.C. Aug. 9, 2006) (Facciola, Mag. J.) (report and recommendation) (adopted by order of August 30, 2006, Docket No. [242]) (recommending dismissal of claim for declaratory relief against alleged practice of conducting fire inspection to thwart protests because of the absence of a real and immediate threat of immediate harm).  These cases confirm the principles set forth in previously cited authority and further demonstrate that the Court lacks jurisdiction to grant the requested relief.

The first half of the *Chang* plaintiffs' response to the Court's order cites authority outside the law-enforcement context standing only for the unremarkable propositions that (1) individuals may in some cases obtain injunctions and (2) those injunctions may sometimes, as a practical matter, indirectly benefit individuals who are not parties to the case.  *See Chang* Plaintiffs' Supplemental Submission Regarding Standing to Seek Equitable Relief and Request to Reschedule Time of Hearing ("*Chang* Pl. Supp. Subm.") at 2-6.  Defendants have never contended otherwise.  To the contrary, there undoubtedly are cases where courts may grant prospective declaratory or injunctive relief to individuals as distinct from classes where the

practices are ongoing and there is a real and immediate threat to individuals from the practices. *See*, *e.g.*, *Mills v. District of Columbia*, 571 F.3d 1304, 1312 (D.C. Cir. 2009) (reversing denial of preliminary injunction as to checkpoint policy based on findings that the policy was likely unconstitutional and that the "police chief has expressed her intent to continue to use the program unless a judge stops her").  For the reasons previously discussed in prior filings, however, this is not such a case because there is no real and immediate threat that the *Chang* plaintiffs will again be subject to the challenged conduct.

In contravention of the Court's directive that the parties not do so, the second half of plaintiffs' supplemental submission summarizes and repeats prior arguments.  *See Chang* Pl. Supp. Subm. at 6-10.  Defendants have demonstrated the inadequacy of each of the points made by plaintiffs – *e.g.*, the purported "long history" of engaging in the challenged practices followed by settlements (five asserted instances over a 40-year period with none in the last five years), cited testimony from individual officers, the asserted lack of "reprisals" against MPD officers, the claim that the 2004 statute is "toothless," and the Zarconi affidavit.  Based on the Court's order, the District will not repeat its responses here.  Instead, the District respectfully refers the Court to its reply brief, which addresses these points in detail and demonstrates, along with the District's initial brief and the authority cited in both, that plaintiffs have no serious basis for opposing the District's motion.  *See* District's Reply to Pls.' Opp. to Mot. for Partial Sum. J. at 6-7, 8, 9-11 (addressing prior mass arrests); 7-8 and 11-13 (addressing the First Amendment Assemblies Act of 2004); 9-10 (addressing the failure of the Zarconi Affidavit to create a material factual dispute); 11-12 (addressing the cited testimony of officers and asserted lack of "reprisal").

Plaintiffs also attempt to supply additional authority in support of their previously advanced suggestion that whether there is a "real and immediate" threat of harm "cannot be resolved at the summary judgment stage." *See* Pl. Suppl. Subm. at 8.  To the contrary, the authority cited above and in prior filings makes clear that courts frequently resolve this question at the summary-judgment or motion-to-dismiss stage.  Moreover, plaintiffs' assertions squarely contradict the precedent of this Circuit which provides that, in assessing standing at the pleading or summary-judgment stages, courts need not defer to a plaintiff's speculative predictions of harm.  Instead, courts

> distinguish[] allegations of facts, either historical or otherwise demonstrable, from allegations that are really predictions.  When considering any chain of allegations for standing purposes, we may reject as overly speculative those links which are predictions of future events (especially future actions to be taken by third parties) and those which predict a future injury that will result from present or ongoing actions – those types of allegations that are not normally susceptible of labeling as 'true' or 'false.'  *Our authority to reject as speculative allegations of future injuries is well-established*.

*See United Transportation Union v. ICC*, 891 F.2d 908, 912 (D.C. Cir. 1989) (emphasis added); *see also Florida Audubon Soc. v. Bentsen*, 94 F.3d 658, 667-68 (D.C. Cir. 1996) (en banc) (applying this principle in upholding grant of summary judgment based on absence of standing).  Because there is no basis for plaintiffs' claim that there is a real and immediate threat that MPD will engage in the challenged practices and/or that the *Chang* plaintiffs would be injured if they did, summary judgment should be granted.

By contrast, of the two cases cited by plaintiffs, one involved a genuine scientific dispute as to the likely impact of a nuclear reactor that the Department of Energy had specifically proposed to reopen, *see Nat'l Resources Defense Council, Inc. v. Watkins*, 954 F.2d 974, 980-81 (4th Cir. 1992), and the other did not even involve a dispositive motion based on standing at all.  Instead, the summary-judgment motion at issue was rejected because of the Court's concerns

over the standing of the parties who had filed the dispositive motion. *See Vestcom Int'l, Inc. v. Chopra*, 114 F. Supp. 2d 292, 302 (D.N.J. 2000). In sum, in repeating this prior argument and attempting to supplement it with two inapposite cases from other jurisdictions, *Chang* plaintiffs succeed only in violating the Court's directive while disregarding precedent from this Circuit and confirming the poverty of their position.

## CONCLUSION

For the foregoing reasons, and the reasons stated in the District's prior motion and reply brief, the District's motion should be granted.

          Respectfully submitted,

          PETER J. NICKLES
          Attorney General for the District of Columbia

          GEORGE C. VALENTINE
          Deputy Attorney General
          Civil Litigation Division

          SAMUEL C. KAPLAN
          Assistant Deputy Attorney General
          Civil Litigation Division

          /s/ Monique A. Pressley_____
          MONIQUE A. PRESSLEY [464432]
          Senior Assistant Attorney General
          Equity Section I
          441 4th Street, NW, 6th Floor South
          Washington, DC 20001
          (202) 724-6610
          Fax: (202) 741-0424
          monique.pressley@dc.gov

          /s/  Shana L. Frost_____
          SHANA L. FROST [458021]
          Assistant Attorney General

          *Attorneys for Defendants District of Columbia, Michael Fitzgerald, Brian Jordan, Bryan DiGirolamo, Andre*

>*Harrison, and Michael Smith and official capacity defendants Chief of Police Cathy Lanier and Assistant Chief of Police Peter J. Newsham*