IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RAYMING CHANG, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civ. Action No. 02-2010 (EGS/JMF) |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT RESPONSE BY *CHANG* PLAINTIFFS AND THE DISTRICT OF COLUMBIA TO ORDER OF MAGISTRATE JUDGE FACCIOLA

*Chang* Plaintiffs and the District of Columbia (the "District"), through counsel, hereby respond to the September 21, 2010 Order of Magistrate Judge John M. Facciola as follows:

### PROCEDURAL BACKGROUND

On April 9, 2010, the *Chang* Plaintiffs filed a motion with this Court to overrule objections made by the District in depositions of individual District Defendants based on claims of attorney-client privilege and/or attorney work product protection. (Dkt. No. 635 at 1.) On September 21, 2010, the Court concluded that it "appears that plaintiffs now have all documents the District of Columbia has pertaining to litigation holds and the obligation to preserve information. In my opinion, I pointed out that there was no substitute for the contemporaneous written instructions give to concerned people about litigation holds and their obligations to preserve information." (Dkt. No. 700 at 1-2.) The Court further suggested that since plaintiffs have such written instructions they may not need the testimony originally sought and also suggested that "since no appeal was taken from my opinion denying the privilege claims …, the defendants may now be willing to withdraw the claims originally asserted at the depositions."

(*Id.* at 2.) The Court ordered the parties to "meet and confer in person within the next ten days and file by October 1, 2010 either the stipulations they have arrived at or a joint statement of the issues that the Court must still resolve, despite the documents now made available." (*Id.* at 2.)

**I. Though the parties have not agreed upon stipulations at this time, the District and the *Chang* Plaintiffs agree that the Court should rule on *Chang* Plaintiffs' motion to permit completion of depositions.**

The parties complied with the Court's September 21, 2010 order directing the parties to meet and confer to see if they can arrive at stipulations that may render unnecessary the need for additional deposition testimony. The parties were unable to agree. Therefore, *Chang* Plaintiffs' request that the Court grant their motion to permit completion of depositions. The District's objection to the resumed depositions stands as it believes such depositions of individual defendants who have already been deposed numerous times would be an undue burden where another better alternative, written interrogatories, is available. However, the District has indicated that, should the Court grant *Chang* Plaintiffs motion to resume the depositions of the individual defendants, it does not intend to object and/or instruct a witness not to answer questions regarding which the Court has already ruled. *Chang* Plaintiffs therefore should be able to resume the discovery (either through depositions or interrogatories) and seek answers to those questions which it still desires to ask. The District also will not object to additional questions which are covered by Magistrate Judge Facciola's previous rulings, but wishes to make clear that if the *Chang* Plaintiffs raise privilege issues which have not been previously ruled upon, then the District reserves the right to object. Thus, both the District and the *Chang* Plaintiffs take the position that the Court should rule on Chang Plaintiffs' motion to permit completion of discovery.

II.   **The *Chang* Plaintiffs Request that the Court Resolve the Remaining Issues Regarding Documents Related to the Litigation Hold and Document Preservation.**

There are two remaining issues that the *Chang* Plaintiffs believe that the Court should resolve that are related to litigation holds and document preservation.[1]  First, the District has not provided the *Chang* Plaintiffs with any documents that contain information as to whether the emails and other documents that they submitted to the Court regarding litigation holds and document preservation were forwarded to or received by other members of the District government or the Metropolitan Police Department other than those listed on the documents. The *Chang* Plaintiffs ask that the Court order that the District submit a supplemental production of any documents (or supplemental interrogatory response if no documents exist) reflecting whether the first set of documents were forwarded to or received by other members of the District government or the Metropolitan Police Department.  Second, the Court should resolve whether, in fact, the documents submitted to the Court regarding litigation holds and document preservation constitute litigation hold letters *per se*.  *See* Dkt. No. 687.  The parties disagree as to whether the documents produced—specifically the March 2004 memorandum from Len Becker—constitute litigation hold letters.  The issue of whether litigation hold letters were issued by the District will likely be relevant to the Special Master's investigation.

                                      Respectfully submitted,

                                      PETER J. NICKLES
                                      Attorney General for the District of Columbia

                                      /s/George C. Valentine
                                      GEORGE C. VALENTINE

---

[1]   The District does not consent to this portion of the Joint Statement and objects to the requests contained therein.

Deputy Attorney General
Civil Litigation Division

/s/ Monique A. Pressley
MONIQUE A. PRESSLEY [464432]
Senior Assistant Attorney General
Equity Section I
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6610
Fax: (202) 741-0424
monique.pressley@dc.gov

/s/  Shana L. Frost
SHANA L. FROST [458021]
Assistant Attorney General

Counsel for the District of Columbia

/s/ Daniel C. Schwartz
Daniel C. Schwartz (D.C. Bar No. 017749)
P.J. Meitl (D.C. Bar No. 502391)
Ivan Snyder (D.C. Bar No. 498461 )
BRYAN CAVE LLP
1155 F Street, N.W., Suite 700
Washington, D.C. 20004
(202) 508-6000

/s/ Jonathan Turley
Jonathan Turley (D.C. Bar No. 417674)
2000 H Street, N.W.
Washington, D.C. 20052
(202) 994-7001

Counsel for the *Chang* Plaintiffs

Dated:  October 1, 2010

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2010, I caused copies of the foregoing to be served by electronic means, upon the following:

>Counsel for the District and OAG Individual Defendants and Assistant Chief Newsham in his Official Capacity

Ellen Efros
Assistant Deputy Attorney General
Office of the Attorney General
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001
(202) 442-9886
Fax: (202) 727-3625
ellen.efros@dc.gov

Monique Pressley
(also serving as personal counsel for Thomas L. Koger and Terrence D. Ryan)
Office of the Attorney General
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6594
Fax: (202) 727-0431
monique.pressley@dc.gov

Shana Frost
Office of the Attorney General
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax: (202) 741-8934
shana.frost@dc.gov

>Counsel for the Federal Defendants

Marina Braswell
Brian Hudak
Office of the U.S. Attorney
For the District of Columbia
555 4th Street, N.W., Room 10-413
Washington, D.C. 20530
marina.Braswell@usdoj.gov
brian.hudak@usdoj.gov
(202) 514-7226 (Braswell)

Fax: (202) 514-8780 (Braswell)
(202) 514-7143 (Hudak)

      Counsel for Defendant Peter J. Newsham

Robert E. Deso, Esq.
David Buckley, Esq.
DESO & BUCKLEY, P.C.
1828 L Street, NW
Suite 660
Washington, DC 20036
(202) 822-6333
Fax: (202) 822-6665
RDeso@DTSWLaw.com
dwbuckley@dtswlaw.com

      Counsel for Defendant Charles H. Ramsey

Mark H. Tuohey III
601 Thirteenth Street, N.W.
Suite 600
Washington, DC 20005
(202) 536-1700
mtuohey@brownrudnick.com

      Counsel for Defendant Fairfax County Sheriff's Department

Alex Francuzenko
Cook, Kitts & Francuzenko, PLLC
3554 Chain Bridge Road
Suite 402
Fairfax, VA 22030
(703) 865-7480
Fax: (703) 434-3510
afrancuzenko@cookkitts.com

      Counsel for James Crane and George Crawford

Roger E. Zuckerman
Alexandra W. Miller
Zuckerman Spaeder LLP
1800 M St., N.W., Suite 1000
Washington, D.C. 20036
(202) 778-1802
rzuckerman@zuckerman.com

        Counsel for Ronald Harris

Jennifer M. Blunt
Kutak Rock LLP
1101 Connecticutt Ave., N.W. Suite 1000
Washington, D.C.  20036
(202) 828-2400
Jennifer.blunt@kutakrock.com

        Counsel for Neil Trugman

David Schertler
Danny Onorato
Schertler & Onorato, LLP
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, DC 20004
(202) 628-4199
dschertler@schertlerlaw.com
donorato@schertlerlaw.com

        Counsel for Alfred Broadbent

Robert S. Bennett
Hogan Lovells US LLP
555 Thirteenth Street, N.W.
Washington, DC 20004
robert.bennett@hoganlovells.com
(202) 637-6464

        Counsel for Cecilia M. Tilghman

Jeanett P. Henry
8701 Georgia Avenue; Suite 403
Silver Spring, MD 20910
(301) 562-1340
JHenry2085@aol.com

        /s/ Ivan J. Snyder
        BRYAN CAVE LLP
        1155 F Street, N.W., Suite 700
        Washington, D.C. 20004
        (202) 508-6345