UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMING CHANG *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE UNITED STATES OF AMERICA *et al.*,<br><br>    Defendants. | Civil No. 02-2010 (EGS/JMF) |

**PRELIMINARY REPORT OF SPECIAL MASTER
AND REQUEST FOR GUIDANCE**

<u>Preliminary Report</u>

After a week of hearings, defendants' counsel represented that it may still be possible to access the Groupware server to create a running resume for September 26, September 27 and September 28, 2002. I therefore recommend that the Court issue forthwith an Order that the District of Columbia, at its own expense, shall cause Groupware to access the data in its server and cause the creation of a running resume for September 26, September 27 and September 28, 2002. Defendants' counsel should also be required to file a written report with the Court of the success or failure of this effort by October 31, 2010.

<u>Request for Guidance</u>

The question has arisen whether in performing his duties the Special Master is limited by the Rule of Civil Procedure pertaining to the use of depositions, Federal Rule of Civil Procedure 32, and the prohibition on hearsay, Federal Rule of Evidence 802. Plaintiffs' counsel have collected all the deposition testimony and previous declarations of the witnesses who have now

testified before the Special Master. Plaintiffs' counsel has suggested that all these materials be admitted into evidence, even though they may not have been used to impeach the witnesses who have testified. Defendants' counsel argues that the Special Master should be constrained by the limitations on the use of depositions that are specified in the above rules.

Given the breadth of the investigation I have been asked to conduct and the complicated nature of some of the occurrences over the several years of discovery in this case, I request that I be permitted to examine any deposition, declaration, or affidavit of any witness who testified before me, whether or not that deposition, declaration, or affidavit has been or can be admitted into evidence. I will, however, predicate my findings of fact solely on admissible evidence. I therefore request that the defendants be required to show cause, in writing, why I should not be granted the permission I seek. I further recommend that plaintiffs be permitted to respond to the defendants' submission.

The testimony before me has also convinced me that in the interest of completing my responsibilities without need for a further referral, the Court should now permit me to investigate two areas that it originally excluded: (1) solicitation, preparation, and submission of false or misleading testimony/affidavits, and (2) misleading statements by District Counsel. See Order Appointing Special Master [#645] at 3 n.2. There has emerged, for example, from the testimony at least a colorable conflict between two witnesses, one of whom has already testified and another who will testify, as to contents of a declaration submitted to the Court. Without prejudging the matter, I believe that I must resolve this and any similar conflicts, if possible, to fulfill the responsibilities given me. I also therefore request that the defendants be required to show cause in writing to your Honor why I should not be permitted to explore these two matters

and that the plaintiffs be permitted to respond thereto.

                                                _____  
                                                JOHN M. FACCIOLA  
                                                UNITED STATES MAGISTRATE JUDGE