# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**RAYMING CHANG, et al.,**

    **Plaintiffs,**

    v.                                     Civil Action No. 02-2010 (EGS/JMF)

**UNITED STATES, et al.,**

    **Defendants.**

## MEMORANDUM ORDER

This Memorandum Order ties up some loose ends about three documents that plaintiffs seek from the District and as to which the District claims either that they are privileged or that they are irrelevant.

1. <u>Thomas Koger Materials</u>

Earlier in this case, when attorney Koger represented the District of Columbia, Peter Nickles, his then superior and Attorney General of the District of Columbia, publicly criticized his actions and derelictions. The documents at issue pertain to the determination by the Attorney General to fire him and his subsequent suspension of Koger for 45 days in lieu of firing him. I can think of no privilege that attends these documents that the District could claim. Indeed, they were shared with the President of the union of which Koger was a member. Moreover, Koger is a central player in this case, and while I have no desire to infringe his privacy unnecessarily, the circumstances of his potential termination and his statements in response to the District's notice of the intention to fire him are so crucial to the resolution of this case that his privacy must yield to their obvious relevance. I will therefore make this documents available to the plaintiffs.

2. <u>Costas/Harris E-Mails</u>

In these e-mails, James Costas, who testified at the hearing held before me on 10/13/2010, transmits an attached inventory of what appear to be videotapes to Ronald Harris, an attorney with the Office of the General Counsel of the Metropolitan Police Department. Costas's e-mail does not contain any information that is being transmitted to Harris in confidence and certainly does not seek legal advice or legal services. Indeed, because Harris represents the Police Department, Costas is a private contractor, and nothing in either man's testimony suggests that there ever was an attorney-client relationship between them, I see no basis for a claim of attorney-client privilege. Costas' e-mail and the attached inventory certainly do not disclose any of Harris's mental processes. There is however one sentence in Harris's e-mail that seems to disclose his and another attorney's mental processes and I have excised it. Plaintiffs should be aware that the excision is innocuous and unfortunately does not cast any light on the videotapes used during the September 2002 demonstrations. As plaintiffs will further note, Costas' inventory does not list any videotapes for September 2002.

3.  Jones E-Mails

A question arose at the conclusion of the hearing when counsel for the plaintiffs asserted that counsel for Doug Jones, who used to work in some capacity for the District of Columbia, indicated that counsel for the District of Columbia had never asked Jones to search for a certain e-mail. By minute order dated 11/17/2010, I directed counsel for the District, Monique Pressley, to contact counsel for Jones in order to have Jones search for and produce the e-mail to plaintiffs' counsel. Counsel for the District did so and the withheld e-mails now at issue consist of District's counsel's e-mail to Jones and Jones' reply.

First, Jones' e-mail does not disclose Pressley's work product and there is no attorney-client privilege between them since Jones seems to now be employed by Comcast. Second, while some portions of Pressley's e-mail do reflect her mental processes I have excised those sections and will release the rest.

**SO ORDERED.**

_____
**JOHN M. FACCIOLA**
**UNITED STATES DISTRICT COURT JUDGE**