UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RAYMING CHANG,** *et al.* | * |
| Plaintiffs, | * |
| v. | *   Civil No. 1:02-CV-02010 (JMF) |
| **UNITED STATES OF AMERICA,** *et al.* | * |
| Defendants. | * |

**DEFENDANT NEWSHAM'S OPPOSITION TO *CHANG* PLAINTIFFS'
SUPPLEMENTAL PROPOSED FINDINGS OF FACT AND CONCLUSIONS
OF LAW REGARDING EVIDENCE FOR SPECIAL MASTER'S
REPORT AND RECOMMENDATIONS**

This pleading is filed pursuant to the Minute Order issued by the Special Master on May 8, 2013. The filing deadline was subsequently extended to August 6. This pleading responds to Document 967 filed by *Chang* plaintiffs on July 2, 2013.

The four remaining *Chang* plaintiffs' current pleading is 121 pages in length, 96 of which are single-spaced, plus exhibits. Defendant Newsham is barely mentioned in the pleading, and then only in passing[1]. In their current pleading plaintiffs present not one scintilla of evidence that Newsham initiated, participated in or was aware of any alleged spoliation. Nor do plaintiffs present any argument regarding Newsham. However, in their current pleading (Document 967) the

---

[1] Eg., p. 30, ¶ 42; p. 49, ¶ 158; p. 90, ¶ 402; p. 117, ¶ 118.

H:\RDeso\1302.05036Newsham\Chang\Defendant Newsham's
Opposition to Chang Plaintiffs' Supplemental Proposed Findings
of Fact and Conclusions of Law Regarding Evidence For Special
Master's Report and Recommendations.wpd

plaintiffs make several references to the Proposed Findings of Fact (Document 777) and the Proposed Conclusions of Fact and Law (Document 771-1) which they filed on April 18, 2011.[2] Significantly, in footnote 45 on page 116 of their current pleading (Document 967), plaintiffs state:

> 45.  For the reasons stated in the 2011 Findings, the evidence establishes (by a margin far exceeding a preponderance) that the District **and the individual District Defendants** violated their discovery obligations to ensure discoverable materials were preserved . (Emphasis added).

Similarly, on page 119 of their current pleading, plaintiffs state:

> 132.  The entry of evidentiary sanctions is appropriate regarding all other remaining issues - **including individual liability** - in this case.
>
> 133.  Plaintiffs proposed a number of evidentiary sanctions in their 2011 Findings (Dkt. No. 771-1 at 35-38), that remain appropriate in this case. ( Fn.47).
>
> 134.  Plaintiffs believe those evidentiary sanctions are adequately supported by the record before the Special Master. *Id.*
>
> 135.  In addition, the Court should preclude the District **and each individual District Defendant** from using any documentary evidence, deposition testimony, or other forms of evidence produced or elicited at the end of the discovery period (post-November 13, 2007), after the close of discovery, or which has yet to be produced.  The preclusion of E Team data is especially appropriate in light of the District's view of the data until 2011 - irrelevant and unofficial. (*See* PFOF ¶¶ 76-96).
>
> (Fn. 47). As explained in plaintiffs' 2011 Proposed Findings it is appropriate for the Court to direct that

---

[2] See, p. 2, fn. 1 and p. 23, fn. 7.

H:\RDeso\1302.05036Newsham\Chang\Defendant Newsham's
Opposition to Chang Plaintiffs' Supplemental Proposed Findings
of Fact and Conclusions of Law Regarding Evidence For Special
Master's Report and Recommendations.wpd

2

designated facts be taken as established for purposes of the action pursuant to Federal Rule of Civil Procedure 37. (*See* Dkt. No. 777-1 at 35 n. 13.).

Thus, having barely mentioned defendant Newsham in their current pleading, plaintiffs request the Court to impose individual sanctions on defendant Newsham pursuant to their 2011 pleading.

Plaintiffs 2011 Proposed Conclusions of Fact and Law requested that, "Issue-related and punitive sanctions" be imposed against the District of Columbia and each of the named senior ranking MPD individual defendants, including defendant Newsham. (*Chang* 2011 Proposed Conclusions, Document 777-1, pp. 33-34, ¶¶ 86-91). The requested "evidentiary sanctions" include "Remedial Findings of Fact" which "Findings" would confirm plaintiffs' spoliation claims, and which would hold Newsham personally culpable for alleged spoliation by the District. The proposed "Remedial Findings of Fact" in *Chang* plaintiffs' 2011 pleading would be in the form of admissions before the jury, rather than inferences. (*Chang* 2011 Proposed Conclusions, p. 35, ¶ 93 and fn. 13). Thus, the relief requested in plaintiffs' 2011 pleading, incorporated into their 2013 pleading, would depict Newsham as negligent and as a conspirator culpable for the alleged destruction of and tampering with evidence, in the absence of any supporting evidence whatsoever. Plaintiffs' pleading, as to Newsham, is not warranted by fact or law and does not conform to the requirements of F.R.C.P. 11(b). Moreover, acceptance of such an unwarranted conclusion, and the granting of the requested sanctions, would have a significant negative personal impact on Newsham at trial, because plaintiffs seek both compensatory and punitive damages against Newsham personally.

H:\RDeso\1302.05036Newsham\Chang\Defendant Newsham's Opposition to Chang Plaintiffs' Supplemental Proposed Findings of Fact and Conclusions of Law Regarding Evidence For Special Master's Report and Recommendations.wpd

3

## I. Plaintiffs' Confusing References to the Defendants

In their 2011 Proposed Findings, and throughout this litigation, *Chang* plaintiffs often and interchangeably refer to "the District" (as a municipal corporation, including MPD and OAG as agencies of the District), to "the District Defendants" (the District as an entity and the individual named MPD defendants), and to the individually named MPD defendants (in both their official and personal capacities). (*Chang* 2011 Proposed Conclusions, p. 2, fn. 1; p. 5, ¶ 5; p. 7, ¶¶ 6-10; p. 8, ¶¶ 13-15; p. 13, ¶ 33; pp. 33-34). These intentionally confusing references to different defendants as if they were all the same defendant furthers plaintiffs' unfocused, scatter-shot tactic in making their spoliation allegations - asserting that all defendants are equally responsible for any alleged spoliation. Plaintiffs' argument in their 2011 pleading that Newsham should personally be subject to "both issue-related and punitive sanctions" for alleged spoliation by the District and/or other defendants or other unknown persons, is based on the plaintiffs' novel and erroneous theory that Newsham is personally responsible not only for his own actions, but also for the alleged actions and inaction of the other individual defendants, of the MPD as an agency, of the District as a governmental entity and of the attorneys who represent the District. (*Chang* 2011 Proposed Conclusions, p. 5, ¶ 5; p. 7, ¶¶ 6-8; pp. 33-38).

In this case, Newsham is represented by OAG counsel as an official capacity defendant and by undersigned counsel as a personal capacity defendant. Plaintiffs argue that Newsham personally, "had both a duty and authority to preserve relevant evidence" (not just documents that Newsham personally originated, but all "relevant evidence" originated by any employee of MPD or the District Government), and plaintiffs allege that Newsham's duty arose

H:\RDeso\1302.05036Newsham\Chang\Defendant Newsham's
Opposition to Chang Plaintiffs' Supplemental Proposed Findings
of Fact and Conclusions of Law Regarding Evidence For Special
Master's Report and Recommendations.wpd

4

once Newsham "anticipated litigation against either the District or [himself]." (*Chang* 2011 Proposed Conclusions, p. 5, ¶ 5). *Chang* plaintiffs assert that the "trigger date" for Newsham's alleged personal responsibility was September 27, 2002, the day of the Pershing Park arrests. (*Chang* 2011 Proposed Conclusions, p. 7, ¶¶ 6-9). *Chang* plaintiffs' theory for seeking personal sanctions against Newsham for alleged spoliation is flawed for several reasons.

## II. Newsham Was Not "On Notice" as a Personal Defendant Until Chang Plaintiffs Sued Him Personally, Three Years After The Arrests Occurred

The Pershing Park arrests occurred on September 27, 2002. *Chang* plaintiffs filed their original Complaint on October 15, 2002. Newsham was not named as a defendant in the Complaint. *Chang* plaintiffs filed their First Amended Complaint on December 6, 2002. Newsham still was not named as a defendant. *Chang* plaintiffs filed their Second Amended Complaint on September 25, 2003, one year after the Pershing Park arrests. In the Second Amended Complaint Newsham was named as a defendant, but only in his official capacity.

On October 28, 2003 Newsham moved to dismiss the Second Amended Complaint as to him on the grounds that naming him solely as an official capacity defendant was redundant with naming the District as a defendant. In their Opposition dated November 11, 2003, *Chang* plaintiffs stated, "The Chang Plaintiffs do not seek, at this time, damages from Assistant Chief Newsham personally, but they must be able to seek discovery from him in his official capacity in order to personalize the vast entity that is the District of Columbia, and show how that entity's 'policy and custom' worked to deprive the Chang Plaintiffs of their constitutional rights." (*Chang* plaintiffs' November 11, 2003 Opposition, p. 5). In their September 25, 2003 Second Amended Complaint

H:\RDeso\1302.05036Newsham\Chang\Defendant Newsham's
Opposition to Chang Plaintiffs' Supplemental Proposed Findings
of Fact and Conclusions of Law Regarding Evidence For Special
Master's Report and Recommendations.wpd

5

*Chang* plaintiffs set forth a total of twenty-one claims. Nothing in the original Complaint, the First Amended Complaint or the Second Amended Complaint put Newsham on notice that he would be sued in his personal capacity or that plaintiffs would seek to hold him personally liable for his conduct or for the conduct of anyone else, or for any discovery production. To the contrary, *Chang* plaintiffs' failure to sue Newsham in his personal capacity in their first three Complaints gave Newsham every reason to believe that he would not be sued in his personal capacity in this litigation. Thus, in September and October 2002 Newsham could not have "reasonably anticipated litigation" (*Chang* 2011 Proposed Conclusions, p. 5, ¶¶ 3-5) against him in his personal capacity. Newsham did not reasonably anticipate litigation against him in his personal capacity prior to July 19, 2005, because *Chang* plaintiffs had three opportunities to sue him in his personal capacity, but did not do so.

It was not until July 19, 2005, almost three years after the Pershing Park arrests, that *Chang* plaintiffs filed their Third Amended Complaint which, for the first time, named Newsham as a defendant in his personal capacity. Even then, there was nothing in *Chang* plaintiffs' Third Amended Complaint that would reasonably put Newsham on notice that plaintiffs would attempt to hold him personally responsible, going back to September 2002, for not personally collecting and preserving every document in the possession of the MPD and the District Government which in any way pertained to the Pershing Park arrests, or for the actions or inaction of others. Newsham never had such responsibility, either in his official or his personal capacity, and he certainly did not have "notice" of such alleged personal responsibility in September or October 2002, as plaintiffs propose the Special Master conclude. (*Chang* 2011 Proposed Conclusions, p.5, ¶¶ 3-5). There is no

H:\RDeso\1302.05036Newsham\Chang\Defendant Newsham's Opposition to Chang Plaintiffs' Supplemental Proposed Findings of Fact and Conclusions of Law Regarding Evidence For Special Master's Report and Recommendations.wpd

6

evidence that Newsham took any actions, or had any knowledge of any alleged actions, to tamper with or destroy potential evidence. Nevertheless, by repeated references to their 2011 pleading, plaintiffs invite the Special Master to impose personal sanctions against Newsham which could have severe consequences against him at trial, based on no evidence and no law.

### III.  Chang Plaintiffs Misconstrue the Record

In paragraph 68 of plaintiffs' 2011 Proposed Findings of Fact (Document 777, p. 12), plaintiffs quote a snippet of an exchange between Judge Sullivan and Newsham's personal counsel at a hearing conducted on April 6, 2004. Presumably that brief exchange is included in the plaintiffs' proposed Findings of Fact to support plaintiffs' argument that Newsham had a personal duty to preserve MPD radio run recordings and that Newsham was aware of that personal duty in April 2004. *Chang* plaintiffs are attempting to misconstrue the brief exchange between Judge Sullivan and counsel as an admission against interest by Newsham. That is inappropriate.

By the time of the April 6, 2004 court exchange, Newsham, who still had not been named as a personal capacity defendant, had already testified before the City Council Pubic Safety Committee in Executive Session in November 2003; and he had testified before the Committee in Open Session in December 2003; he was the subject of an MPD internal administrative investigation regarding the Pershing Park arrests; and discovery in both the *Barham* and *Chang* cases was in progress. By April 2004 Newsham had publicly acknowledged his role in the Pershing Park arrests a number of times in legislative, administrative and judicial contexts. Newsham has publicly and consistently stated that he ordered the Pershing Park arrests, and he has explained his reasoning for ordering the arrests. The only document Newsham personally created with respect to the Pershing

H:\RDeso\1302.05036Newsham\Chang\Defendant Newsham's
Opposition to Chang Plaintiffs' Supplemental Proposed Findings
of Fact and Conclusions of Law Regarding Evidence For Special
Master's Report and Recommendations.wpd                         7

Park arrests was the one page email statement of facts he provided to the Law Enforcement Division of the Office of Corporation Counsel within a few days of the arrests, which document was produced to plaintiffs' counsel in both *Barham* and *Chang* years ago. Newsham was not the custodian of the MPD radio run recordings, nor was he the commander of the MPD Communications unit which produced and maintained the radio run recordings, nor was he tasked with preserving or collecting MPD radio run recordings or video tapes or any other MPD documents for civil litigation. Both MPD and OAG had attorneys assigned to conduct and respond to discovery in the ongoing *Barham* and *Chang* cases. The fact that radio run recordings might be relevant evidence, and Newsham's personal counsel's acknowledgment of that fact in the brief exchange with Judge Sullivan, cannot reasonably be construed as an admission that Newsham was personally responsible for maintaining or producing the MPD radio run recordings or any other MPD documents. Moreover, immediately after the response to Judge Sullivan by Newsham's personal counsel, Assistant Attorney General Koger, representing the District and Newsham in his official capacity, informed the Court that the District had provided twenty audio radio run tapes to plaintiffs. In their 2011 pleading reference to the brief exchange with Judge Sullivan in 2004, *Chang* counsel are grasping at straws to try to support an untenable argument.

In 2002 and thereafter, Newsham had neither the responsibility nor the authority to take charge of and direct or coordinate MPD document retention and production for civil litigation, as plaintiffs assert. (See *Chang* 2011 Proposed Conclusions, p. 5, ¶ 5). By late 2003 Newsham was aware that he was the subject of an MPD internal investigation and he was a named defendant in the *Barham* and *Chang* cases, so he did not want to take any actions which could be construed as

H:\RDeso\1302.05036Newsham\Chang\Defendant Newsham's
Opposition to Chang Plaintiffs' Supplemental Proposed Findings
of Fact and Conclusions of Law Regarding Evidence For Special
Master's Report and Recommendations.wpd

8

interfering with litigation discovery procedures, which were normally and properly coordinated and conducted by counsel for MPD and OAG. Newsham was aware that within the organizational structure of MPD and the "vast entity" (plaintiffs' term) that is the District Government, litigation discovery activities, including document production, were within the jurisdiction and authority of the MPD General Counsel's Office and the (then) D.C. Office of Corporation Counsel. Newsham had no reason to believe that those legal activities were not being properly conducted by those legal offices and he had no intention of usurping the authority of either of those legal offices. There is no evidence that Newsham was ever the custodian of the radio run recordings, video tapes or any running resume, or that he ever had personal possession of them.

### IV. The Law Does Not Support Sanctions Against Newsham

The cases relied upon by plaintiffs to support their assertion in their 2011 pleading that Newsham and other individual MPD defendants should be subject to sanctions for the alleged actions or inaction of counsel for MPD and/or the District (*Chang* 2011 Proposed Conclusions, Document 777-1, p. 20, fn. 7), are inapplicable.

The only appellate case relied on by plaintiffs in their 2011 pleading, *Bakery Machinery & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845 (7th Cir. 2009) (*Chang* Proposed Conclusions, p. 20, fn. 7 and p. 21, shaded section), did not involve discovery sanctions. In *Bakery Machinery* the District Court entered a default judgment against the plaintiff when plaintiff's counsel failed to file an appearance after the case was removed to Federal Court. Plaintiff's counsel also failed to comply with a Court Order requiring Rule 26(a)(1) disclosures. Plaintiff's counsel also failed to file an Amended Complaint and plaintiff's counsel failed to respond

H:\RDeso\1302.05036Newsham\Chang\Defendant Newsham's
Opposition to Chang Plaintiffs' Supplemental Proposed Findings
of Fact and Conclusions of Law Regarding Evidence For Special
Master's Report and Recommendations.wpd

9

to defendant's Amended Counterclaim. Plaintiff's counsel still failed to file an Answer to the Counterclaim, even after being ordered to do so by the Court. Ultimately, after plaintiff's counsel did not comply with additional orders, the Court struck all of plaintiff's pleadings, granted defendant's Counterclaim and imposed monetary sanctions against plaintiff's counsel. The District Court made it clear that the sanctions were to be paid by counsel, not the client. After the default was entered, plaintiff obtained new counsel, who moved to vacate the District Court judgment under the residual provision of F.R.C.P. 60(b)(6). The District Court denied the motion, ruling that based on the specific facts of that case, the negligence of plaintiff's original counsel was attributable to plaintiff as a litigant. On appeal, the Seventh Circuit ruled that the District Judge had not abused its discretion. Thus, the *Bakery Machinery* decision does not support the *Chang* plaintiffs' proposition that a municipal employee such as Newsham may be held personally liable for punitive sanctions based upon the alleged negligence of the corporate municipality or its attorneys. (*Chang* 2011 Proposed Conclusions, p. 21, shaded section).

Nor does *Mazloum v. D.C. Metro. Police Department*, 530 F. Supp. 2d 282 (D.D.C. 2008) support *Chang* plaintiffs' contention that Newsham may be subject to personal sanctions for any alleged failure to preserve, loss and/or destruction of radio runs or video tapes or any running resume pertaining to the September 27, 2002 Pershing Park arrests. (*Chang* 2011 Proposed Conclusions, p. 5, ¶ 5). *Mazloum* was an assault and battery case in which the plaintiff sued a nightclub ("FUR") and the District of Columbia and certain MPD officers who had been working at the nightclub in an off-duty capacity. It was determined that the FUR nightclub had a video system which may have recorded some or all of the incident. The FUR nightclub defendants

H:\RDeso\1302.05036Newsham\Chang\Defendant Newsham's
Opposition to Chang Plaintiffs' Supplemental Proposed Findings
of Fact and Conclusions of Law Regarding Evidence For Special
Master's Report and Recommendations.wpd                    10

reviewed the video and offered it to the police. Subsequently, however, the video tape was destroyed. Plaintiff moved the court to reopen discovery to take a deposition of the FUR nightclub's manager regarding the video tape. The court granted the motion. No sanctions were imposed on any individual defendants. Although the *Mazloum* decision discusses the obligation to preserve a discreet piece of evidence which obviously could have either supported or refuted the plaintiff's claim of an assault, the *Mazloum* decision does not stand for the proposition that an individual defendant such as Newsham can personally be subject to punitive sanctions for the alleged actions or inactions of others. In *Mazloum* all the court did was to reopen discovery and leave open the possibility that an adverse inference instruction could be considered in the future. In *Chang*, plaintiffs want the Court to impose a finding of fact on the jury as a sanction against all of the individual MPD officials. Even if the Court considers the lesser sanction of an adverse inference instruction against the District, the Court would have to consider the impact of such an instruction on the individual MPD defendants who are sued in their personal capacity. The "District defendants" cannot be conflated as *Chang* plaintiffs seek to do (*Chang* 2011 Proposed Conclusions, p. 2, fn. 1) for purposes of adverse inferences or personal sanctions.

      *Chang* plaintiffs rely heavily on *Zubulake v. UBS Warburg LLC*, 229 F. R. D. 422 (S.D.N.Y. 2004). (*Chang* plaintiffs 2011 Proposed Conclusions, pp. 5, 6, 11, 20). In *Zubulake* (*Zubulake* V), the District Court found that the corporate defendant, UBS, willfully destroyed presumably relevant e-mails and the District Court imposed sanctions, including a carefully worded adverse inference instruction, against corporate defendant UBS. The court did not impose sanctions against any UBS officials personally for not preserving or producing documents to the plaintiff.

H:\RDeso\1302.05036Newsham\Chang\Defendant Newsham's Opposition to Chang Plaintiffs' Supplemental Proposed Findings of Fact and Conclusions of Law Regarding Evidence For Special Master's Report and Recommendations.wpd

11

*Chang* plaintiffs have not cited any authority to support their proposition that governmental employees such as Newsham should be personally sanctioned because they did not act unilaterally and independently to preserve, collect and produce discovery documents in civil litigation in which the government was represented by counsel. Adoption of such a policy would lead to chaos and the destruction of any reasonable chain-of-command or division of responsibilities within a corporate organization. It is in that context that Newsham has maintained that he had no personal responsibility to act as the MPD document custodian, or to usurp the responsibility and authority of the MPD Office of General Counsel or the D.C. Office of Attorney General. If the chain of personal responsibility for discovery activities in civil litigation against the District extends to officials such as Newsham, there is no reason for it not to extend to every MPD member who made an arrest or took a picture or made a radio transmission or made a running resume entry on September 27, 2002, because any MPD member who took any action on September 27, 2002 could have speculated that litigation might occur and that there would be discovery as part of the litigation Plaintiffs invite the Special Master to extend the personal responsibility of corporate employees for discovery production in civil litigation far beyond the current state of the law or the evidence in this case would warrant .

## CONCLUSION

For the foregoing reasons, the *Chang* plaintiffs' 2011 Proposed Findings (Document 777) and Proposed Conclusions, (Document 777-1), incorporated by reference into the *Chang* plaintiffs' 2013 Proposed Conclusions (Document 967), should not be accepted by the Special Master as to defendant Newsham.

H:\RDeso\1302.05036Newsham\Chang\Defendant Newsham's
Opposition to Chang Plaintiffs' Supplemental Proposed Findings
of Fact and Conclusions of Law Regarding Evidence For Special
Master's Report and Recommendations.wpd

12

DESO & BUCKLEY, P.C.

By: /s/ Robert E. Deso
Robert E. Deso, #174185
1828 L Street, N.W., Suite 270
Washington, D.C.  20036
(202) 822-6333
(202) 822-6665 - Fax
redeso@dtswlaw.com
Attorney for Defendant Peter J. Newsham

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 2nd day of August 2013, the foregoing Defendant Newsham's Opposition to *Chang* Plaintiffs' Supplemental Proposed Conclusions of Fact and Law for Report and Recommendation of Special Master was filed electronically with the Court and thus served on the parties.

/s/ Robert E. Deso
Robert E. Deso

H:\RDeso\1302.05036Newsham\Chang\Defendant Newsham's Opposition to Chang Plaintiffs' Supplemental Proposed Findings of Fact and Conclusions of Law Regarding Evidence For Special Master's Report and Recommendations.wpd

13