UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMING CHANG, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 02-02010 (EGS/JMF) |
| ) | (Special Master Facciola) |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT CHARLES H. RAMSEY'S OBJECTIONS TO *CHANG* PLAINTIFFS' SUPPLEMENTAL PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING EVIDENCE FOR SPECIAL MASTER'S REPORT AND RECOMMENDATIONS

Defendant Charles H. Ramsey ("Ramsey"), in his individual capacity, respectfully submits the instant objections to *Chang* Plaintiffs' July 2, 2013 Supplemental Proposed Findings of Fact and Conclusions of Law Regarding Evidence for Special Master's Report and Recommendations, Dkt. 967,[1] for consideration by the Special Master. Rather than citing the factual record accurately with respect to electronic data, Plaintiffs have elected to overreach in their filing and make a number of misrepresentations that relate to Ramsey. Ramsey hereby objects to those misrepresentations.

This pleading is filed pursuant to the Minute Order signed by Special Master Facciola on May 8, 2013.

---

[1] Plaintiffs also incorporate by reference their 2011 filing, Dkt. 777, into their most recent Supplemental Proposed Findings of Fact and Conclusions of Law. Ramsey has previously addressed Plaintiffs' 2011 filing in his Opposition to *Chang* Plaintiffs' Proposed Findings of Fact and Conclusions of Law, Dkt. 810, and neither of Plaintiffs' filings contain any allegations that could support any sanctions against Ramsey in his individual capacity.

**Objection to Proposed Finding of Fact 42**

Plaintiffs correctly note that Mr. Stephen Gaffigan asked eleven individuals, including Ramsey, a series of questions related to the September 2002 IMF event. Dkt. 967 at 29-30. Plaintiffs make great issue of the third question, which, as they accurately quote, was, "Do you recall for the September 2002 IMF demonstration the JOCC was using two computer systems, the older group systems and the newer E-Team?" *Id*. (quoting Transcript of the Testimony of Stephen Gaffigan, March 30, 2012, Dkt. 948-2 at 17:8-11). As Mr. Gaffigan testified, Ramsey answered "no." *Id*. Given that the operative clause of the question was "do you recall," a response of "no" would mean that the respondent, Ramsey, *did not recall*.

Plaintiffs, however, intentionally ignore proper grammar in order to disingenuously claim that Ramsey's response to this question was an affirmative statement that there were not two computer systems running,[2] when what he actually stated was that he did not recall one way or the other. Plaintiffs' gross mischaracterization of Ramsey's simple answer to a simple question defies logic and is improper.

**Objection to Proposed Finding of Fact 294**

Plaintiffs also make a misrepresentation by omission when citing Officer Strader's testimony at the November 8, 2012 evidentiary hearing. Plaintiffs claim, "Officer Strader explained that '[e]verybody has always heard that Chief Ramsey initiated the arrests, gave the order for the arrests. . . . And that the rumor is Chief Newsham took the fall for it.'" Dkt. 967 at 74, ¶ 294.

With this selective quotation, Plaintiffs omit and obscure the central crux of Strader's testimony. Strader plainly stated no fewer than eight times that he did not know who initiated or

---

[2] *See* Dkt. 967 at 30 ¶ 42 (claiming that Ramsey "responded 'no' to Mr. Gaffigan's question about both Group Systems and E Team operating in the JOCC during the September 2002 IMF Event.").

gave the order for the arrests.³ In fact, Strader repeated again and again that he had no personal knowledge and knew of nothing to suggest that these rumors—which likely originated in Plaintiffs' complaint—were true. A passing reference to Strader's lack of personal knowledge in another paragraph within Plaintiffs' filing, *see*, *e.g.*, Dkt. 967 at 74, ¶ 295, does not mitigate this misrepresentation.

### Objection to Proposed Finding of Fact 402

Plaintiffs' filing also contains pure conjecture masquerading as fact. Plaintiffs state, "The District had the motivation to ensure Asst. Chief Newsham could take 'the fall' for Chief Ramsey and the District." Dkt. 967 at 90, ¶ 402. There is absolutely no evidence that would support this unfounded statement, and it is in no way a "fact."

### Objection to Proposed Conclusions of Law 117 and 125

Plaintiffs also make gross misstatements in their conclusions of law. Plaintiffs claim, "The District's pattern of destruction is directly related to evidence that would otherwise demonstrate Chief Ramsey, a person with policymaking authority, was present for and ordered, or specifically ratified the order, to illegally arrest approximately 400 people in Pershing Park on September 27, 2002." Dkt. 967 at 117, ¶ 117. Plaintiffs continue, "The missing audio recordings, video recordings, and JOCC Running Resume are the most relevant pieces of evidence that would have allowed Plaintiffs to prove Chief Ramsey's role in the arrests[.]" *Id.* at 118, ¶ 125.

---

³ Strader SM, 55:20-21, Nov. 8, 2012 ("However, those are rumors. I have no personal knowledge who gave an order[.]"); *accord* Dep. of John Strader 108:11-12, Dec. 15, 2011 ("I told [Ms. Frost] I have no knowledge of him giving an order."); *id.* at 110:21-22 ("Specifically, my response to [Ms. Frost] was, 'I have no knowledge whether Chief Ramsey even gave such an order.'"); *id.* at 112:11-13 (same); *id.* at 111:2-7 ("I said, 'I have no knowledge of that, but rumors have always existed within the department . . . that Chief Ramsey gave this order, I didn't hear Chief Ramsey give the order, I don't know whether he gave the order.'"); *id.* at 111:7-12 ("And then I continued with the rumor . . . that Chief Newsham fell on the sword for Chief Ramsey. I have no knowledge whether that's true[.]"); *id.* at 112:14-113:4 (referring to these allegations as mere rumors); *id.* at 113:9-12 ("She asked basically what you had just said, 'Do you have any direct knowledge.' I said, 'No, ma'am, nor could I ever take a witness stand and testify . . . .'").

There is absolutely no factual or legal basis for the above statements. Ramsey's role was attested to by Ramsey's sworn testimony and that of Assistant Chief Newsham, and the JOCC running resume does not support Plaintiffs' assertion. No allegedly missing evidence could "otherwise demonstrate" what Plaintiffs claim, because their claim is untrue. Ramsey was not present at Pershing Park when the arrests began.[4] No evidence "would have allowed Plaintiffs to prove" that Ramsey ordered the arrests because Ramsey did not order the arrests.[5]

                                Respectfully submitted,

                                /s/ Mark H. Tuohey III

                                Mark H. Tuohey III (DC Bar #186148)
                                Lauren E. Curry (DC Bar #990522)
                                Brown Rudnick LLP
                                601 13th Street, NW, Suite 600 South
                                Washington, DC 20005
                                Phone: (202) 536-1740
                                Fax: (202) 347-4242
                                *Counsel for Defendant Charles H. Ramsey*

---

[4] Ramsey testified that he arrived at Pershing Park at approximately 10:00 a.m. on September 27, 2002. Dep. of Charles Ramsey 96:10-13, Mar. 26, 2010 (Chang Oct. 2010 SM Ex. 49). According to the E Team JOCC Running Resume, this was after the arrests began. *See* E Team Running Resume, Sept. 27, 2002, at 301 (of 4700 pages) (showing that arrests commenced at 9:48 a.m.).

[5] *See* D.C. City Council Report on Investigation of the Metropolitan Police Department's Policy and Practice in Handling Demonstrations in the District of Columbia, at 97 (referring to Feb. 25, 2003 testimony of Chief Ramsey, [*Barham* Dkt. No. 567, Ex. 4]); *see also Barham v. Ramsey*, 434 F.3d 565, 570 (D.C. Cir. 2006) ("Newsham nonetheless decided to cordon off the park and place its occupants under arrest . . . [s]ometime after Newsham decided to cordon off the park, Chief Ramsey arrived on the scene."); *accord* District of Columbia Defendants' Proposed Findings of Fact and Conclusions of Law Regarding JOCC Running Resume Evidence for Report and Recommendations of the Special Master, Dkt. 965 at 7, ¶ 7 ("Chief Ramsey did not make the decision to arrest the *Chang* plaintiffs.").

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 6th day of August, 2013, I electronically filed the foregoing Defendant Charles H. Ramsey's Objections to *Chang* Plaintiffs' Supplemental Proposed Findings of Fact and Conclusions of Law Regarding Evidence for Special Master's Report and Recommendations with the Clerk of Court using the CM/ECF system, which will then send notification of such filing to all counsel of record.

          /s/ Mark H. Tuohey III

          Mark H. Tuohey III
          *Counsel for Defendant Charles H. Ramsey*