# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|                                  |   |                              |
|----------------------------------|---|------------------------------|
| RAYMING CHANG, *et al.*,         | ) |                              |
|                                  | ) |                              |
| Plaintiffs,                      | ) |                              |
|                                  | ) |                              |
| v.                               | ) | Civil Action No. 02-2010 (EGS) |
|                                  | ) |                              |
| UNITED STATES OF AMERICA, et al. | ) |                              |
|                                  | ) |                              |
| Defendants.                      | ) |                              |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is entered into by and between RayMing Chang, Christopher Zarconi, Young Choi, and Leanne Leroy (collectively, the "Plaintiffs") and the District of Columbia, former Metropolitan Police Department ("MPD") Chief Charles H. Ramsey, MPD Assistant Chief Peter J. Newsham, former MPD Executive Assistant Chief Michael Fitzgerald, MPD Officer Brian DiGirolamo, MPD Officer Andre Harrison, MPD Officer Michael Smith, the United States of America, the National Park Service, former U.S. Park Police Major Richard Murphy, and the Fairfax County Sheriff's Department ("Fairfax") (collectively, the "Defendants") (Plaintiffs and Defendants are collectively referenced herein as the "Parties"), as follows:

WHEREAS, the International Monetary Fund and World Bank Group held its 2002 annual meeting in Washington, D.C. between September 27 and 29, 2002; and

WHEREAS, on the morning of Friday, September 27, 2002, Plaintiffs were in Pershing Park in Washington, D.C. not as protesters but in their capacity as either student journalists or legal observers; and

WHEREAS, on the morning of Friday, September 27, 2002, Plaintiffs were arrested in Pershing Park and detained until various times on Saturday, September 28, 2002; and

WHEREAS, Plaintiffs allege that they suffered both physical and mental injuries as a result of their arrest and detainment; and

WHEREAS, on October 15, 2002, the Plaintiffs filed a Complaint in the United States District Court for the District of Columbia, asserting claims of constitutional violations pled pursuant to 42 U.S.C. § 1983, and common law tort claims, and seeking damages, injunctive relief, costs, and attorneys' fees, thereby initiating Case No. 02-cv-2010 (the "Litigation"); and

WHEREAS, the Third Amended Complaint is the Complaint currently at issue in the Litigation; and

WHEREAS, Plaintiffs have asserted claims arising from their arrest and detention on September 27, 2002, including, among others, violation of the Fourth Amendment of the United States Constitution through false arrest and false imprisonment and Federal Tort Claims Act claims pursuant to 28 U.S.C. § 2677 (the "Plaintiffs' Claims"); and

WHEREAS, Defendants deny the Plaintiffs' Claims and that they are liable to Plaintiffs for any amount of damages arising from the Plaintiffs' Claims; and

WHEREAS, the Parties have agreed to settle the Litigation upon the terms and conditions set forth herein.

NOW, THEREFORE, in consideration of the promises and covenants contained herein, which the Plaintiffs and the Defendants acknowledge are valuable, good and sufficient consideration for the releases and other exchanges contemplated hereby, the Plaintiffs and the Defendants do hereby agree as follows:

1. <u>Effective Date</u>: This Agreement will be effective on the date when it is executed by all Parties (the "Effective Date").

2. <u>Payment to Plaintiffs</u>: Defendants the United States of America and the District of Columbia, only, agree to pay, and Plaintiffs agree to accept, a sum total of two million eight hundred ten thousand dollars ($2,810,000.00) (the "Settlement Sum"), of which twenty thousand dollars ($20,000) will be paid by the United States of America, as full satisfaction of all claims and potential claims for damages and other monetary relief, under any theory of liability, against all Defendants, and their current and former agents, officers, and employees, whether or not encompassed by the Third Amended Complaint or any prior complaint filed in this matter, including claims for attorneys' fees and/or other costs incurred in prosecuting this action through the date of the execution of this Settlement Agreement. The Parties agree that the Settlement Sum will be distributed as follows:

i) The District of Columbia will pay $440,000 to the Plaintiffs as damages, with each Plaintiff receiving $110,000,

ii) The United States of America will pay $20,000 to the Plaintiffs, with each Plaintiff receiving $5,000,

iii) The District of Columbia will pay $2.35 million in attorneys' fees and costs to be allocated as agreed by them between Bryan Cave LLP and Jonathan Turley.

iv) Payment by the District of Columbia shall be by wire transfers or checks to the "Bryan Cave DC IOLTA Attorney Trust Account," within thirty (30) business days of the Effective Date of this Settlement Agreement and the receipt of all necessary documents to facilitate payment, including W9 forms, whichever occurs later.

v) The United States agrees to request payment from the Judgment Fund of its portion of the Settlement Payment within thirty (30) days of the signature of this Agreement and Release and to make the Settlement Payment to Plaintiffs' attorneys in a reasonably prompt manner thereafter. Plaintiffs' attorneys agree to distribute Plaintiffs' share of the Settlement Payment to Plaintiffs. If Plaintiffs' attorneys seek to recover attorneys' fees pursuant to Title 28, United States Code, Section 2678, Plaintiffs' attorneys' fees for services rendered in connection with this action shall not exceed 25% (twenty-five percent) of the $5,000 paid by the United States of America to each Plaintiff and must be recovered, if at all, from the $5,000 paid to each Plaintiff.

3. <u>No Admission of Liability</u>. In entering into this Settlement Agreement, there is no admission of liability by the Defendants or admission of any factual contentions that have been asserted by Plaintiffs in this litigation. Defendants specifically disclaim any and all liability to Plaintiffs or that the Defendants committed any wrongful or negligent act or acts against Plaintiffs or any other person. Plaintiffs do not suggest or concede a lack of merit to their claims or to any factual contention that has been asserted by Plaintiffs in this litigation. This Settlement is entered into by the Parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

4. <u>Dismissal of Claims</u>: Upon full and timely payment of the Settlement Sum, the Parties shall jointly file with the Court a Stipulation of Dismissal with Prejudice, in the form of Exhibit A, which shall effect a voluntary dismissal with prejudice of all claims asserted by Plaintiffs against the Defendants in this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and shall serve to otherwise terminate with prejudice any and all claims asserted by Plaintiffs against the Defendants in this action. The filing of this Stipulation with the Court

shall also effect a voluntary dismissal without prejudice of the crossclaims asserted by Fairfax against the United States Park Police.

5. <u>Fairfax / United States Tolling Agreement</u>: The United States and the United States Park Police agree that any statute of limitations applicable to the Cross Claims asserted by Fairfax against the United States Park Police in this action (R.207), including any claim or entitlement to reasonable attorneys' fees incurred by Fairfax in defending the Litigation, shall be tolled from the Effective Date of this Agreement through thirty (30) days following the receipt by counsel for Fairfax of notice by the United States Park Police of its intention to terminate the tolling provisions of this Paragraph (the "Fairfax Tolling Period"). The United States and the United States Park Police expressly waive and will not plead, argue, or otherwise raise any statute of limitations, laches, res judicata, or any other similar defenses as to the Cross Claims asserted by Fairfax in this action (R.207) to the extent any statute of limitations applicable to those cross claims expires during the Fairfax Tolling Period.

6. <u>Settlement Agreement for Benefit of the Settling Parties Only</u>: This Settlement Agreement is intended to be for the benefit of the Settling Parties only. The Settling Parties do not release any claims against any other person or entity, except to the extent expressly provided for herein.

7. <u>Release of Defendants</u>: In consideration of the promises set forth in this Agreement, Plaintiffs and their representatives, agents, successors, assigns and attorneys ("Plaintiff Releasors") shall fully release the Defendants and their respective current and former officers, representatives, employees, agents, subcontractors, successors, assigns and attorneys ("Defendant Released Parties") of and from all claims, demands, causes of action, obligations, damages and liabilities of whatever kind or character, whether legal, equitable or statutory,

5

arising from the beginning of the world to the Effective Date of this Settlement Agreement, known or unknown, present or contingent, that the Plaintiff Releasors, or any of them, have or may have against one or more of the Defendant Released Parties, including those asserted in the Litigation (the "Plaintiffs' Released Claims").

8. <u>Release of Plaintiffs</u>: In consideration of the promises set forth in this Agreement, Defendants and their current and former respective officers, directors, shareholders, representatives, employees, agents, subcontractors, successors, assigns, and attorneys ("Defendant Releasors") shall fully and finally release Plaintiffs and their representatives, agents, successors, assigns and attorneys ("Plaintiff Released Parties") of and from all claims, demands, causes of action, obligations, damages and liabilities of whatever kind or character, whether legal, equitable or statutory, arising from Plaintiffs' arrest and detention on September 27-28, 2002, except that the District does not release any claims arising out of or related to child support or tax liability, if any, and the United States does not release any claims for tax liability, if any.

9. <u>No Prior Assignment</u>: Each Party represents, warrants, and covenants that it has not made any assignment, nor will it make any assignment, of any claim, right of action, or any right of any kind whatsoever, embodied in any of the Plaintiffs' Released Claims or the Defendants' Released Claims, without the prior written consent of the United States and the District of Columbia, and that no other person or entity of any kind had or has any interest in any of the Plaintiffs' Released Claims or the Defendants' Released Claims.

10. <u>Governing Law</u>: With respect to Plaintiffs' claims against the District of Columbia, former Metropolitan Police Department ("MPD") Chief Charles H. Ramsey, MPD Assistant Chief Peter J. Newsham, former MPD Executive Assistant Chief Michael Fitzgerald, MPD Officer Brian DiGirolamo, MPD Officer Andre Harrison, MPD Officer Michael Smith,

this Settlement Agreement shall be construed in accordance with the laws of the District of Columbia. With respect to Plaintiffs' claims against the United States of America, the National Park Service, former U.S. Park Police Major Richard Murphy, and the Fairfax County Sheriff's Department, this Settlement Agreement is governed by the laws of the United States. Any action or proceeding arising out of, or relating in any way to the subject matter of this Settlement Agreement, shall be brought in a District of Columbia court, or a United States court sitting in the District of Columbia.

11. <u>Counterparts</u>: This Settlement Agreement may be executed in one or more counterparts that together shall constitute one Settlement Agreement. Signatures delivered by facsimile or electronically shall be deemed as effective as original signatures and shall be admissible in any court, proceeding, or hearing. The persons signing this Settlement Agreement warrant that they have the authority to do so.

12. <u>Amendment</u>: This Settlement Agreement may be amended only by an instrument in writing signed by the Parties executing this Agreement.

13. <u>Entire Understanding</u>: This Settlement Agreement contains the entire understanding of the Parties with respect to the subject matter of this Settlement Agreement. This Settlement Agreement supersedes all prior understandings and agreements, whether written or oral, and all prior dealings of the Parties with respect to the subject matter hereof. The Parties acknowledge that they have consulted with attorney(s) of their own choosing regarding the rights, obligations, and other terms of this Settlement Agreement, that they have entered into this Settlement Agreement knowingly, freely and voluntarily without coercion or undue influence, and that they have negotiated such terms at arm's length. Each party assumes the risk that the facts or law may be other than it believes.

14. <u>Non-Severability</u>: The Parties do not intend this Agreement to be severable absent express written agreement by the Parties.

15. <u>Default</u>: Each and every term hereof is a material part of the consideration to the Parties for entering into this Settlement Agreement. A failure by the Plaintiffs or the Defendants to observe or perform any covenant, term or provision of this Settlement Agreement shall constitute a default under this Settlement Agreement.

16. <u>Binding Agreement</u>: This Settlement Agreement shall be binding upon the Parties' heirs, executors, administrators, personal representatives, successors and assigns; provided, however, that the foregoing shall not be deemed or construed to confer any right, title, benefit, cause of action, or remedy upon any person or entity not a party hereto, which such party would not or did not otherwise possess.

17. <u>Headings</u>: The section headings are inserted for convenience of reference only and shall in no way alter, amend, define or be used in the construction or interpretation of the text of such action.

18. <u>No Construction Against Draftsman</u>: The provisions of this Settlement Agreement shall be deemed to have been jointly drafted by Plaintiffs and Defendants and shall not be construed against a Party because of their role in drafting this Settlement Agreement.

**FOR THE PLAINTIFFS:**

RayMing Chang

_(signature)_

Dated: 05 Apr 16

**Christopher Zarconi**

Dated: _____

**Young Choi**

Dated: _____

**Leanne Leroy**

Dated: _____

| | |
|---|---|
| BRYAN CAVE LLP                Date | JONATHAN TURLEY                Date |
| DANIEL C. SCHWARTZ | 2000 H Street, N.W. |
| JACOB A. KRAMER | Washington, D.C. 20052 |
| JENNIFER KIES MAMMEN | (202) 994-7001 |
| HEATHER S. GOLDMAN | |
| 1155 F Street, N.W. | |
| Washington, D.C. 20004 | |
| (202) 508-6000 | |
| | *Attorneys for Plaintiffs* |

**FOR THE PLAINTIFFS:**

**RayMing Chang**

_____

Dated: _____

**Christopher Zarconi**

_/s/ signature_____

Dated: 4 April 2016

**Young Choi**

_____

Dated: _____

**Leanne Leroy**

_____

Dated: _____

| | |
|---|---|
| BRYAN CAVE LLP                Date<br>DANIEL C. SCHWARTZ<br>JACOB A. KRAMER<br>JENNIFER KIES MAMMEN<br>HEATHER S. GOLDMAN<br>1155 F Street, N.W.<br>Washington, D.C. 20004<br>(202) 508-6000 | JONATHAN TURLEY                Date<br>2000 H Street, N.W.<br>Washington, D.C. 20052<br>(202) 994-7001<br><br>*Attorneys for Plaintiffs* |

**FOR THE PLAINTIFFS:**

**RayMing Chang**

_____

Dated: _____

**Christopher Zarconi**

_____

Dated: _____

**Young Choi**

*/s/ Young Choi*

Dated: _April 5, 2016_

**Leanne Leroy**

_____

Dated: _____


| BRYAN CAVE LLP            Date | JONATHAN TURLEY            Date |
| DANIEL C. SCHWARTZ | 2000 H Street, N.W. |
| JACOB A. KRAMER | Washington, D.C. 20052 |
| JENNIFER KIES MAMMEN | (202) 994-7001 |
| HEATHER S. GOLDMAN | |
| 1155 F Street, N.W. | |
| Washington, D.C. 20004 | |
| (202) 508-6000 | *Attorneys for Plaintiffs* |

**FOR THE PLAINTIFFS:**

                    **RayMing Chang**

                    _____

                    Dated: _____

                    **Christopher Zarconi**

                    _____

                    Dated: _____

                    **Young Choi**

                    _____

                    Dated: _____

                    **Leanne Leroy**

                    _/s/ Leanne Leroy_____

                    Dated: April 4, 2016

| | | | |
|---|---|---|---|
| BRYAN CAVE LLP | Date | JONATHAN TURLEY | Date |
| DANIEL C. SCHWARTZ | | 2000 H Street, N.W. | |
| JACOB A. KRAMER | | Washington, D.C. 20052 | |
| JENNIFER KIES MAMMEN | | (202) 994-7001 | |
| HEATHER S. GOLDMAN | | | |
| 1155 F Street, N.W. | | | |
| Washington, D.C. 20004 | | | |
| (202) 508-6000 | | | |

                                                    _Attorneys for Plaintiffs_

**FOR THE PLAINTIFFS:**

**RayMing Chang**

_____

Dated: _____

**Christopher Zarconi**

_____

Dated: _____

**Young Choi**

_____

Dated: _____

**Leanne Leroy**

_____

Dated: _____

_[signature]_ 4-4-16
BRYAN CAVE LLP      Date
DANIEL C. SCHWARTZ
JACOB A. KRAMER
JENNIFER KIES MAMMEN
HEATHER S. GOLDMAN
1155 F Street, N.W.
Washington, D.C. 20004
(202) 508-6000

_[signature]_ 4-5-16
JONATHAN TURLEY      Date
2000 H Street, N.W.
Washington, D.C. 20052
(202) 994-7001

*Attorneys for Plaintiffs*

9

**FOR THE UNITED STATES OF AMERICA, THE NATIONAL PARK SERVICE, THE UNITED STATES PARK POLICE, AND FORMER U.S. PARK POLICE MAJOR RICHARD MURPHY:**

CHANNING D. PHILLIPS
United States Attorney

DANIEL F. VAN HORN
Chief, Civil Division

By: /s/ Marina Utgoff Braswell   4/4/16
MARINA UTGOFF BRASWELL         Date
BRIAN P. HUDAK
Assistant United States Attorneys
555 Fourth Street, NW
Washington, DC 20530
(202) 252-2549

*Attorneys for the United States, the National Park Service, the United States Park Police, and former U.S. Park Police Major Richard Murphy*

**FOR THE FAIRFAX COUNTY SHERIFF'S DEPARTMENT:**

_____ 4/5/16
ALEX FRANCUZENKO            Date
Cook Craig & Francuzenko PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
(703) 865-7480

*Attorneys for the Fairfax County Sheriff's Department*

FOR THE DISTRICT OF COLUMBIA, FORMER METROPOLITAN POLICE DEPARTMENT ("MPD") CHIEF CHARLES H. RAMSEY, MPD ASSISTANT CHIEF PETER J. NEWSHAM, FORMER MPD EXECUTIVE ASSISTANT CHIEF MICHAEL FITZGERALD, MPD OFFICER BRIAN DIGIROLAMO, MPD OFFICER ANDRE HARRISON, MPD OFFICER MICHAEL SMITH

KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

JONATHAN H. PITTMAN          Date: April 4, 2016
Assistant Deputy Attorney General
Civil Litigation Division
441 Fourth Street, N.W.
Suite 630 South
Washington, D.C. 20001
(202) 724-6602

Attorneys for the District Defendants

12

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMING CHANG, *et al.*, ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 02-2010 (EGS) |
| UNITED STATES OF AMERICA, et al. ) | |
| Defendants. ) | |

## JOINT STIPULATION OF DISMISSAL WITH PREJUDICE

Pursuant to Federal Rule of Civil Procedure 41(a), Plaintiffs RayMing Chang, Christopher Zarconi, Young Choi, and Leanne Leroy and Defendants the District of Columbia, former Metropolitan Police Department ("MPD") Chief Charles H. Ramsey, former MPD Executive Assistant Chief Michael Fitzgerald, MPD Officer Brian DiGirolamo, MPD Officer Andre Harrison, MPD Officer Michael Smith (collectively "District Defendants"), MPD Assistant Chief Peter J. Newsham, the United States of America, the National Park Service, former U.S. Park Police Major Richard Murphy, and the Fairfax County Sheriff's Department, by and through undersigned counsel, hereby stipulate to the dismissal with prejudice of the above-captioned action, and all pending claims, except any claims that Fairfax County Sheriff's Office may have against the United States of America, which are dismissed without prejudice, with each party bearing full and exclusive responsibility for the costs and attorneys' fees associated with his or its own representation.

((SIGNATURES APPEAR ON FOLLOWING PAGE))

**STIPULATED AND AGREED TO BY:**   Dated: _____, 2016

/s/ Heather S. Goldman
Daniel C. Schwartz (D.C. Bar No. 017749)
Jacob A. Kramer (D.C. Bar No. 494050)
Jennifer Kies Mammen (D.C. Bar No. 975586)
Heather S. Goldman (D.C. Bar No. 1001566)
Bryan Cave LLP
1155 F Street, N.W.
Washington, D.C. 20004
(202) 508-6000

/s/ Jonathan Turley
Jonathan Turley (D.C. Bar No. 417674)
2000 H Street, N.W.
Washington, D.C. 20052
(202) 994-7001

*Counsel for the Chang Plaintiffs*

Karl A. Racine
Attorney General for the District of Columbia

George C. Valentine
Deputy Attorney General
Civil Litigation Division

Jonathan H. Pittman
Assistant Deputy Attorney General, Civil Litigation Division
441 Fourth Street, N.W.
Suite 630 South
Washington, D.C. 20001
(202) 724-6602

/s/ William F. Causey
William F. Causey (D.C. Bar No. 260661)
Assistant Attorney General
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6610

*Counsel for the District Defendants*

/s/ Robert E. Deso
Robert E. Deso (D.C. Bar No. 174185)
Deso & Buckley, P.C.
1776 K Street, N.W., Suite 830
Washington, D.C. 20006
(202) 822-6333

*Counsel for Defendant Peter J. Newsham*

Channing D. Phillips (D.C. Bar. No. 415793)
United States Attorney

Daniel F. Van Horn (D.C. Bar No. 924092)
Chief, Civil Division

/s/ Marina Utgoff Braswell
Marina Utgoff Braswell (D.C. Bar No. 416587)
Brian P. Hudak
Assistant United States Attorneys
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2561

*Counsel for Federal Defendants*

/s/ Alexander Francuzenko
Alexander Francuzenko (D.C. Bar No. 452326)
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
(703) 865-7480

*Counsel for Defendant Fairfax County Sheriff's Department*